1  Christina N. Goodrich (SBN 261722)
   christina.goodrich@klgates.com
2  Zachary T. Timm (SBN 316564)
   zachary.timm@klgates.com
3  **K&L Gates LLP**
   10100 Santa Monica Boulevard
4  Eighth Floor
   Los Angeles, California  90067
5  Telephone: 310.552.5000
   Facsimile: 310.552.5001
6
   *Attorneys for Plaintiff*
7  *CITIZENS BUSINESS BANK*

8

9                  UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

11

12
   CITIZENS BUSINESS BANK, a            Case No.:  5:22-cv-01473-FLA-SP
13 California Corporation,
                                        [Assigned to the Hon. Fernando L.
14              Plaintiff,              Aenlle-Rocha]

15 vs.                                  **STIPULATED PROTECTIVE**
                                        **ORDER**
16 MISSION BANK, a California
   corporation; and DOES 1 through 10,  Complaint file:  August 19, 2022
17 inclusive,

18
                Defendant.
19

20

21

22

23

24

25

26

27

28

                                   1
                    **STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Citizens Business Bank ("Plaintiff" or "CBB"), on the one hand, and Defendant Mission Bank ("Defendant" or "Mission"), on the other hand (collectively, the "Parties"), may produce or seek discovery of documents, information, or other materials that may contain or relate to personal, sensitive, employment, proprietary, trade secret, and/or confidential information of another party or third party;

The Parties hereby enter into this Stipulated Protective Order as follows:

1.   A.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.   GOOD CAUSE STATEMENT

Disclosure and discovery activity in this Action are likely to involve confidential employment, bank customer, proprietary trade secrets and/or other proprietary information such as customer and pricing lists and other valuable research, marketing plans and materials, strategic financial information, forecasts, and/or other development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial

information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, contract(s), or common law.  The disclosure of such information may result in irreparable harm to the Parties of third parties by revealing confidential strategic business information to the public, including the Parties' competitors, and/or revealing private, employment, bank customer, and/or trade secret information that is protected from disclosure as a matter of law and/or by contract.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.     DEFINITIONS

2.1     Action:  this federal law suit pending in the Central District of California, with a Case Number 5:22-cv-01473-FLA-SP.

2.2     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**STIPULATED PROTECTIVE ORDER**

2.4     Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action; (2) is not a past or current employee of a Party; (3) is not a current employee of a Party's competitor; and (4) at the time of retention is not anticipated to become an employee of a Party or a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" (regardless of how it is generated, stored or maintained) shall mean and include extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of harm that could not be avoided by less restrictive means.  This type of information and items include, for example, trade secret information, prospective marketing plans and financial projections, or other highly sensitive information that can cause a direct damage to the party if such information were to be disclosed.

2.9     House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

///

**STIPULATED PROTECTIVE ORDER**

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

5

**STIPULATED PROTECTIVE ORDER**

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated

**STIPULATED PROTECTIVE ORDER**

or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   for testimony given in depositions or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection or it appears that substantial portions of the

testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days from the date the deposition transcript is received by counsel for the Designating Party to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 30 days from the date the deposition transcript is received by counsel for the Designating Party shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 30 days from the date the deposition transcript is received by counsel for the Designating Party if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s), and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, so long as the designation is corrected within a reasonable amount of time upon learning about the error. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    Burden of Persuasion.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

STIPULATED PROTECTIVE ORDER

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or

**STIPULATED PROTECTIVE ORDER**

1   a custodian or other person who otherwise possessed or knew the information;

2           (h)     during their depositions, witnesses, and attorneys for witnesses, in
3   the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party
4   requests that the witness sign the form attached as Exhibit A hereto; and (2) they will
5   not be permitted to keep any confidential information unless they sign the
6   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed
7   by the Designating Party or ordered by the court.  Pages of transcribed deposition
8   testimony or exhibits to depositions that reveal Protected Material may be separately
9   bound by the court reporter and may not be disclosed to anyone except as permitted
10  under this Stipulated Protective Order; and

11          (i)     any mediator or settlement officer, and their supporting personnel,
12  mutually agreed upon by any of the parties engaged in settlement discussions.

13          7.3     Disclosure of "HIGHLY  CONFIDENTIAL — ATTORNEYS' EYES
14  ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in
15  writing by the Designating Party, a Receiving Party may disclose any information or
16  item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only
17  to:

18          (a)     the Receiving Party's Outside Counsel of Record in this Action, as
19  well as employees of said Outside Counsel of Record to whom it is reasonably
20  necessary to disclose the information for this Action;

21          (b)     Experts (as defined in this Order) of the Receiving Party to whom
22  disclosure is reasonably necessary for this Action and who have signed the
23  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24          (c)     the court and its personnel;

25          (d)     court reporters and their staff who have signed the
26  "Acknowledgement and Agreement to Be Bound" (Exhibit A);

27          (e)     professional jury or trial consultants, mock jurors, and Professional
28  Vendors to whom disclosure is reasonably necessary for this Action and who have

**STIPULATED PROTECTIVE ORDER**

1  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2      (f)    any mediator or settlement officer, and their supporting personnel,

3  mutually agreed upon by any of the parties engaged in settlement discussions.

4  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED  IN

5  OTHER LITIGATION

6      If a Party is served with a subpoena or a court order issued in other litigation that

7  compels disclosure of any information or items designated in this Action as

8  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

9  ONLY," that Party must:

10      (a)    promptly notify in writing the Designating Party.  Such notification

11  shall include a copy of the subpoena or court order;

12      (b)    promptly notify in writing the party who caused the subpoena or

13  order to issue in the other litigation that some or all of the material covered by the

14  subpoena or order is subject to this Protective Order.  Such notification shall include a

15  copy of this Stipulated Protective Order; and

16      (c)    cooperate with respect to all reasonable procedures sought to be

17  pursued by the Designating Party whose Protected Material may be affected.

