Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Ryan Q. Keech (SBN 280306)
ryan.keech@klgates.com
Zachary T. Timm (SBN 316564)
zachary.timm@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: 310.552.5000

Ketajh Brown (*admitted pro hac vice*)
ketajh.brown@klgates.com
**K&L GATES LLP**
70 W. Madison Street
Suite 3300
Chicago, IL 60202
Telephone: 312.807.4328

*Attorneys for Plaintiff*
*CITIZENS BUSINESS BANK*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CITIZENS BUSINESS BANK, a California banking corporation,<br><br>Plaintiff,<br><br>v.<br><br>MISSION BANK, a California corporation and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 5:22-cv-01473-FLA-SP<br>Hon. Fernando L. Anell-Rocha<br><br>**<u>DISCOVERY MATTER</u>**<br>Magistrate Judge Hon. Sheri Pym<br><br>**PLAINTIFF'S MOTION TO COMPEL NON-PARTY ALTA FARMS LLC TO COMPLY WITH SUBPOENA AND SHOW CAUSE ORDER**<br><br>Date:            January 30, 2024<br>Time:            10:00 a.m.<br>Courtroom:   4, 3rd Floor<br>Discovery Cutoff:   February 9, 2024<br>Pretrial Conference:  June 14, 2024<br>Trial Date:     June 25, 2024 |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 37(a) and L.R. 37 *et seq.*, Plaintiff Citizens Business Bank ("CBB"), through its attorneys, will, and hereby do, move this Court for an order (1) compelling non-party Alta Farms, LLC to produce all documents and communications in its possession, custody or control responsive to CBB's Rule 45 subpoena for documents served on Alta Farms, LLC on August 11, 2023; and (2) requiring Alta Farms, LLC to show cause, if it does not produce the foregoing documents and communications by January 12, 2024, why a contempt citation should not issue and why Alta Farms, LLC should not be required to reimburse CBB for the attorney's fees and costs it has incurred in obtaining Alta Farms, LLC's compliance.

Good cause exists to grant this motion. Alta Farms, LLC is in possession of highly relevant documents and communications in this action but has ignored the subpoena served on it. Specifically, the information requested from Alta Farms, LLC is particularized and described in detail thereby eliminating assertions of vagueness and ambiguity. Furthermore, there is a low probability of finding relevant, responsive information from other more easily accessed sources, and the information Alta Farms, LLC possesses is highly relevant and of paramount importance in respect to the issues at stake in this litigation.

This motion is supported by the accompanying Memorandum of Points and Authorities, the supporting declaration of Ketajh Brown and accompanying exhibits thereto, and any additional evidence or argument the Court may receive prior to or during the hearing on the Motion.

**Fed. R. Civ. P. 37(a)(1) Certification**

Because Alta Farms, LLC has failed to respond to the subpoena and for reasons outlined in the attached materials, CBB hereby certifies that it has satisfied its obligation of attempting to meet and confer in good faith in an attempt to obtain the discovery relevant to the present motion without Court action.

| | | |
|---|---|---|
| 1 | Dated: December 28, 2023 | **K&L GATES LLP** |
| 2 | | |
| 3 | | By:/*s/ Ketajh Brown* |
| 4 | | Christina N. Goodrich<br>Ryan Q. Keech<br>Zachary T. Timm |
| 5 | | Ketajh Brown |
| 6 | | |
| 7 | | ***Attorneys for Plaintiff***<br>***CITIZENS BUSINESS BANK*** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

This is a straightforward motion to compel and for order to show cause. This lawsuit arises out of alleged trade secret misappropriation, intentional interference with contractual relations, and unfair competition violations. CBB alleges defendant Mission Bank ("Mission") conspired with one of CBB's former high-level employees to steal CBB's trade secrets and disrupt business relationships in an effort to gain an unlawful competitive advantage. One of those business relationships is between Mission and Alta Farms, LLC ("Alta Farms"), a former CBB client that was solicited by Mission using CBB's proprietary, trade secret information. Alta Farms is thus in possession of information that is highly relevant to the underlying action.

