1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

10

11   CITIZENS BUSINESS BANK, a California          Case No.  5:22-cv-01473-FLA-SP
     banking corporation,
12                                                 Hon. Fernando L. Anell-Rocha
                       Plaintiff,
13                                                 **DECLARATION OF KETAJH BROWN**
              v.                                   **IN SUPPORT OF MOTION TO**
14                                                 **COMPEL NON-PARTY ALTA FARMS**
     MISSION BANK, a California corporation and    **LLC TO COMPLY WITH SUBPOENA**
15   DOES 1 through 10, inclusive,                 **AND SHOW CAUSE ORDER**

16                     Defendant.                  Discovery Cutoff:     February 9, 2024

17                                                 Trial Date:           June 25, 2024

18
19
20
21
22
23
24
25
26
27
28

## **DECLARATION OF KETAJH BROWN**

I, Ketajh Brown, declare as follows:

1.  I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in the foregoing Declaration is based on my personal knowledge.

2.  I am an attorney of record for Plaintiff, Citizens Business Bank ("CBB"), and submit this Declaration in support of Plaintiff's Motion to Compel Non-Party Alta Farms LLC to Comply with Subpoena and Show Cause Order.

3.  In August of 2023, CBB served document subpoenas on several of its former customers who abruptly ended banking with CBB, and subsequently opened accounts at Mission Bank.

4.  On August 11, 2023, CBB personally served a document subpoena on Alta Farms.  A true and correct copy of the Subpoena and Proof of Service and is attached hereto as Exhibit 1.

5.  Alta Farms failed to respond to the Subpoena, and did not move to quash or for a protective order, and did not produce any responsive documents.

6.  On November 27, 2023, CBB wrote to Alta Farms and invited a meet and confer conference. A true and correct copy of the November 27, 2023 Letter is attached hereto as Exhibit 2.

7.  Alta Farms did not respond to the November 27, 2023 Letter.

8.  As of the filing of the instant motion, Alta Farms has not responded or objected to the Subpoena, and CBB has not received any documents from Alta Farms.

I declare under penalty of perjury that the foregoing is true and correct.


Date: December 28, 2023

*/s/ Ketajh Brown*
Declarant

# **EXHIBIT 1**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California ▾

| | |
|---|---|
| Citizens Business Bank | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 5:22-cv-01473-FLA-SP |
| Mission Bank, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
**Alta Farms LLC**
c/o Jose Partida (registered agent), 566 E. Date Ave, Porterville, California 93257

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A

| Place: K&L Gates LLP<br>10100 Santa Monica Blvd., 8th Flr.<br>Los Angeles, California 90067 | Date and Time:<br><br>09/01/2023 10:00 am |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  08/10/2023

| CLERK OF COURT | | |
|---|---|---|
| _____<br>_Signature of Clerk or Deputy Clerk_ | OR | _____<br>_Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Citizens Business Bank_____ , who issues or requests this subpoena, are:
Zachary Timm; 10100 Santa Monica Blvd., Los Angeles, CA 90067; zach.timm@klgates.com; (310) 552-5554

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:22-cv-01473-FLA-SP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                              *Server's signature*

                                        _____
                                                              *Printed name and title*

                                        _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

This subpoena and document request pertains to the matter of *Citizens Business Bank v. Mission Bank*, Case No. 5:22-cv-0147-FLA-SP, pending in the District Court for the Central District of California.  In January 2022, Citizens Business Bank acquired Suncrest Bank.  As such, these document requests seek information pertaining to your relationship and communications with each of Citizens Business Bank, Suncrest Bank, and Mission Bank, as well as several specifically identified individuals.  To the extent that YOUR relationship with Suncrest Bank may have been more pronounced than with Citizens Business Bank, YOUR documents responsive to this subpoena may relate primarily to Suncrest Bank.

The parties in this matter have entered into a Protective Order to prevent the disclosure of private or sensitive information. Documents produced by YOU pursuant to this Subpoena may be marked as subject to the applicable Protective Order, provided that they qualify for protection thereunder.  A true and correct copy of the Protective Order in this matter is attached hereto as Exhibit B for your review and consideration.

### Definitions

A. Unless otherwise indicated, each document request listed below is limited to the time period from May 24, 2021, to the present.  Accordingly, any references to DOCUMENTS, COMMUNICATIONS or other events or items prior to March 14, 2022 means the dates between May 24, 2021 and March 14, 2022.

B. The terms "YOU" and "YOUR" mean Alta Farms LLC, its owners and their family members (including Jose Partida), as well as any and all past or present divisions, parents, subsidiaries, related-companies, predecessors, successors, affiliates, officers, directors, agents, employees, attorneys, consultants, investigators, accountants, and all other persons acting on its behalf.

C. The term "SUNCREST/CBB" means Plaintiff Citizens Business Bank, as well as any and all of its past or present divisions, related-companies, predecessors, successors, affiliates, officers, directors, employees, representatives, and agents, INCLUDING Suncrest Bank, which Citizens Business Bank acquired in January 2022.

D. The term "MISSION" means Defendant Mission Bank, as well as any and all of its past or present divisions, parents, subsidiaries, related-companies, predecessors, successors, affiliates, officers, directors, employees, representatives, agents, divisions, area or regional offices, and owners.

