# EXHIBIT 104

GARY STEVEN FINDLEY & ASSOCIATES

Gary Steven Findley*
Laura Dean-Richardson
Debra L. Barbin
--------
*A Professional Corporation

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

3808 E. LA PALMA AVENUE
ANAHEIM, CALIFORNIA  92807

Telephone
(714) 630-7136
Telecopier
(714) 630-7910

March 31, 2022

Mr. Richard H. Wohl, Executive Vice President & General Counsel
**CITIZENS BUSINESS BANK**
701 N. Haven Avenue
Ontario, California 91764

Re:      Dustin Della and Mission Bank

Dear Mr. Wohl:

My office represents Mission Bank, Bakersfield, California ("Mission") and for this matter, Dustin Della, who is an employee of Mission.   We are in receipt of your letter dated March 25, 2022 to Mr. Della as well as Mission's Executive Management, related to allege violations committed by Mr. Della while employed at Citizens Business Bank ("Citizens").

In the future, I request you send all communications to my office concerning this matter.  In addition, we request that David Brager, President and CEO of Citizens, refrain from contacting from Mr. Della in the future.  His recent communications are quite threatening to Mr. Della's career and Mr. Della reserves all rights against Mr. Brager with regard to such statements and any tortious actions taken by Mr. Brager related to Mr. Della.

We've had the opportunity to review your letter of March 25, 2022 with Mr. Della as well as with Executive Management of Mission.  We note that the header on various pages is dated March 24, however we will refer to this letter the March 25 letter.

We do not believe this letter is the appropriate place to attempt to address all of the inaccuracies contained in your letter. However, for the record and in an attempt to provide clarity it must be noted that Mr. Della did not receive an offer, nor had he accepted an offer from Mission until late February 2022, significantly after the date of the events contained in your letter of March 25, 2022.  However, we feel it is appropriate to address three of the items contained on page two:

1)  On the February 7, 2022 matter involving the Excel spreadsheet containing the list of 665 of Suncrest Bank's Paycheck Protection Program ("PPP") loan customers, the purpose of the request was to send out information to these customers related to the Employee Retention Credit Programs available under the CARES Act. The intention was to provide a value-added service to those Citizens (formerly Suncrest Bank) customers letting them know that there are additional benefits that could be received under the CARES Act.  Most banks would appreciate this type of customer service. Mr. Della did not retain any of the information contained in the Excel spreadsheet after he left Citizens and both Mission and Mr. Della do not have this information in their possession.

2)  On the February 11, 2022 matter involving the Promotional Rate Report containing information on forty of Citizens (formerly Suncrest Bank) deposit customers, the purpose of the request on February 11, 2022 was to give those forty customers a "heads-up" of the conversion that was to take place on February 17, 2022 and the change in the rates on their

MB00012

Gary Steven Findley & Associates
    Attorneys at Law

Mr. Wohl - 2                                                                    March 31, 2022

accounts. With the conversion several of these customers would notice a significant reduction in interest rates paid on their deposit accounts. We believe that the ordinary course of business would be to contact these large depositors with regard to the rate change so they would not be surprised by receiving a bank statement from Citizens without some explanation from a Citizens employee. We believe the action was designed to preserve the customer relation between the deposit customer and Citizens. Again, Mr. Della represents that he did not retain any of the information with regard to the Promotional Rate Report, and both Mission and Mr. Della do not have this information in their possession.

3)   On the three borrowing relations identified in the letter (Stor-It Palmdale, Pepita Real Estate, LP and YZAK Investments) it should be noted that these were complex credits and Mr. Della was not responsible for loan documentation or loan underwriting.   It is also our understanding that these credits have been funded or have been approved by Citizens.

Related to the Stor-It Palmdale, it is our understanding that there were three credits. Two of the credits: one involving approximately $2.3 million and the other involving $3.9 million have already been booked by Citizens and the third credit of less than $1.0 million has been approved and has likely funded as of the date of this letter.

On the Pepita Real Estate, LP and YZAK Investments credits, these were loans that were tied to an escrow involving properties.  Letters of Intent were issued, but at the same time, there was difficulty in identifying the properties that would be utilized for the loans. This was not a Section 1031 exchange transaction as identified in your letter. It must also be noted that the individual at Chicago Title who was responsible for placing the title insurance, left during the middle of this transaction to go to another title insurance company. It is our understanding that both of these credits have been approved and may have already funded. Your allegations that Mr. Della and his team deliberately and recklessly cancelled and failed to reinitiate the order for title insurance is not correct.  However, due to the fact that the loans were closed and funded by Citizens, we question the motives for your letter.

In order to bring this matter to a close, we can represent that Mr. Della does not have any of the information that is identified in your letter of March 25, 2022 and that Mission, also, does not have such information.   Mission also represents that it is not utilizing and will not utilize confidential and trade secret information belonging to Citizens. However, Mission is not willing to agree to a "cooling off" period since Mission was never in possession of such information.

In mid-March, Mission issued a press release regarding Mr. Della's appointment, which is standard practice.  Since that time, Mr. Della has been contacted by a few customers of Citizens (formerly Suncrest Bank), however Mr. Della has not solicited these Citizens' customers. They reached out to Mr. Della at their own choosing due to his excellent banking reputation.

Mr. Della acknowledges that Citizens and three customers named above are reserving all rights in the event any damages ensue from the allegations identified in your letter of March 25, 2022. However, Mr. Della also will reserve all rights related to any actions taken by Citizens or by its Management related to his employment at Mission or the attempt to disparage his reputation.

Finally, it is noted that Mr. Della, upon request from Citizens, returned the monies requested in the amount of $31,325.

Gary Steven Findley & Associates
Attorneys at Law

Mr. Wohl - 3                                                            March 31, 2022


We are available to discuss this matter with you; however, we believe that your allegations are meritless and this matter should be closed.


Respectfully submitted,

*GARY STEVEN FINDLEY & ASSOCIATES*

By:

Gary Steven Findley
Attorney at Law

GSF:ea


cc:    A.J. Antongiovanni, President/Chief Executive Officer
       Mission Bank

       Dustin Della

       Bryan Easterly, Chief Banking Officer
       Mission Bank

MB00014