# EXHIBIT 105



701 N Haven Avenue
Ontario, CA 91764
909.980.4030
cbbank.com

Gary Steven Findley, Esq.
Gary Steven Findley & Associates
3808 East La Palma Avenue
Anaheim, California  92807

April 29, 2022

RE:  Serious Alleged Violations Committed by Dustin Della against Citizens Business Bank ("Citizens")

Dear Mr. Findley:

    This is in response to your letter dated March 31, 2022, which attempted to address the serious allegations set forth in our letter of March 25, 2022, regarding certain past and ongoing actions by Dustin Della, a former employee of Citizens and a current employee of Mission Bank. In summary, we believe your letter misrepresents key facts and fails to address what we believe are clear violations of Mr. Della's contractual obligations to Citizens as well as tortious interference by Mr. Della (and other Mission Bank employees) with Citizens' present and prospective economic relations with customers. We will address the points in your letter in the order in which you raised them for ease of reference.

    First, as you must already know, even if your representation is proved correct that Mr. Della did not receive or accept an offer of employment from Mission Bank until late February 2022 (which point we are not conceding), this does not in any event address the core issue whether Mr. Della was engaging in concerted discussions with Mission Bank for a substantial period of time prior to this juncture, which would be commonplace in any decision by a senior banking officer to switch employers, and which as you are well aware could be readily established through emails and testimony of the many involved individuals (which in the case of Mission Bank would necessarily include its most senior executives).  The simple point is that we believe Mr. Della took numerous steps he knew would result in direct harm to Citizens, during a time period when Citizens was employing and compensating him (and when he was contractually obligated) to advance the business interests of Citizens as opposed to Mission Bank.

    Second, with respect to the Excel spreadsheet containing the list of 665 of Suncrest Bank's PPP loan customers, and the separate Promotional Rate Report containing the names of 40 Suncrest Bank customers, either your letter is deliberately eliding critical facts or Mr. Della is failing to tell you the truth.  Contrary to your representation, the reality, which can be easily and objectively established from an evidentiary standpoint, is that (1) these two customer lists were not limited to customers within Mr. Della's specific and designated geographic zone of responsibility, but rather, consisted of *all* Suncrest Bank customers in the enumerated categories throughout Suncrest Bank's *entire* geographic footprint, and (2) these customer lists were not simply sitting and available in Suncrest's database, but instead

MB00015

Gary Steven Findley, Esq.
April 28, 2022
Page 2

were directly commissioned by Mr. Della and prepared by subordinate employees at his direction. And hardly coincidentally, both customer lists and the accompanying contact information were commissioned and prepared during the very period when Mr. Della was certainly far along in his secret job negotiations with Mission Bank.

Third, the notion that Mr. Della has not himself initiated any contacts with any Citizens customers, but rather, has been contacted proactively by such customers who happened to see the Mission Bank press release, is, once again, contradicted by the actual facts. In addition to the instances cited in my letter of March 25, 2022, we have significant evidence that this egregious conduct on the part of Mr. Della and his Mission Bank team is continuing apace. Recent examples include customers such as CT Homes LLC, A&L Partida (with respect to both the Ivanhoe and Hanford loans made to this customer) and Dakhil Commercial Property, LP. In all of the foregoing cases, the responsible officers at Citizens have been told by the affected customers that Mr. Della and his Mission Bank team have been repeatedly and aggressively soliciting such customers since his departure from Citizens. Indeed, in the case of Dakhil Commercial Property, LP, we have direct documentary evidence, in the form of a property appraisal, that, unbeknown to Citizens, was ordered by and through Mission Bank from the appraisal company on March 4, 2022, which was a full ten days before Mr. Della's resignation from Citizens on March 14, 2022.

As you and your client have previously been advised, we believe that each of these incidents constitutes breach of contract under the clear language prohibiting such conduct and solicitations as set forth in the Employee Agreement Concerning Confidential Information and Non-Solicitation of Employees and Customers, which was willingly executed by Mr. Della in return for documented consideration in the form of continued employment and a retention bonus and restricted stock at Citizens. In addition, we believe it can be readily established that each of these incidents constitutes, *inter alia*, a violation of the Federal Defend Trade Secrets Act and California Uniform Trade Secrets Act, and tortious interference with economic relations under California law. Accordingly, we reiterate our reasonable demands that Mr. Della shall immediately cease and desist in his use of Citizen's confidential and trade secret information in connection with the active solicitations of Citizens' customers and his continuing attempts to move their banking business to Mission Bank, and promise that such solicitations and attempts will not be re-initiated. To be clear, neither Mission Bank nor any of its employees are authorized to use Citizen's property in the course of its business, including but not limited to the list described herein. This unlawful activity must immediately cease and your client must return all of Citizen's property immediately.

MB00016

Gary Steven Findley, Esq.
April 28, 2022
Page 3

Lastly, in view of what we believe to be the convincing evidence amassed by Citizens regarding the alleged violations summarized above, we wish to advise you that Citizens has retained outside trade secrets counsel, at the national law firm of KL Gates, to further investigate this matter and to take the necessary steps to prepare to file a formal legal complaint against Mr. Della and Mission Bank. That being so, your time to gather the correct facts and for Mr. Della and Mission Bank to commence compliance with Citizens' reasonable demands is quite limited. As previously noted, Citizens reserves all rights in connection with this matter, and we would appreciate your further investigation and careful consideration of the "facts on the ground" as they may inform your respective clients' legal positions. Citizens further demands that, to the extent not already done, Mission Bank and Mr. Della immediately institute a litigation hold on all documents relevant to this action, including but not limited to emails on personal and business accounts and data on personal and business cloud accounts. Please ensure that all automatic deletion activity on data relevant to this matter is suspended.

Sincerely,

*Richard H. Wohl*

Richard H. Wohl
Executive Vice President and General Counsel

Cc:   Ted Dondanville, Executive Vice President and Banking Division Manager
      Michael Stain, Senior Vice President and Regional Manager
      Joyce Kwon, Senior Vice President and Director of Human Resources
      Christina N. Goodrich, Esq., K&L Gates LLP

MB00017