# EXHIBIT 108

# LARSON

Larson LLP
larsonllp.com

555 South Flower Street, Suite 4400
Los Angeles, CA 90071

P 213.436.4888
F 213.623.2000

Jonathan E. Phillips
Direct: 213.436.4867
jphillips@larsonllp.com

August 12, 2022

**VIA EMAIL**

Christina N. Goodrich
K&L Gates LLP
10100 Santa Monica Boulevard
8th Floor
Los Angeles, CA 90067
*Christina.Goodrich@klgates.com*

Re:   *Mission Bank and Mr. Dustin Della*

Dear Christina:

I write on behalf of Mission Bank in response to your August 5, 2022 letter and attached federal complaint, your August 10, 2022 email, and more generally Citizens Business Bank's ("CBB") decision to further escalate its baseless allegations that Mission Bank and former CBB employee Dustin Della have improperly solicited CBB clients and employees.

As an initial matter, Mission Bank and Mr. Della will not at this time be responding in detail to the numerous allegations raised by CBB in your correspondence or the draft complaint. Suffice it to say, for all the reasons set forth in my June 7, 2022 letter, Mission Bank and Mr. Della continue to categorically deny possessing any of CBB's property (including any confidential or trade secret information), let alone having used any of CBB's property to solicit CBB clients. Mission Bank and Mr. Della further categorically deny having improperly or illegally recruited other CBB employees to join Mr. Della at Mission Bank, an accusation leveled for the first time in your August 5 letter. And Mission Bank denies that its July 29, 2022 earnings release—including the quote regarding Mr. Della's success—in any way proves the points or even supports the conclusions you raised in your August 10 email. Among other things, as I explained during our telephone call yesterday, that release was issued a week *before* we received your August 5 letter. Given that almost two months had passed since my June 7 letter to you, we and Mission Bank understandably assumed that CBB had recognized that it's accusations were based on misinformation and false assumptions. While CBB may have been "incensed" to see that statement, there is simply nothing wrong with publicly praising an employee for doing his job. Your claim that doing so is somehow an admission of culpability for supposedly illegal conduct is, frankly, illogical and absurd.

To be clear, all allegations of illegal or improper conduct set forth in your correspondence and the draft federal complaint are denied. While we understand that CBB is upset that Della left CBB, that some CBB employees and clients chose to follow Della to Mission Bank, and that Della has been successful at Mission Bank, our investigation (which remains ongoing) has to

MB00110

Christina N. Goodrich
June 7, 2022
Page 2

date confirmed that CBB's allegations of wrongdoing are all based on unfounded assumptions and suspicions. Mission Bank and Della have handled his employment transition professionally and consistent with industry practice. Indeed, to the extent CBB actually believes that Mission Bank and Della have acted improperly or illegally, the same conclusion would have to be reached with regard to the conduct of CBB and various former Mission Bank employees who have joined CBB and subsequently convinced Mission Bank clients to move their business to CBB and other Mission Bank employees to join CBB.

We understand that CBB's CEO, David Brager, has informed his team that they are "at war with Mission," a statement that explains much of the hyperbole and rhetoric in your correspondence. But CBB should understand that if it truly intends to move that war out of the realm of commercial competition and into the courts, Mission Bank will not merely be on the defensive. To the contrary, Mission Bank will pursue claims against CBB and former Mission Bank employees for conduct that Mission Bank has, until now, been willing to let slide.

That said, we and Mission Bank believe that all-out litigation war would not be in the best interest of either CBB or Mission Bank, their employees, or their clients. As such, we are authorized to explore a potential pre-filing resolution of this dispute. However, as I have explained in prior correspondence and discussions with you, Mission Bank cannot at this time agree to all of CBB's mediation demands "without condition," as both the nature and scope of CBB's allegations, not to mention its claimed damages, have made this a Board-level decision. The next Mission Bank Board of Directors meeting is Thursday, August 25, 2022, so we will have a full and final response to CBB's demands by Friday, August 26, 2022.

In the meantime, I can provide the following responses to the specific enumerated demands in your August 5 letter.

1. Mission Bank agrees that it and its employees will not use any CBB property, and once again confirms that it has not been using any such property in the past.

2. If our ongoing investigation uncovers any CBB property in the possession of Mission Bank or any of its employees (which we do not anticipate it will), Mission Bank agrees to promptly return said property. Mission Bank further verifies that, to date, it has not discovered any CBB property in its or its employees' possession.

3. Mission Bank agrees to continue requiring that its employees comply with all legal obligations in any of their contracts with prior employers, including any contractual limitations on soliciting CBB clients using CBB confidential, proprietary, and trade secret information.

4. Mission Bank has not and will not interfere with Della's contractual obligations to CBB. However, to the extent CBB's demand for Mission Bank and its employees to "cease all efforts to interfere with CBB's contracts and prospective business relationships" is an attempt to stop Mission Bank or any of its employees from doing business with current or former CBB clients, that demand is categorically rejected. Indeed, such a demand would



Larson LLP
larsonllp.com

MB00111

essentially be an invitation to engage in illegal anti-competitive conduct—something Mission Bank will never do.

5. Mission Bank agrees to seek Board approval to mediate this dispute, and fully expects the Board to approve that request.

However, Mission Bank cannot at this time agree to mediation unconditionally for two reasons. First, given the tone and content of your correspondence—as well as statements made by Mr. Brager to Mr. Della and statements made by other CBB executives to Mission Bank employees that CBB has tried to recruit—the Board may determine that litigation is inevitable and therefore that mediation is a waste of time and resources. Although we do not anticipate that will be the direction the Board wishes to take, it is ultimately the Board's decision.

Second, assuming the Board does agree to mediation, the detailed and unusual parameters set forth in your demand require additional negotiations with you before being presented to the Board for their consideration and decision. Most concerning is the demand for fairly extensive pre-mediation discovery. While we are happy to discuss further, at this point we are not inclined to recommend that the Board agree to the demand for three pre-mediation depositions. We also have concerns regarding the third-party forensic analysis, but we believe an agreement could likely be reached through further discussions with you regarding the scope of that analysis and protections necessary to safeguard Mission Bank's confidential business information. Finally, while we do not object in theory to the exchange of mediation briefs, having a joint session with opening statements, or the mediator making a mediator's proposal, in our experience those matters are best left to the discretion of the mediator. Thus, while we agree Mission Bank will not object to CBB requesting those processes, we will not agree to telling the mediator how to do his or her job.

If we do reach an agreement on mediation, we of course will agree that everything about the mediation be kept confidential and that neither side will initiate litigation until the mediation has concluded.

In conclusion, while I recognize that Mission Bank is not unconditionally agreeing to all of CBB's demands as requested in your August 5 letter, I hope you and your client will recognize that Mission Bank is taking this matter seriously and that it is moving forward in good-faith and as expeditiously as possible to reach a final decision regarding potential pre-litigation mediation. Again, we will have that decision to you by August 26, 2022, the day after the next Mission Bank Board of Directors meeting.

Stephen and I look forward to discussing all of this with you further during our call this afternoon.

Sincerely,

*Jonathan E. Phillips*

**LARSON** | Larson LLP
larsonllp.com