Stephen G. Larson (SBN 145225)
slarson@larsonllp.com
Jonathan E. Phillips (SBN 233965)
jphillips@larsonllp.com
Catherine S. Owens (SBN 307626)
cowens@larsonllp.com
Tyler J. Franklin (SBN 324281)
tfranklin@larsonllp.com
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Attorneys for Defendant MISSION BANK

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CITIZENS BUSINESS BANK, a California banking corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>MISSION BANK, a California corporation and DOES 1 through 10, inclusive,<br><br>  Defendant. | Case No. 5:22-cv-01473-FLA-SP<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>**DEFENDANT MISSION BANK'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE ANY EVIDENCE OR ARGUMENT REGARDING THE COLLECTION, PRESERVATION, OR PRODUCTION OF DOCUMENTS BY MISSION IN THIS CASE**<br><br>[*Filed concurrently with Declaration of Catherine S. Owens and [Proposed] Order*]<br><br>Date:   October 25, 2024<br>Time:   1:30 p.m.<br>Crtrm.: 6B<br><br>Trial Date:   November 12, 2024 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on October 25, 2024 at 1:30 p.m., or on such later date and time as the Court may order, in Courtroom 6B, at 350 West 1st Street, Los Angeles, California 90012, Defendant Mission Bank ("Mission") will and hereby does move the Court for an order *in limine* to exclude any evidence or argument regarding the collection, preservation, or production of documents by Mission in this case, including, without limitation, any evidence or argument concerning any purported spoliation or deletion of relevant information by Mission custodians on grounds that such references and evidence are irrelevant and unfairly prejudicial.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, the attached declaration of Catherine S. Owens and attached exhibits, and all other papers and records filed in this matter, and any other argument or evidence that may be presented at or in connection with the hearing on this motion.

## STATEMENT OF LOCAL RULE 7-3 COMPLIANCE

Mission makes this Motion following a meet-and-confer conference of counsel held pursuant to Local Rule 7-3 that took place on September 20, 2024. Mission hereby certifies that it has met and conferred in good faith in an effort to resolve the present dispute without need for judicial intervention.

Dated: September 27, 2024          LARSON LLP

By: _____
Stephen G. Larson
Jonathan E. Phillips
Catherine S. Owens
Tyler J. Franklin
Attorneys for Defendant MISSION BANK

## I. INTRODUCTION

Plaintiff Citizens Business Bank ("CBB") should be precluded from attempting to end-run a spoliation instruction to the jury without obtaining court-ordered spoliation sanctions or proving any actual spoliation. In a blatant attempt to resurrect a stale discovery dispute, CBB has designated swaths of deposition testimony regarding document collection and preservation efforts by Defendant Mission Bank's ("Mission") document custodians. But CBB already raised spoliation and document production issues during discovery, and Judge Pym found that CBB wholly failed to make a showing that *any* evidence was destroyed or missing. Dkt. No. 60 at 8. Having failed to make the requisite showing for a spoliation instruction, and the deadline to pursue such relief having already passed, Dkt. Nos. 60, 88, CBB should not be permitted to nevertheless introduce evidence regarding Mission's document collection, preservation, and production efforts.

First, without a basis to identify any documents Mission failed to produce or how those documents would relate to CBB's claims, CBB cannot show that the proffered evidence regarding document collection, preservation, and production has any relevance at trial. Second, to the extent CBB's conjecture about spoliation or discovery misconduct had any relevance, the unfair prejudice to Mission severely outweighs any probative value. CBB cannot resort to rank speculation to unfairly and prejudicially suggest wrongdoing by Mission.

Accordingly, the Court should preclude CBB from introducing any evidence or making any argument regarding the collection, preservation, or production of documents by Mission in this case, including, without limitation, any evidence or argument concerning any purported spoliation or deletion of relevant information by Mission custodians.

## II. RELEVANT FACTUAL BACKGROUND

CBB filed its Complaint on August 19, 2022, primarily claiming that Mission misappropriated its trade secrets. Dkt. 1 ¶¶ 148-68. CBB alleges that Mission

conspired with Dustin Della—a former CBB employee—to steal CBB trade secrets, interfere with its contracts and customer relations, and unfairly compete with plaintiff. *Id*. ¶¶ 1, 12. CBB further alleges Della identified some of its employees and provided their identities to Mission to solicit. *Id*. ¶¶ 18-21.