18      If the Designating Party timely seeks a protective order, the Party served with the

19  subpoena or court order shall not produce any information designated in this action as

20  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

21  before a determination by the court from which the subpoena or order issued, unless the

22  Party has obtained the Designating Party's permission.  The Designating Party shall

23  bear the burden and expense of seeking protection in that court of its confidential

24  material and nothing in these provisions should be construed as authorizing or

25  encouraging a Receiving Party in this Action to disobey a lawful directive from another

26  court.

27  ///

28  ///

1    9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

2    IN THIS LITIGATION

3              (a)      The terms of this Order are applicable to information produced by a

4    Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

5    CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by

6    Non-Parties in connection with this litigation is protected by the remedies and relief

7    provided by this Order.  Nothing in these provisions should be construed as prohibiting

8    a Non-Party from seeking additional protections.

9              (b)      In the event that a Party is required, by a valid discovery request, to

10   produce a Non-Party's confidential information in its possession, and the Party is

11   subject to an agreement with the Non-Party not to produce the Non-Party's confidential

12   information, then the Party shall:

13              (1)      promptly notify in writing the Requesting Party and the Non-

14   Party that some or all of the information requested is subject to a confidentiality

15   agreement with a Non-Party;

16              (2)      promptly provide the Non-Party with a copy of the Stipulated

17   Protective Order in this Action, the relevant discovery request(s), and a reasonably

18   specific description of the information requested; and

19              (3)      make the information requested available for inspection by

20   the Non-Party, if requested.

21              (c)      If the Non-Party fails to seek a protective order from this court

22   within 14 days of receiving the notice and accompanying information, the Receiving

23   Party may produce the Non-Party's confidential information responsive to the discovery

24   request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not

25   produce any information in its possession or control that is subject to the confidentiality

26   agreement with the Non-Party before a determination by the court.  Absent a court order

27   to the contrary, the Non-Party shall bear the burden and expense of seeking protection

28   in this court of its Protected Material.

**STIPULATED PROTECTIVE ORDER**

1    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

2          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

3    Protected Material to any person or in any circumstance not authorized under this

4    Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing

5    the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve

6    all unauthorized copies of the Protected Material; (c) inform the person or persons to

7    whom unauthorized disclosures were made of all the terms of this Order; and (d) request

8    such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

9    that is attached hereto as Exhibit A.

10    11.    INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE

11    PROTECTED MATERIAL

12          When a Producing Party gives notice to Receiving Parties that certain

13    inadvertently produced material is subject to a claim of privilege or other protection,

14    the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

15    Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

16    may be established in an e-discovery order that provides for production without prior

17    privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

18    parties reach an agreement on the effect of disclosure of a communication or

19    information covered by the attorney-client privilege or work product protection, the

20    parties may incorporate their agreement in the stipulated protective order submitted to

21    the court.

22    12.    MISCELLANEOUS

23          12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

24    person to seek its modification by the Court in the future.

25          12.2    Right to Assert Other Objections.  By stipulating to the entry of this

26    Protective Order no Party waives any right it otherwise would have to object to

27    disclosing or producing any information or item on any ground not addressed in this

28    Stipulated Protective Order.  Similarly, no Party waives any right to object on any

**STIPULATED PROTECTIVE ORDER**

1  ground to use in evidence of any of the material covered by this Protective Order.

2       12.3  Filing Protected Material.  A Party that seeks to file under seal any

3  Protected Material must comply with Civil Local Rule 79-5.  Protected Material may

4  only be filed under seal pursuant to a court order authorizing the sealing of the specific

5  Protected Material at issue.  If a Party's request to file Protected Material under seal is

6  denied by the court, then the Receiving Party may file the information in the public

7  record unless otherwise instructed by the court.

8  13.    FINAL DISPOSITION

9       After the final disposition of this Action, as defined in paragraph 4, within 60

10  days of a written request by the Designating Party, each Receiving Party must return all

11  Protected Material to the Producing Party or destroy such material.  As used in this

12  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

13  summaries, and any other format reproducing or capturing any of the Protected

14  Material.  Whether the Protected Material is returned or destroyed, the Receiving Party

15  must submit a written certification to the Producing Party (and, if not the same person

16  or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

17  category, where appropriate) all the Protected Material that was returned or destroyed

18  and (2) affirms that the Receiving Party has not retained any copies, abstracts,

19  compilations, summaries or any other format reproducing or capturing any of the

20  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an

21  archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

22  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

23  work product, and consultant and expert work product, even if such materials contain

24  Protected Material.  Any such archival copies that contain or constitute Protected

25  Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

26  ///

27  ///

28  ///

14.  <u>VIOLATIONS</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Zachary Timm, attest that the other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 2, 2023

By:  /s/ *Zachary T. Timm*
_____

Christina N. Goodrich
Zachary T. Timm
**K&L Gates LLP**
*Counsel for Plaintiff Citizens Business Bank*

/s/ *Stephen G. Larson*
_____

Stephen G. Larson
Jonathan E. Phillips
Catherine S. Owens

**LARSON LLP**
*Counsel for Defendant Mission Bank*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: February 8, 2023

_____

Hon. Sheri Pym
United States Magistrate Judge

16
**STIPULATED PROTECTIVE ORDER**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [____] in the case of *Citizens Business Bank v. Mission Bank, et al.*, Case No. 5:22-cv-01473-FLA-SP.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

1
**EXHIBIT A**