Seeking to obtain copies of what was provided by Mission to Alta Farms, CBB issued a narrowly-tailored subpoena for documents to Alta Farms. The subpoena seeks information regarding the communications and business relationship between: (1) Alta Farms and Mission; (2) Alta Farms and former Suncrest Bank/CBB employees; and (3) and Alta Farms and specified third parties with respect to Mission and/or CBB.

To date, Alta Farms has failed or refused to serve timely responses to the Subpoena and has not produced any responsive documents—despite significant efforts by CBB to attempt to meet and confer and obviate the need for court intervention. (*See* Declaration of Ketajh Brown ¶¶ 6-7, Ex. 2.) Alta Farms cannot, consistent with the obligations imposed by Rule 45, continue to ignore its obligation to respond and to produce responsive documents. Accordingly, CBB respectfully requests that Alta Farms be compelled to respond to the Subpoena without objection, and ordered to show cause why a contempt citation should not issue if it does not promptly comply with the Subpoena and produce all responsive documents within its possession, custody or control.

### II. STATEMENT OF FACTS

On August 19, 2022, CBB filed a five (5) count Complaint naming Mission and Does 1 through 10, and alleging claims of misappropriation of trade secrets, intentional interference with

contractual relations, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, and violation of California's unfair competition law. *See* ECF Dkt. No. 1, Complaint. In August of 2023, CBB served document subpoenas on several of its former customers who abruptly ended banking with CBB, and subsequently opened accounts at Mission. (Brown Dec. ¶ 3.)

In regard to the instant motion, on August 11, 2023, CBB personally served a document subpoena on Alta Farms. (Brown Dec. ¶ 4, Ex. 1.) The Subpoena sought documents and communications evidencing the business relationship between Alta Farms and Mission, Alta Farms and Suncrest/CBB former employees, and Alta Farms and third parties, regarding business dealings with Suncrest/CBB and or Mission. Alta Farms' deadline to respond was September 1, 2023. (*Id.*) Nevertheless, Alta Farms failed to respond to the Subpoena, and did not move to quash or for a protective order, and did not produce any responsive documents. (Brown Dec. ¶ 5.) On September 26, 2023, Mission Bank filed a motion to quash the non-party subpoenas or for entry of a protective order (*see* ECF Dkt. Nos. 31, 33) which was denied by the Court on October 17, 2023. *See* ECF Dkt. No. 39. With no pending discovery motions and having received no response, on November 27, 2023, CBB wrote to Alta Farms and invited a meet and confer conference. (Brown Dec. ¶ 6, Ex. 2.) Yet again, Alta Farms did not respond. (Brown Dec. ¶ 7.) As of the filing of this motion, Alta Farms has not responded or objected to the Subpoena, and CBB has not received any documents from Alta Farms. (Brown Dec. ¶ 8.)

### III. ARGUMENT

#### A. Legal Standard

Under Rule 45 of the Federal Rules of Civil Procedure, a party may serve a subpoena that commands any person to produce designated documents. "[T]he scope of discovery through subpoena is the same as that applicable to Rule 34 and other discovery rules." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 682 (N.D. Cal. 2006). Therefore, parties are authorized to obtain through subpoena any non-privileged material "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).

Because subpoenas issued under Rule 45 "are issued on behalf of the court and thus are

treated as orders of the court," a nonparty is in contempt if it simply refuses to comply with a properly issued and served subpoena. *Martinez v. City of Pittsburg*, 2012 WL 699462, at *2 (N.D. Cal. Mar. 1, 2012) (*citing United States Sec. & Ex. Comm'n v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010) ("all discovery subpoenas are contempt-sanctionable orders of the court whether issued in blank by the clerk or by an attorney as an officer of the court.)).  If a "non-party does not comply with a subpoena…the most appropriate procedural step is to file an application for an order to show cause [why a contempt citation should not issue]." *Martinez*, 2012 WL 699462, at *4.  A nonparty's compliance may then be compelled by order of the issuing court. *See also DesRosiers v. Hartford*, 2012 WL 1606650, at *2 (N.D. Cal. May 8, 2012) (party may "move a court for an order compelling production or inspection when the other party fails to comply with a subpoena").