E. As used herein, "DELLA" means former SUNCREST/CBB employee/contractor, Dustin Della, who resigned from SUNCREST/CBB on or around March 14, 2022, to join MISSION, as well as any person acting or purporting to act on his behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

F. "CARABAY" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Lori Carabay, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

G. "DEMPSIE" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Angie Dempsie, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also

**EXHIBIT A TO SUBPOENA**

include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

H. "BRETT" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Dave Brett, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

I. "PIMENTEL" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Dianis Pimentel, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

J. "ESPINOZA" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Jorge Espinoza, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

K. "MELO" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Ericka Melo, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

**EXHIBIT A TO SUBPOENA**

L. "HOPPER" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Virginia Hopper, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

M. "AVILA" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Armidelia Avila, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

N. "PALACIOS" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Patricia Palacios, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

O. "GOSTANIAN" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Gary Gostanian, as well as any person acting or purporting to act on his behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

**EXHIBIT A TO SUBPOENA**

P.  The "FORMER SUNCREST/CBB EMPLOYEES" means and collectively refers to DELLA, CARABAY, DEMPSIE, BRETT, PIMENTEL, ESPINOZA, MELO, HOPPER, AVILA, PALACIOA, and GOSTANIAN.

Q.  "DOCUMENT" shall be construed in its broadest possible sense, to encompass all books, documents, data compilations, emails, text messages, Instagram messages/posts/stories/reels, TikTok posts/videos/messages, Facebook posts/videos/messages, WhatsApp messages, MySpace posts/messages/videos, LinkedIn posts/messages/videos, Slack posts/messages/documents, tangible things, or other evidentiary material, whether generated or stored in hard-copy, electronic media, or other format, and on any and all devices (including laptop computers, desktop computers, iPads, cell phones, external drives, cloud accounts, etc.), which is discoverable under the Federal Rules of Civil Procedure. The term "DOCUMENT" includes, without limitation, the original and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any DOCUMENTS, whether used or not. If the original of any DOCUMENT is not in YOUR possession, custody, or control, a copy of that DOCUMENT should be produced.

R.  The term "COMMUNICATION" or "COMMUNICATIONS" means any transmission of information (whether by text message, iMessage, email, Instagram messages/posts/stories/reels, TikTok posts/videos/messages, Facebook posts/videos/messages, WhatsApp messages, Myspace posts/videos/messages, LinkedIn posts/videos/messages, Slack posts/videos/messages/documents, or any other type of information transmission), the information transmitted, and any process by which information is transmitted, whether written, oral, or electronic.

S.  The term "RELATING TO" or "RELATE TO" means constituting, comprising, pertaining to, referring to, recording, evidencing, containing, setting forth, reflecting,

showing, disclosing, describing, explaining, summarizing, supporting, contradicting, refuting, or concerning, whether directly or indirectly.

T.  The term "INCLUDING" means including, but not limited to.

## DOCUMENT REQUESTS

### DOCUMENTS Pertaining to YOUR COMMUNICATIONS/Interactions with MISSION

1.   All DOCUMENTS and COMMUNICATIONS between YOU and MISSION that occurred on or before March 14, 2022.

2.   All DOCUMENTS and COMMUNICATIONS between YOU and MISSION that occurred after March 14, 2022.

3.   All DOCUMENTS and COMMUNICATIONS exchanged between YOU and MISSION relating to MISSION's efforts to get YOU to open new accounts with MISSION (and/or to no longer bank with SUNCREST/CBB), or otherwise solicit YOUR business that occurred on or before March 14, 2022 (INCLUDING opening accounts, obtaining loans, placing deposits or otherwise banking with MISSION).

4.   All DOCUMENTS and COMMUNICATIONS exchanged between YOU and MISSION relating to MISSION's efforts to get YOU to open new accounts with MISSION (and/or to no longer bank with SUNCREST/CBB), or otherwise solicit YOUR business that occurred after March 14, 2022 (INCLUDING opening accounts, obtaining loans, placing deposits or otherwise banking with MISSION).

5.   All DOCUMENTS RELATING TO MISSION's financial proposals to YOU prior to YOU leaving SUNCREST/CBB and/or opening accounts, obtaining loans, placing deposits or otherwise beginning to bank with MISSION.

6.     All SUNCREST/CBB DOCUMENTS that YOU sent to MISSION on or before March 14, 2022, INCLUDING SUNCREST/CBB pricing documents, SUNCREST/CBB agreements, and SUNCREST/CBB account statements.

7.     All SUNCREST/CBB DOCUMENTS that YOU sent to MISSION after March 14, 2022, INCLUDING SUNCREST/CBB pricing documents, SUNCREST/CBB agreements, and SUNCREST/CBB account statements.

8.     All DOCUMENTS and COMMUNICATIONS exchanged between YOU and MISSION that mention or RELATE TO SUNCREST/CBB that were sent or received on or before March 14, 2022.

9.     All DOCUMENTS and COMMUNICATIONS exchanged between YOU and MISSION that mention or RELATE TO SUNCREST/CBB that were sent or received after March 14, 2022.

**DOCUMENTS Pertaining to YOUR COMMUNICATIONS/Interactions with FORMER SUNCREST/CBB EMPLOYEES**

10.     All DOCUMENTS and COMMUNICATIONS exchanged between YOU and FORMER SUNCREST/CBB EMPLOYEES that occurred on or before March 14, 2022.

11.     All DOCUMENTS and COMMUNICATIONS exchanged between YOU FORMER SUNCREST/CBB EMPLOYEES that occurred after March 14, 2022.

12.     All DOCUMENTS and COMMUNICATIONS exchanged between YOU and FORMER SUNCREST/CBB EMPLOYEES relating to FORMER SUNCREST/CBB EMPLOYEES'S efforts to get YOU to open new accounts with MISSION (and/or to no longer bank with SUNCREST/CBB), or otherwise solicit YOUR business on behalf of MISSION that occurred on or before March 14, 2022

7

(INCLUDING opening accounts, obtaining loans, placing deposits or otherwise banking with MISSION).