   The parties engaged in an iterative and expansive discovery process, involving third-party discovery practice, ever-evolving ESI search terms, several meet and confers, and production of over 20,000 emails and other documents. Declaration of Catherine S. Owens ("Owens Decl.") ¶ 3. In connection with this discovery process, CBB identified concerns with certain Mission document productions when compared with third-party productions. *Id.* ¶ 5. Specifically, CBB raised concerns after Mission promptly informed CBB that Bryan Easterly, a Mission custodian, previously had a long-standing practice of deleting emails when no further response or action was required. *Id*. Mission's counsel also pointed out, however, that the very emails Easterly deleted from his local inbox were already preserved and produced by another Mission custodian (Della). *Id.* ¶ 6. Mission communicated numerous times to CBB's counsel that Mission was not withholding any documents responsive to CBB's requests, and had been continuing to work with CBB to address any concerns it had with Mission's document productions. *Id.*

   Despite Mission's good faith efforts to address CBB's concerns, CBB resorted to motion practice. Dkt. No. 77. On February 16, 2024, CBB and Mission filed a Joint Stipulation regarding CBB's motion to compel a forensic examination of certain of Mission's and its employees' electronic devices, accounts, and storage. *Id.* The parties participated in a hearing on March 12, 2024, before Judge Pym, who ultimately found that Mission had not engaged in any discovery misconduct. Dkt. No. 86 at 9, 12-13. In short, it is beyond dispute that CBB already tried and failed to establish spoliation of any evidence by Mission in this matter. *Id.*

### III.  LEGAL STANDARD

   "A motion *in limine* is a procedural mechanism to limit in advance testimony

or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion *in limine* to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "'[W]ell-established rules of evidence permit trial judges to exclude evidence' that is irrelevant, lacking in foundation, or when "its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *U.S. v. Espinoza-Baza* 647 F.3d 1182, 1188 (9th Cir. 2011) (citing *Holmes v. South Carolina* (2006) 547 U.S. 319, 326).

## IV.  ARGUMENT

### A.  CBB's Anticipated Arguments Regarding Spoliation are Purely Speculative and Therefore Irrelevant

Evidence is relevant if it has any tendency to prove any fact that is in consequence in the action. Fed. R. Evid. 401. Irrelevant evidence is not admissible at trial. Fed. R. Evid. 402. Here, allegations that Mission "spoliated" evidence are unsubstantiated and devoid of proof, and the arguments are therefore entirely irrelevant to this action.

Nevertheless, based on its pre-trial filings and exchanges, it is apparent that CBB will seek to insinuate at trial that Mission engaged in spoliation and intentionally withheld pieces of evidence by pointing to testimony regarding the collection and preservation practices of Mission's custodians. For example, in its deposition designations, CBB designated several instances of testimony where it explored the document collection practices of certain Mission custodians. *See, e.g.*, Owens Decl. ¶ 7, Ex. A [Dempsie Depo] at 36:4-7, 10-17, 37:17-39:16, 40:2-25, 41:19-42:2 (exploring witness' search for documents in response to subpoena and related discovery procedures); Ex. B [Carabay Depo] at 51:15-53:2, 53:10-24, 54:2-24, 55:2-23, 56:1-13 (same); Ex. C [Brett Depo] at 16:20-24, 18:12-20:10, 20:17-21:5, 24:3-18, 25:5-27:8, 28:12-29:20 (same). CBB also designated testimony

regarding the email retention practices of Easterly, a Mission custodian, despite CBB having lost its previous attempt to litigate those practices in this matter. Ex. D [Easterly Depo] at 47:2-17, 47:20-50:14, 51:5-9, 51:14-53:7, 53:12-54:5, 54:13-56:5.

But CBB already tried, and failed, to establish there has been a spoliation of evidence in the instant case. Dkt Nos. 77, 86. One of the fundamental principles of a spoliation claim is that the allegedly spoliated evidence actually existed. *See Fernandez v. Centric*, 2014 WL 2042148, at *9 (D. Nev. 2014) ("One of the elements of a spoliation claim is that the party must demonstrate the evidence actually existed and was destroyed."). But critically, CBB already lost its spoliation fight on this very issue, as Judge Pym found that CBB failed to satisfy this most basic burden—denying CBB's motion to compel forensic examination because CBB failed to demonstrate spoliation or discovery misconduct. Dkt. 86 at 9, 13. In that motion, CBB speculatively argued that Easterly, a Mission custodian, "deleted relevant information and has continued to engage in a mass and indiscriminate policy of deleting emails before and throughout the course of this litigation." Dkt. No. 77 at 16. CBB also contended that "there [was] no dispute that Mission ha[d] engaged in spoliation" and pressed arguments regarding the sufficiency of Mission's discovery productions. *Id.* at 17. Mission opposed, arguing that it had properly preserved emails from all of its custodians and appropriately made productions. *Id.* at 18-21.