### B. The Court Should Require Alta Farms to Immediately Serve Responses, Without Objection and Produce All Responsive Documents in its Possession, Custody or Control.

Alta Farms was personally served with the Subpoena on August 11, 2023. (Brown Decl. ¶ 4, Ex. 1.)  The Subpoena was properly issued: it was signed by an attorney admitted in this district and clearly provided Alta Farms with notice of the documents requested.  (*Id*.)  The Subpoena served on Alta Farms requests highly relevant documents pertaining to: (1) Alta Farms' business communications and interactions with Mission, (2) documents pertaining to Alta Farms' communications and interactions with former Suncrest/CBB employees, and (3) documents pertaining to Alta Farms' communications and interactions with third parties that relate to Alta Farms' business relationship with Suncrest/CBB and/or Mission. (*Id*.)  Alta Farms' responsive documents were originally due on September 1, 2023. (*Id.*)  Yet to date, Alta Farms has failed to respond and has produced no documents. (Brown Dec. ¶ 8.)

If Alta Farms did not wish to comply with the subpoena, it was obligated to move the Court for relief. *E.g., Millenium Holding Group, Inc. v. Sutura, Inc.*, 2007 WL 121567, at *3 (D. Nev. Jan. 11, 2007) ("if Millenium wished to prevent disclosure, a motion for a protective order or to quash the subpoena would be required").  Alta Farms did not do so, and so has waived all objections it could otherwise have asserted. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("A nonparty's failure to timely make objections to a Rule 45 subpoena deuces tecum generally

required the court to find that any objections have been waived."); *accord Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570 (D.N.M. 1998) ("By failing to object within the time permitted by the Federal Rules, [the nonparty] has waived the right to object."); *Athridge v. Aetna Cas. and Sur. Co.*, 184 F.R.D. 181, 191 (D.D.C. 1998) (party "waived its right to object" on relevance grounds by not serving a specific relevance objection). Therefore, the Court should require Alta Farms to produce responsive documents to the Subpoena without objections.

### C. Alta Farms Should Be Ordered To Show Cause Why It Should Not Be Held In Contempt If It Does Not Comply By January 15, 2024, and Ordered to Pay CBB's Reasonable Attorneys' Fees Incurred in Bringing This Motion.

Months have passed since service of the subpoena. Alta Farms has utterly ignored its obligations. Federal Rule of Civil Procedure Rule 45(g) allows the Court to hold in contempt a person who, having being served, fails without adequate excuse to obey a subpoena. *VISX, Inc. v. Nidek Co.*, 208 F.R.D. 615, 616 (N.D. Cal. 2002) ("[T]he only procedure for enforcing a subpoena duces tecum is to institute contempt proceedings before the district court that issued the subpoena."). Alta Farms should be found in contempt unless (i) it purges its contempt by producing all responsive documents within its possession, custody or control on a mutually convenient date on or before January 15, 2024; or when ordered to show cause, it (ii) demonstrates that it took "all reasonable steps within its power to ensure compliance" (*Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992)), a showing it cannot possibly make. *See also Aspen Grove Owners Ass'n v. Park Promenade Apartments, LLC*, 2010 WL 3431155, at *2 (W.D. Wash. Aug. 13, 2010 ("the issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.").

In addition to being held in contempt, the Court should also order that Alta Farms pay CBB's reasonable attorney's fees and costs involved in bringing the present motion. *See In re Dyer*, 322 F.3d 1178, 1195 (9th Cir. 2003) ("We emphasize that attorneys' fees are an appropriate component of a civil contempt award."); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002) (civil contempt allows aggrieved party to obtain compensatory damages, attorneys' fees and compliance with order).

## V. CONCLUSION

For the foregoing reasons, the instant motion should be granted in its entirety.

Respectfully submitted,

Dated: December 28, 2023

**K&L GATES LLP**

By: */s/ Ryan Q. Keech*
Christina N. Goodrich
Ryan Q. Keech
Zachary T. Timm
Ketajh Brown

***Attorneys for Plaintiff
CITIZENS BUSINESS BANK***