13.   All DOCUMENTS and COMMUNICATIONS exchanged between YOU and FORMER SUNCREST/CBB EMPLOYEES relating to FORMER SUNCREST/CBB EMPLOYEES'S efforts to get YOU to open new accounts with MISSION (and/or to no longer bank with SUNCREST/CBB), or otherwise solicit YOUR business on behalf of MISSION that occurred after March 14, 2022 (INCLUDING opening accounts, obtaining loans, placing deposits or otherwise banking with MISSION).

14.   All DOCUMENTS RELATING TO financial proposals sent to YOU by FORMER SUNCREST/CBB EMPLOYEES's prior to YOU leaving SUNCREST/CBB and/or opening accounts, obtaining loans, placing deposits or otherwise beginning to bank with MISSION.

15.   All SUNCREST/CBB DOCUMENTS that YOU sent to FORMER SUNCREST/CBB EMPLOYEES on or before March 14, 2022, which were intended to be used by MISSION and/or anyone other than SUNCREST/CBB, INCLUDING SUNCREST/CBB pricing documents, SUNCREST/CBB agreements, and SUNCREST/CBB account statements.

16.   All SUNCREST/CBB DOCUMENTS that YOU sent to FORMER SUNCREST/CBB EMPLOYEES after March 14, 2022, which were intended to be used by MISSION and/or anyone other than SUNCREST/CBB, INCLUDING SUNCREST/CBB pricing documents, SUNCREST/CBB agreements, and SUNCREST/CBB account statements.

///

///

///

EXHIBIT A TO SUBPOENA

17.    All DOCUMENTS and COMMUNICATIONS exchanged between YOU and FORMER SUNCREST/CBB EMPLOYEES that mention or RELATE TO SUNCREST/CBB that were sent or received on or before March 14, 2022.

18.    All DOCUMENTS and COMMUNICATIONS exchanged between YOU and FORMER SUNCREST/CBB EMPLOYEES that mention or RELATE TO SUNCREST/CBB that were sent or received after March 14, 2022.

**DOCUMENTS Pertaining to YOUR COMMUNICATIONS/Interactions with Third-Parties (e.g., Vendors) That Relate to YOUR Relationship with SUNCREST/CBB and/or MISSION**

19.    All DOCUMENTS and COMMUNICATIONS exchanged between YOU and any third-parties (INCLUDING escrow agents, title companies, appraisers, entities providing any environmental reports, etc.) that mention or RELATE TO SUNCREST/CBB accounts, deposits, loans, or other business you contemplated opening with SUNCREST/CBB, but ultimately opened with MISSION that were sent on or before March 14, 2022.

20.    All DOCUMENTS and COMMUNICATIONS exchanged between YOU and any third-parties (INCLUDING escrow agents, title companies, appraisers, entities providing any environmental reports, etc.) that mention or RELATE TO any accounts, deposits, loans, or other business you contemplated opening with SUNCREST/CBB, but ultimately opened with MISSION that were sent after March 14, 2022.

**EXHIBIT A TO SUBPOENA**

# EXHIBIT B

Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zachary.timm@klgates.com
**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorneys for Plaintiff*
*CITIZENS BUSINESS BANK*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| CITIZENS BUSINESS BANK, a California Corporation,<br><br>                  Plaintiff,<br><br>vs.<br><br>MISSION BANK, a California corporation; and DOES 1 through 10, inclusive,<br><br>                  Defendant. | Case No.: 5:22-cv-01473-FLA-SP<br><br>[Assigned to the Hon. Fernando L. Aenlle-Rocha]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint file: August 19, 2022 |

1

WHEREAS, Plaintiff Citizens Business Bank ("Plaintiff" or "CBB"), on the one hand, and Defendant Mission Bank ("Defendant" or "Mission"), on the other hand (collectively, the "Parties"), may produce or seek discovery of documents, information, or other materials that may contain or relate to personal, sensitive, employment, proprietary, trade secret, and/or confidential information of another party or third party;

The Parties hereby enter into this Stipulated Protective Order as follows:

1.    A.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.    GOOD CAUSE STATEMENT

Disclosure and discovery activity in this Action are likely to involve confidential employment, bank customer, proprietary trade secrets and/or other proprietary information such as customer and pricing lists and other valuable research, marketing plans and materials, strategic financial information, forecasts, and/or other development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial

**STIPULATED PROTECTIVE ORDER**

information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, contract(s), or common law. The disclosure of such information may result in irreparable harm to the Parties of third parties by revealing confidential strategic business information to the public, including the Parties' competitors, and/or revealing private, employment, bank customer, and/or trade secret information that is protected from disclosure as a matter of law and/or by contract. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

2.1 <u>Action</u>: this federal law suit pending in the Central District of California, with a Case Number 5:22-cv-01473-FLA-SP.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**STIPULATED PROTECTIVE ORDER**

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action; (2) is not a past or current employee of a Party; (3) is not a current employee of a Party's competitor; and (4) at the time of retention is not anticipated to become an employee of a Party or a Party's competitor.

2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: information designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" (regardless of how it is generated, stored or maintained) shall mean and include extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of harm that could not be avoided by less restrictive means. This type of information and items include, for example, trade secret information, prospective marketing plans and financial projections, or other highly sensitive information that can cause a direct damage to the party if such information were to be disclosed.