Having been fully briefed with the parties' sixty-eight (68) page joint statement, the Court ultimately sided with Mission on each of CBB's arguments, and CBB's motion failed. Specifically, Judge Pym found that CBB failed to make a showing that ***any*** evidence was destroyed or missing. Dkt. No. 60 at 8. Indeed, the Court specifically noted that "[t]o the extent plaintiff relies on Easterly's deletion of e-mails prior to the demand letter to support its argument for a forensic examination, ***such actions do not constitute spoliation***," because any purportedly deleted emails

were preserved through other Mission custodians, e.g., Della. *Id.* at 9. Judge Pym also noted that CBB failed to present any evidence that "Easterly deleted possibly responsive e-mails after the litigation hold," and determined that "[CBB's] argument concerning Easterly's continued [deletion] practices is mere speculation." *Id.* at 11. And siding with Mission, Judge Pym found that none of the documents identified by CBB were actually destroyed: "[CBB] has not identified documents that were destroyed and merely speculates [that a Mission custodian] deleted relevant other e-mails and these e-mails were not preserved in other custodians' e-mails and produced." *Id.* Judge Pym also found that Easterly had not engaged in any discovery misconduct by engaging in a good faith process to produce documents responsive to CBB's requests. *Id.* at 12-13. In short, the outcome of CBB's motion was a determination by Judge Pym that CBB failed to establish that any spoliated evidence ever existed. *Id.* at 9, 12-13.

      At trial, CBB should be precluded from wasting the Court's and the jury's time with irrelevant and wholly unfounded speculation about "destroyed" evidence. Discovery has concluded in this matter, and the deadline to file any motion for a spoliation instruction has expired. Dkt. No. 88 at 2 (stating that fact discovery concluded on May 17, 2024, and that August 30, 2024, was the last day to hear motions in this matter). CBB's attempt to do an end-run around that by introducing evidence and argument about supposed spoliation is both procedurally improper and nothing more than rank and inadmissible speculation. Indeed, even if the spoliation issue had not been previously decided in this case, CBB's designated testimony about the preservation efforts of Mission's custodians has no probative value given that CBB cannot articulate what evidence has been destroyed and how this evidence relates to its claims.

      Accordingly, any argument or evidence targeted at suggesting discovery misconduct to the jury is irrelevant to CBB's claims. *See Green v. Baca*, 226 F.R.D. 624, 643 (C.D. Cal. 2005), order clarified, WL 283361 (C.D. Cal. 2005) (granting

defendant's motion in limine to exclude evidence of purported discovery violations where "[t]he court presently ha[d] no evidence before it that...defendant destroyed documents that were responsive to plaintiff's document requests."). At bottom, CBB's speculation regarding unidentified documents that it believes should have been produced has no bearing on any fact of consequence at trial. Fed. R. Evid. 402.

### B. CBB's Arguments Regarding Spoliation are Unfairly Prejudicial to Mission

Even if CBB's unsupported claims of spoliation were somehow relevant, the severe risk of unfair prejudice to Mission far outweighs any probative value of such evidence. *See*, Fed. R. Evid. 403; *Baca*, 226 F.R.D. at 643 (excluding evidence of alleged spoliation because it was unduly prejudicial). The only logical basis for CBB seeking to offer this evidence would be to insinuate to the jury that Mission engaged in discovery misconduct or had something to hide, a notion that is baseless, wholly unsupported by any facts, and has already been rejected by Judge Pym. If permitted to divert the jury's attention with speculative spoliation and document collection issues, CBB will mislead the jury to believe that Mission withheld evidence, thereby distracting the jury from the merits (or lack thereof) of CBB's claims.

Without "evidence before it that [a party] intentionally failed to produce documents in order to conceal them from plaintiff or that [a party] destroyed documents that were responsive to plaintiff's document requests," courts in this Circuit are inclined to grant motions to exclude evidence of any purported discovery violations. *Baca*, 226 F.R.D. at 643; *Caruso v. Solorio*, No. 1:15-CV-780 AWI EPG (PC), 2021 WL 22498, at *8 (E.D. Cal. Jan. 4, 2021) ("There are clear FRE 403 concerns regarding confusion and using an inordinate amount of trial time on relatively tangential issues, *particularly when there has been a finding that the facts are not sufficient to support a finding of spoliation or purposeful destruction*."). Indeed, re-litigating a discovery matter like this would only serve to

confuse the jury and waste judicial resources. CBB may not now rehash the same arguments rejected by Judge Pym before this Court or the jury.

## V. CONCLUSION

For these reasons, the Court should preclude CBB from introducing any evidence or argument regarding the collection, preservation, or production of documents by Mission in this case, including, without limitation, any evidence or argument concerning any purported spoliation or deletion of relevant information by Mission custodians.

Dated: September 27, 2024         LARSON LLP

By: _____
Stephen G. Larson
Jonathan E. Phillips
Catherine S. Owens
Tyler J. Franklin
Attorneys for Defendant MISSION BANK