2.9 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

///

4

**STIPULATED PROTECTIVE ORDER**

2.10  <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11  <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12  <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13  <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**STIPULATED PROTECTIVE ORDER**

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2      Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated

**STIPULATED PROTECTIVE ORDER**

or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for testimony given in depositions or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection or it appears that substantial portions of the

testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days from the date the deposition transcript is received by counsel for the Designating Party to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days from the date the deposition transcript is received by counsel for the Designating Party shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days from the date the deposition transcript is received by counsel for the Designating Party if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

**STIPULATED PROTECTIVE ORDER**

agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s), and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.     An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, so long as the designation is corrected within a reasonable amount of time upon learning about the error. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.     Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.     The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     Burden of Persuasion.     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

STIPULATED PROTECTIVE ORDER

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or

10

**STIPULATED PROTECTIVE ORDER**

a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the court and its personnel;

(d)    court reporters and their staff who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(e)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED  IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY  CONFIDENTIAL – ATTORNEYS'  EYES ONLY," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

///

///

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

       When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

       12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

       12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any

ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>.   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

///

///

///

**STIPULATED PROTECTIVE ORDER**

14.  <u>VIOLATIONS</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Zachary Timm, attest that the other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 2, 2023    By:   */s/ Zachary T. Timm*
_____
Christina N. Goodrich
Zachary T. Timm
**K&L Gates LLP**
*Counsel for Plaintiff Citizens Business Bank*


*/s/ Stephen G. Larson*
_____
Stephen G. Larson
Jonathan E. Phillips
Catherine S. Owens

**LARSON LLP**
*Counsel for Defendant Mission Bank*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: February 8, 2023    _____

Hon. Sheri Pym
United States Magistrate Judge

16
**STIPULATED PROTECTIVE ORDER**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [____] in the case of *Citizens Business Bank v. Mission Bank, et al.*, Case No. 5:22-cv-01473-FLA-SP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

1

**EXHIBIT A**

| Attorney or Party without Attorney:<br>Zachary Timm<br>K&L GATES LLP<br>10100 Santa Monica Boulevard, Eighth Floor<br>Los Angeles, CA 90067<br>_Telephone No:_  310-552-5000 | | _For Court Use Only_ |
|---|---|---|
| _Attorney For:_  Plaintiff | _Ref. No. or File No.:_ | |
| _Insert name of Court, and Judicial District and Branch Court:_<br>UNITED STATES DISTRICT COURT for the Central District of California | | |
| _Plaintiff:_  Citizens Business Bank<br>_Defendant:_  Mission Bank, et al. | | |

| **PROOF OF SERVICE** | _Hearing Date:_<br>09/01/2023 | _Time:_<br>10:00 am | _Dept/Div:_ | _Case Number:_<br>5:22-cv-01473-FLA-SP |
|---|---|---|---|---|

1.  _At the time of service I was at least 18 years of age and not a party to this action._

2.  I served copies of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

3.  _a._  Party served:      Alta Farms LLC
    _b._  Person served:    Anthony Cabrera, General Manager

4.  _Address where the party was served:_    566 E Date Ave, Porterville, CA 93257

5.  _I served the party:_
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri, Aug 11 2023 (2) at: 03:10 PM

6.  _Person Who Served Papers:_
    a. Victor Moreno (S201310000022)                    **d.** _The Fee_ for Service was:
    **b. FIRST LEGAL**
       1517 W. Beverly Blvd.
       LOS ANGELES, CA 90026
    c. (213) 250-1111

7.  _I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct._



_____08/14/2023_____                                 _____
(Date)                                                            (Signature)



PROOF OF
SERVICE

_9353845_
_(5404853)_

# EXHIBIT 2

# K&L GATES

November 27, 2023

Ketajh Brown
ketajh.brown@klgates.com

T +1 312 807-4328
F +1 312 827 8000

**VIA LEGAL COURIER**

Alta Farms LLC
Attn: Jose A. Partida
2534 W Memory Lane
Porterville, CA 93257

**Re:** *Non-Party Subpoena Directed to Alta Farms LLC*

**L.R. 37-1 DISCOVERY DEFICIENCY LETTER**

Mr. Partida,

Our law firm represents Citizens Business Bank ("CBB") in *Citizens Business Bank v. Mission Bank, et al.*, Case No. 22-cv-01473-FLA-SP, pending in the United States District Court for the Central District of California.  On August 11, 2023, Alta Farms LLC ("Alta") was served with a valid Subpoena to Produce Documents ("Subpoena") issued by the District Court in reference to the above-mentioned lawsuit.  *See* attached Notice of Subpoena and Proof of Service.  The Subpoena commanded Alta to produce, on or before September 1, 2023, copies of documents and communications that are responsive to the following requests:

1)  All documents and communications between Alta and Mission Bank ("Mission") occurring before March 14, 2022.

2)  All documents and communications between Alta and Mission occurring after March 14, 2022.

3)  All documents and communications exchanged between Alta and Mission relating to Missions' efforts to get Alta to open new accounts at Mission Bank and/or to no longer bank with Suncrest ("Suncrest")/CBB, or soliciting Alta's business on or before March 14, 2022.

4)  All documents and communications exchanged between Alta and Mission relating to Mission's efforts to get Alta to open new accounts with Mission and/or to no longer bank with Suncrest Bank/CBB, or soliciting Alta's business after March 14, 2022.

5) All documents relating to Mission's financial proposals to Alta prior to Alta leaving Suncrest/CBB, and/or opening accounts, obtaining loans, placing deposits or otherwise beginning to bank with Mission.

6) All Suncrest/CBB documents Alta sent to Mission on or before March 14, 2022.

7) All Suncrest/CBB documents Alta sent to Mission after March 14, 2022.

8) All documents and communications exchanged between Alta and Mission that mention or relate to Suncrest/CBB that were sent or received before March 14, 2022.

9) All documents and communications exchanged between Alta and Mission that mention or relate to Suncrest/CBB that were sent or received after March 14, 2022.

10) All documents and communications exchanged between Alta and former Suncrest/CBB employees occurring on or before March 14, 2022.

11) All documents and communications exchanged between Alta and former Suncrest/CBB employees occurring after March 14, 2022.

12) All documents and communications exchanged between Alta and former Suncrest/CBB employees relating to former Suncrest/CBB employee's efforts to get Alta to open new accounts with Mission and/or to no longer bank with Suncrest/CBB, or to solicit Alta's business on behalf of Mission, occurring on or before March 14, 2022.

13) All documents and communications exchanged between Alta and former Suncrest/CBB employees relating to former Suncrest/CBB employee's efforts to get Alta to open new accounts with Mission and/or to no longer bank with Suncrest/CBB, or to solicit Alta's business on behalf of Mission, occurring after March 14, 2022.

14) All documents relating to financial proposals sent to Alta by former Suncrest/CBB employees prior to Alta leaving Suncrest/CBB and/or opening accounts, obtaining loans, placing deposits or otherwise beginning to bank with Mission.

15) All Suncrest/CBB documents that Alta sent former Suncrest/CBB employees on or before March 14, 2022, which were intended to be used by Mission and/or anyone other than Suncrest/CBB.

16) All Suncrest/CBB documents that Alta sent former Suncrest/CBB employees after March 14, 2022, which were intended to be used by Mission and/or anyone other than Suncrest/CBB.

2

17) All documents and communications exchanged between Alta and former Suncrest/CBB
employees that mention or relate to Suncrest/CBB sent or received on or before March
14, 2022.

18) All documents and communications exchanged between Alta and former Suncrest/CBB
employees that mention or relate to Suncrest/CBB sent or received after March 14, 2022.

19) All documents and communications exchanged between Alta and any third-parties that
mention or relate to Suncrest/CBB accounts, deposits, loans, or other business you
contemplated opening with Suncrest/CBB, but ultimately opened with Mission that were
sent on or before March 14, 2022.

20) All documents and communications exchanged between Alta and any third-parties that
mention or relate to Suncrest/CBB accounts, deposits, loans, or other business you
contemplated opening with Suncrest/CBB, but ultimately opened with Mission that were
sent after March 14, 2022.

To date, we have not received *any* response from Alta concerning the Subpoena, and have
yet to obtain any of the requested documents and/or communications.  Pursuant to Fed. R. Civ.
P. 45(g), Alta's failure to comply warrants CBB's initiation of legal proceedings to enforce
compliance, and entry of judgment for contempt of court against Alta absent an adequate excuse.
Moreover, while not required in light of your failure to respond, this correspondence serves as
CBB's L.R. 37-1 Discovery Deficiency Letter and last opportunity for Alta to either: (1) immediately
contact our office to discuss the outstanding production of documents; or (2) immediately produce
the documents as instructed by Subpoena.  **Alta's failure to either contact our office or
produce all responsive documents by December 1, 2023 will result with CBB filing the
appropriate pleadings with the District Court to enforce compliance with the Subpoena.**

If you would like to discuss further, please feel free to contact me at (312) 807-4328 or
ketajh.brown@klgates.com.

Thank you,

*Ketajh Brown*

cc:     Christina Goodrich
        Ryan Keech
        Zach Timm

Attachments: (1) Notice of Subpoena
             (2) Proof of Service

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California ▢▾

| | |
|---|---|
| Citizens Business Bank | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 5:22-cv-01473-FLA-SP |
| Mission Bank, et al. | ) |
| | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Alta Farms LLC
c/o Jose Partida (registered agent), 566 E. Date Ave, Porterville, California 93257

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A

| Place: K&L Gates LLP<br>10100 Santa Monica Blvd., 8th Flr.<br>Los Angeles, California 90067 | Date and Time:<br><br>09/01/2023 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  08/10/2023

CLERK OF COURT

OR

_____          _____
_Signature of Clerk or Deputy Clerk_                              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Citizens Business Bank _____ , who issues or requests this subpoena, are:
Zachary Timm; 10100 Santa Monica Blvd., Los Angeles, CA 90067; zach.timm@klgates.com; (310) 552-5554

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:22-cv-01473-FLA-SP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

This subpoena and document request pertains to the matter of *Citizens Business Bank v. Mission Bank*, Case No. 5:22-cv-0147-FLA-SP, pending in the District Court for the Central District of California.  In January 2022, Citizens Business Bank acquired Suncrest Bank.  As such, these document requests seek information pertaining to your relationship and communications with each of Citizens Business Bank, Suncrest Bank, and Mission Bank, as well as several specifically identified individuals.  To the extent that YOUR relationship with Suncrest Bank may have been more pronounced than with Citizens Business Bank, YOUR documents responsive to this subpoena may relate primarily to Suncrest Bank.

The parties in this matter have entered into a Protective Order to prevent the disclosure of private or sensitive information. Documents produced by YOU pursuant to this Subpoena may be marked as subject to the applicable Protective Order, provided that they qualify for protection thereunder.  A true and correct copy of the Protective Order in this matter is attached hereto as Exhibit B for your review and consideration.

## Definitions

A. Unless otherwise indicated, each document request listed below is limited to the time period from May 24, 2021, to the present.  Accordingly, any references to DOCUMENTS, COMMUNICATIONS or other events or items prior to March 14, 2022 means the dates between May 24, 2021 and March 14, 2022.

B. The terms "YOU" and "YOUR" mean Alta Farms LLC, its owners and their family members (including Jose Partida), as well as any and all past or present divisions, parents, subsidiaries, related-companies, predecessors, successors, affiliates, officers, directors, agents, employees, attorneys, consultants, investigators, accountants, and all other persons acting on its behalf.

C. The term "SUNCREST/CBB" means Plaintiff Citizens Business Bank, as well as any and all of its past or present divisions, related-companies, predecessors, successors, affiliates, officers, directors, employees, representatives, and agents, INCLUDING Suncrest Bank, which Citizens Business Bank acquired in January 2022.

D. The term "MISSION" means Defendant Mission Bank, as well as any and all of its past or present divisions, parents, subsidiaries, related-companies, predecessors, successors, affiliates, officers, directors, employees, representatives, agents, divisions, area or regional offices, and owners.

E. As used herein, "DELLA" means former SUNCREST/CBB employee/contractor, Dustin Della, who resigned from SUNCREST/CBB on or around March 14, 2022, to join MISSION, as well as any person acting or purporting to act on his behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

F. "CARABAY" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Lori Carabay, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

G. "DEMPSIE" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Angie Dempsie, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also

**EXHIBIT A TO SUBPOENA**

include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

H. "BRETT" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Dave Brett, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

I. "PIMENTEL" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Dianis Pimentel, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

J. "ESPINOZA" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Jorge Espinoza, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

K. "MELO" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Ericka Melo, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

**EXHIBIT A TO SUBPOENA**

L. "HOPPER" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Virginia Hopper, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

M. "AVILA" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Armidelia Avila, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

N. "PALACIOS" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Patricia Palacios, as well as any person acting or purporting to act on her behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

O. "GOSTANIAN" means former SUNCREST/CBB employee/contractor and current MISSION employee/contractor Gary Gostanian, as well as any person acting or purporting to act on his behalf, including, but not limited to, any and all agents, accountants, consultants, representatives, experts, or investigators, and shall also include and refer to any and all financial, electronic, or other type of account owned, operated or controlled by any of the foregoing persons.

**EXHIBIT A TO SUBPOENA**

P. The "FORMER SUNCREST/CBB EMPLOYEES" means and collectively refers to DELLA, CARABAY, DEMPSIE, BRETT, PIMENTEL, ESPINOZA, MELO, HOPPER, AVILA, PALACIOA, and GOSTANIAN.

Q. "DOCUMENT" shall be construed in its broadest possible sense, to encompass all books, documents, data compilations, emails, text messages, Instagram messages/posts/stories/reels, TikTok posts/videos/messages, Facebook posts/videos/messages, WhatsApp messages, MySpace posts/messages/videos, LinkedIn posts/messages/videos, Slack posts/messages/documents, tangible things, or other evidentiary material, whether generated or stored in hard-copy, electronic media, or other format, and on any and all devices (including laptop computers, desktop computers, iPads, cell phones, external drives, cloud accounts, etc.), which is discoverable under the Federal Rules of Civil Procedure. The term "DOCUMENT" includes, without limitation, the original and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any DOCUMENTS, whether used or not. If the original of any DOCUMENT is not in YOUR possession, custody, or control, a copy of that DOCUMENT should be produced.

R. The term "COMMUNICATION" or "COMMUNICATIONS" means any transmission of information (whether by text message, iMessage, email, Instagram messages/posts/stories/reels, TikTok posts/videos/messages, Facebook posts/videos/messages, WhatsApp messages, Myspace posts/videos/messages, LinkedIn posts/videos/messages, Slack posts/videos/messages/documents, or any other type of information transmission), the information transmitted, and any process by which information is transmitted, whether written, oral, or electronic.

S. The term "RELATING TO" or "RELATE TO" means constituting, comprising, pertaining to, referring to, recording, evidencing, containing, setting forth, reflecting,

**EXHIBIT A TO SUBPOENA**

showing, disclosing, describing, explaining, summarizing, supporting, contradicting, refuting, or concerning, whether directly or indirectly.

T.  The term "INCLUDING" means including, but not limited to.

## DOCUMENT REQUESTS

### DOCUMENTS Pertaining to YOUR COMMUNICATIONS/Interactions with MISSION

1.    All DOCUMENTS and COMMUNICATIONS between YOU and MISSION that occurred on or before March 14, 2022.

2.    All DOCUMENTS and COMMUNICATIONS between YOU and MISSION that occurred after March 14, 2022.

3.    All DOCUMENTS and COMMUNICATIONS exchanged between YOU and MISSION relating to MISSION's efforts to get YOU to open new accounts with MISSION (and/or to no longer bank with SUNCREST/CBB), or otherwise solicit YOUR business that occurred on or before March 14, 2022 (INCLUDING opening accounts, obtaining loans, placing deposits or otherwise banking with MISSION).

4.    All DOCUMENTS and COMMUNICATIONS exchanged between YOU and MISSION relating to MISSION's efforts to get YOU to open new accounts with MISSION (and/or to no longer bank with SUNCREST/CBB), or otherwise solicit YOUR business that occurred after March 14, 2022 (INCLUDING opening accounts, obtaining loans, placing deposits or otherwise banking with MISSION).

5.    All DOCUMENTS RELATING TO MISSION's financial proposals to YOU prior to YOU leaving SUNCREST/CBB and/or opening accounts, obtaining loans, placing deposits or otherwise beginning to bank with MISSION.

EXHIBIT A TO SUBPOENA

6.      All SUNCREST/CBB DOCUMENTS that YOU sent to MISSION on or before March 14, 2022, INCLUDING SUNCREST/CBB pricing documents, SUNCREST/CBB agreements, and SUNCREST/CBB account statements.

7.      All SUNCREST/CBB DOCUMENTS that YOU sent to MISSION after March 14, 2022, INCLUDING SUNCREST/CBB pricing documents, SUNCREST/CBB agreements, and SUNCREST/CBB account statements.

8.      All DOCUMENTS and COMMUNICATIONS exchanged between YOU and MISSION that mention or RELATE TO SUNCREST/CBB that were sent or received on or before March 14, 2022.

9.      All DOCUMENTS and COMMUNICATIONS exchanged between YOU and MISSION that mention or RELATE TO SUNCREST/CBB that were sent or received after March 14, 2022.

**DOCUMENTS Pertaining to YOUR COMMUNICATIONS/Interactions with FORMER SUNCREST/CBB EMPLOYEES**

10.     All DOCUMENTS and COMMUNICATIONS exchanged between YOU and FORMER SUNCREST/CBB EMPLOYEES that occurred on or before March 14, 2022.

11.     All DOCUMENTS and COMMUNICATIONS exchanged between YOU FORMER SUNCREST/CBB EMPLOYEES that occurred after March 14, 2022.

12.     All DOCUMENTS and COMMUNICATIONS exchanged between YOU and FORMER SUNCREST/CBB EMPLOYEES relating to FORMER SUNCREST/CBB EMPLOYEES'S efforts to get YOU to open new accounts with MISSION (and/or to no longer bank with SUNCREST/CBB), or otherwise solicit YOUR business on behalf of MISSION that occurred on or before March 14, 2022

7

**EXHIBIT A TO SUBPOENA**

(INCLUDING opening accounts, obtaining loans, placing deposits or otherwise banking with MISSION).

13. All DOCUMENTS and COMMUNICATIONS exchanged between YOU and FORMER SUNCREST/CBB EMPLOYEES relating to FORMER SUNCREST/CBB EMPLOYEES'S efforts to get YOU to open new accounts with MISSION (and/or to no longer bank with SUNCREST/CBB), or otherwise solicit YOUR business on behalf of MISSION that occurred after March 14, 2022 (INCLUDING opening accounts, obtaining loans, placing deposits or otherwise banking with MISSION).

14. All DOCUMENTS RELATING TO financial proposals sent to YOU by FORMER SUNCREST/CBB EMPLOYEES's prior to YOU leaving SUNCREST/CBB and/or opening accounts, obtaining loans, placing deposits or otherwise beginning to bank with MISSION.

15. All SUNCREST/CBB DOCUMENTS that YOU sent to FORMER SUNCREST/CBB EMPLOYEES on or before March 14, 2022, which were intended to be used by MISSION and/or anyone other than SUNCREST/CBB, INCLUDING SUNCREST/CBB pricing documents, SUNCREST/CBB agreements, and SUNCREST/CBB account statements.

16. All SUNCREST/CBB DOCUMENTS that YOU sent to FORMER SUNCREST/CBB EMPLOYEES after March 14, 2022, which were intended to be used by MISSION and/or anyone other than SUNCREST/CBB, INCLUDING SUNCREST/CBB pricing documents, SUNCREST/CBB agreements, and SUNCREST/CBB account statements.

///

///

///

8

17.     All DOCUMENTS and COMMUNICATIONS exchanged between YOU and FORMER SUNCREST/CBB EMPLOYEES that mention or RELATE TO SUNCREST/CBB that were sent or received on or before March 14, 2022.

18.     All DOCUMENTS and COMMUNICATIONS exchanged between YOU and FORMER SUNCREST/CBB EMPLOYEES that mention or RELATE TO SUNCREST/CBB that were sent or received after March 14, 2022.

**DOCUMENTS Pertaining to YOUR COMMUNICATIONS/Interactions with Third-Parties (e.g., Vendors) That Relate to YOUR Relationship with SUNCREST/CBB and/or MISSION**

19.     All DOCUMENTS and COMMUNICATIONS exchanged between YOU and any third-parties (INCLUDING escrow agents, title companies, appraisers, entities providing any environmental reports, etc.) that mention or RELATE TO SUNCREST/CBB accounts, deposits, loans, or other business you contemplated opening with SUNCREST/CBB, but ultimately opened with MISSION that were sent on or before March 14, 2022.

20.     All DOCUMENTS and COMMUNICATIONS exchanged between YOU and any third-parties (INCLUDING escrow agents, title companies, appraisers, entities providing any environmental reports, etc.) that mention or RELATE TO any accounts, deposits, loans, or other business you contemplated opening with SUNCREST/CBB, but ultimately opened with MISSION that were sent after March 14, 2022.

**EXHIBIT A TO SUBPOENA**

# EXHIBIT B

Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zachary.timm@klgates.com
**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorneys for Plaintiff*
*CITIZENS BUSINESS BANK*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| CITIZENS BUSINESS BANK, a California Corporation,<br><br>               Plaintiff,<br><br>vs.<br><br>MISSION BANK, a California corporation; and DOES 1 through 10, inclusive,<br><br>               Defendant. | Case No.: 5:22-cv-01473-FLA-SP<br><br>[Assigned to the Hon. Fernando L. Aenlle-Rocha]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint file: August 19, 2022 |

1

WHEREAS, Plaintiff Citizens Business Bank ("Plaintiff" or "CBB"), on the one hand, and Defendant Mission Bank ("Defendant" or "Mission"), on the other hand (collectively, the "Parties"), may produce or seek discovery of documents, information, or other materials that may contain or relate to personal, sensitive, employment, proprietary, trade secret, and/or confidential information of another party or third party;

The Parties hereby enter into this Stipulated Protective Order as follows:

1.    A.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.    GOOD CAUSE STATEMENT

Disclosure and discovery activity in this Action are likely to involve confidential employment, bank customer, proprietary trade secrets and/or other proprietary information such as customer and pricing lists and other valuable research, marketing plans and materials, strategic financial information, forecasts, and/or other development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial

**STIPULATED PROTECTIVE ORDER**

information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, contract(s), or common law. The disclosure of such information may result in irreparable harm to the Parties of third parties by revealing confidential strategic business information to the public, including the Parties' competitors, and/or revealing private, employment, bank customer, and/or trade secret information that is protected from disclosure as a matter of law and/or by contract. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

2.1 <u>Action</u>: this federal law suit pending in the Central District of California, with a Case Number 5:22-cv-01473-FLA-SP.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**STIPULATED PROTECTIVE ORDER**

2.4     <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action; (2) is not a past or current employee of a Party; (3) is not a current employee of a Party's competitor; and (4) at the time of retention is not anticipated to become an employee of a Party or a Party's competitor.

2.8     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: information designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" (regardless of how it is generated, stored or maintained) shall mean and include extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of harm that could not be avoided by less restrictive means.  This type of information and items include, for example, trade secret information, prospective marketing plans and financial projections, or other highly sensitive information that can cause a direct damage to the party if such information were to be disclosed.

2.9     <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

///

4

**STIPULATED PROTECTIVE ORDER**

2.10 <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated

**STIPULATED PROTECTIVE ORDER**

or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for testimony given in depositions or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection or it appears that substantial portions of the

**STIPULATED PROTECTIVE ORDER**

testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days from the date the deposition transcript is received by counsel for the Designating Party to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days from the date the deposition transcript is received by counsel for the Designating Party shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days from the date the deposition transcript is received by counsel for the Designating Party if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

**STIPULATED PROTECTIVE ORDER**

agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

        (c)    <u>for information produced in some form other than documentary and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s), and specify the level of protection being asserted.

    5.3    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, so long as the designation is corrected within a reasonable amount of time upon learning about the error. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

    6.3    <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**STIPULATED PROTECTIVE ORDER**

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or

10

**STIPULATED PROTECTIVE ORDER**

a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court and its personnel;

(d)     court reporters and their staff who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(e)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (f)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

   (a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

   (b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

   (c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

///
///

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

    (a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3)    make the information requested available for inspection by the Non-Party, if requested.

    (c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**STIPULATED PROTECTIVE ORDER**

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any

1 ground to use in evidence of any of the material covered by this Protective Order.

2       12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any
3 Protected Material must comply with Civil Local Rule 79-5. Protected Material may
4 only be filed under seal pursuant to a court order authorizing the sealing of the specific
5 Protected Material at issue. If a Party's request to file Protected Material under seal is
6 denied by the court, then the Receiving Party may file the information in the public
7 record unless otherwise instructed by the court.

8 13.   <u>FINAL DISPOSITION</u>

9       After the final disposition of this Action, as defined in paragraph 4, within 60
10 days of a written request by the Designating Party, each Receiving Party must return all
11 Protected Material to the Producing Party or destroy such material. As used in this
12 subdivision, "all Protected Material" includes all copies, abstracts, compilations,
13 summaries, and any other format reproducing or capturing any of the Protected
14 Material. Whether the Protected Material is returned or destroyed, the Receiving Party
15 must submit a written certification to the Producing Party (and, if not the same person
16 or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by
17 category, where appropriate) all the Protected Material that was returned or destroyed
18 and (2) affirms that the Receiving Party has not retained any copies, abstracts,
19 compilations, summaries or any other format reproducing or capturing any of the
20 Protected Material. Notwithstanding this provision, Counsel are entitled to retain an
21 archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,
22 legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
23 work product, and consultant and expert work product, even if such materials contain
24 Protected Material. Any such archival copies that contain or constitute Protected
25 Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

26 ///
27 ///
28 ///

15

**STIPULATED PROTECTIVE ORDER**

14. <u>VIOLATIONS</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Zachary Timm, attest that the other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 2, 2023

By: */s/ Zachary T. Timm*

Christina N. Goodrich
Zachary T. Timm
**K&L Gates LLP**
*Counsel for Plaintiff Citizens Business Bank*

*/s/ Stephen G. Larson*

Stephen G. Larson
Jonathan E. Phillips
Catherine S. Owens

**LARSON LLP**
*Counsel for Defendant Mission Bank*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: February 8, 2023

Hon. Sheri Pym
United States Magistrate Judge

16

**STIPULATED PROTECTIVE ORDER**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [_____] in the case of *Citizens Business Bank v. Mission Bank, et al.*, Case No. 5:22-cv-01473-FLA-SP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

**EXHIBIT A**

| Attorney or Party without Attorney:<br>Zachary Timm<br>K&L GATES LLP<br>10100 Santa Monica Boulevard, Eighth Floor<br>Los Angeles, CA 90067<br>*Telephone No:* 310-552-5000 | | *For Court Use Only* |
|---|---|---|
| *Attorney For:* Plaintiff | *Ref. No. or File No.:* | |

| Insert name of Court, and Judicial District and Branch Court:<br>UNITED STATES DISTRICT COURT for the Central District of California |
|---|

| *Plaintiff:* Citizens Business Bank<br>*Defendant:* Mission Bank, et al. |
|---|

| **PROOF OF SERVICE** | *Hearing Date:*<br>09/01/2023 | *Time:*<br>10:00 am | *Dept/Div:* | *Case Number:*<br>5:22-cv-01473-FLA-SP |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

3.   *a.*   Party served:     Alta Farms LLC
    *b.*   Person served:   Anthony Cabrera, General Manager

4.   *Address where the party was served:*   566 E Date Ave, Porterville, CA 93257

5.   *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri, Aug 11 2023 (2) at: 03:10 PM

6.   **Person Who Served Papers:**
    a. Victor Moreno (S201310000022)
    **b. FIRST LEGAL**
      1517 W. Beverly Blvd.
      LOS ANGELES, CA 90026
    c. (213) 250-1111

    **d.** *The Fee* for Service was:

7.   *I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*



      08/14/2023
      *(Date)*                         *(Signature)*



PROOF OF
SERVICE

*9353845*
*(5404853)*