Stephen G. Larson (SBN 145225)
slarson@larsonllp.com
Jonathan E. Phillips (SBN 233965)
jphillips@larsonllp.com
Catherine S. Owens (SBN 307626)
cowens@larsonllp.com
Tyler J. Franklin (SBN 324281)
tfranklin@larsonllp.com
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Attorneys for Defendant
MISSION BANK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CITIZENS BUSINESS BANK, a California banking corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MISSION BANK, a California corporation and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 5:22-cv-01473-FLA-SP<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>**DEFENDANT MISSION BANK'S MOTION IN *LIMINE* NO. 3 TO EXCLUDE TESTIMONY REGARDING PORTIONS OF THE ERRATA SHEET TO THE DEPOSITION TRANSCRIPT OF MICHAEL STAIN**<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**<br><br>[*Filed concurrently with Declaration of Catherine S. Owens and [Proposed] Order*]<br><br>Date: October 25, 2024<br>Time: 1:00 p.m.<br>Crtrm.: 6B<br><br>Trial Date: November 12, 2024 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on October 25, 2024 at 1:00 p.m., or on such later date and time as the Court may order, in Courtroom 6B, at 350 West 1st Street, Los Angeles, California 90012, Defendant Mission Bank ("Mission") will and hereby does move the Court for an order *in limine* excluding testimony at trial referring to portions of errata changes to the deposition testimony of Michael Stain under Federal Rule of Civil Procedure, Rule 30(e).

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities in support of this Motion; the Declaration of Catherine S. Owens and accompanying evidence; the pleadings and other papers on file in the above-captioned action; any additional information of which the Court may take judicial notice; and any oral argument on the Motion.

**STATEMENT OF LOCAL RULE 7-3 COMPLIANCE**

Mission makes this Motion following a meet-and-confer conference of counsel held pursuant to Local Rule 7-3 that took place on September 20, 2024. Mission hereby certifies that it has met and conferred in good faith in an effort to resolve the present dispute without need for judicial intervention.

Dated: September 27, 2024         LARSON LLP

By: /s/ Stephen G. Larson
Stephen G. Larson
Jonathan E. Phillips
Catherine S. Owens
Tyler J. Franklin
Attorneys for Defendant MISSION BANK

## I. INTRODUCTION

On May 16, 2024, Michael Stain, an executive of Plaintiff Citizens Business Bank ("CBB"), was deposed as both an individual and as a Rule 30(b)(6) representative of CBB. In the course of his deposition, Mr. Stain was repeatedly asked to substantiate CBB's claims. But he frequently was unable to provide any substantive information clarifying or supporting CBB's allegations, stating unequivocally ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Further confirming the specious nature of CBB's claims, Mr. Stain also flatly acknowledged, *inter alia*, that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Yet, on June 24, 2024, just a few weeks after his deposition, Mr. Stain submitted an errata sheet (the "Errata") purporting not merely to correct typographical errors, but also to comprehensively change and contradict the substance of his prior testimony. To protect Mission from undue prejudice and curb abuse and gamesmanship at trial, this Court can, and should, exclude testimony referring to the material changes made by the Errata to Mr. Stain's deposition testimony in their entirety.

*First*, each of the material changes made by the Errata to Mr. Stain's deposition testimony were not plausibly made to correct any "error[s] in transcription" as contemplated by Rule 30(e). Instead, the Errata's material changes serve only to contradict, and not clarify, Mr. Stain's prior unambiguous testimony, revising answers such as ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ to vague, boilerplate responses ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*Second*, an order striking the Errata's material changes to Mr. Stain's deposition testimony is necessary to curb abuse in discovery and gamesmanship at trial. Like a "sham" affidavit submitted in opposition to a motion for summary judgment, the Errata's material changes—made after the close of discovery and

immediately prior to the filing of Mission's motion for summary judgment—constitute improper "changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005).

*Third*, CBB's previous offer to produce Mr. Stain for another deposition was an inadequate remedy that would serve only to unilaterally benefit CBB to Mission's severe disadvantage—providing Mr. Stain further opportunity to improperly change the substance of his testimony and, thus, expand or revise CBB's nebulous and ill-defined trade secrets after the close of discovery.

For each of these reasons and as detailed more fully below, Mission respectfully requests that the Court strike the improper, material Errata changes made to the deposition transcript of Michael Stain.

## II. FACTUAL BACKGROUND

### A. The Deposition of Michael Stain

On or around April 25, 2024, Mission issued an amended deposition notice to CBB for Mr. Stain as an individual and as a corporate representative under Rule 30(b)(6) designating specified topics (the "Deposition Notice"). Decl. of Catherine S. Owens ("Owens Decl."), ¶ 3, Ex. 1. Michael Stain, a CBB executive, was designated as CBB's Rule 30(b)(6) representative to testify as to Topics 1-24, 31, and 34-46, as listed in the Deposition Notice. *Id.*, ¶ 3. On May 16, 2024, in accordance with the Deposition Notice and by agreement of parties, Mr. Stain was deposed as both an individual and as a Rule 30(b)(6) representative of CBB in two corresponding sessions held on the same day. *Id*.

### B. The Errata to Stain's Deposition Transcript Materially Changes and Contradicts His Prior Testimony

On June 24, 2024, CBB's counsel served an errata sheet for Mr. Stain's deposition. *See* Owens Decl., ¶ 5, Ex. 3. In addition to non-substantive corrections,

the Errata included the following material changes to Mr. Stain's deposition testimony:

| Question | Original Answer | Errata Answer |
|---|---|---|
| ███ Owens Decl., Ex. 2 at 75:2-4. | ███ Owens Decl., Ex. 2 at 75:6-7. | ███ Owens Decl., Ex. 3 at 4:14-15. |
| ███ Owens Decl., Ex. 2 at 104:18-19. | ███ Owens Decl., Ex. 2 at 104:21-22. | ███ Owens Decl., Ex. 3 at 5:12-15. |
| ███ Owens Decl., Ex. 2 at 149:21-22 (referring to Suncrest loan policy). | ███ Owens Decl., Ex. 2 at 149:23-24. | ███ Owens Decl., Ex. 3 at 6:10-11. |
| ███ Owens Decl., Ex. 2 at 129:2-3. | ███ Owens Decl., Ex. 2 at 129:5. | ███ Owens Decl., Ex. 3 |



| | | at 6:16-19. |
|---|---|---|
| ■■■ Owens Decl., Ex. 2 at 156:19-21. | ■■■ Owens Decl., Ex. 2 at 156:22-23. | ■■■ Owens Decl., Ex. 3 at 6:20-23. |
| ■■■ Owens Decl., Ex. 2 at 158:5-7. | ■■■ Owens Decl., Ex. 2 at 158:9-10. | ■■■ Owens Decl., Ex. 3 at 7:10-13. |
| ■■■ Owens Decl., Ex. 2 at 158:17-18. | ■■■ Owens Decl., Ex. 2 at 158:20. | ■■■ Owens Decl., Ex. 3 at 7:14-17. |
| ■■■ | ■■■ | ■■■ |



| | | |
|---|---|---|
| Owens Decl., Ex. 2 at 159:2-5. | Owens Decl., Ex. 2 at 159:9-10. | Owens Decl., Ex. 3 at 7:18-21. |
| Owens Decl., Ex. 2 at 159:17-20. | Owens Decl., Ex. 2 at 159:21. | Owens Decl., Ex. 3 at 7:22-25. |
| Owens Decl., Ex. 2 at 160:11-14. | Owens Decl., Ex. 2 at 160:17. | Owens Decl., Ex. 3 at 8:10-13. |

### III. LEGAL STANDARD

While "Rule 30(e) of the Federal Rules of Civil Procedure permits a deponent to make changes to the form and substance of his deposition testimony through an errata sheet[,]… an errata 'is to be used for corrective, and not contradictory, changes.'" *WAG Acquisition, L.L.C. v. Flying Crocodile, Inc.*, No. 2:19-CV-01278-BJR, 2022 WL 4534429 at * 1 (W.D. Wash. Sept. 28, 2022) (quoting *Hambleton*, 397 F.3d at 1225-26). "As such, 'a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the

correction of an **error in transcription**.'" *Flying Crocodile, Inc.*, 2022 WL 4534429 at * 1 (quoting *Campagnolo S.r.l v. Full Speed Ahead, Inc.*, No. 08-cv-1372, 2010 WL 11527379 at *2 (W.D. Wash. May 4, 2010)).[1] Accordingly, where an errata sheet materially changes and contradicts the substance of deposition testimony in violation of Rule 30(e), the Court may properly strike it and exclude reference to the improper changes at trial. *See, e.g., Hambleton*, 397 F.3d at 1226 (holding that "district court did not abuse its discretion in striking the deposition errata"); *Glob. BTG LLC v. Nat'l Air Cargo, Inc.*, No. CV111657JGBJCGX, 2013 WL 12121982 at *3 (C.D. Cal. Sept. 5, 2013) (granting motion *in limine* to exclude proposed changes to deposition testimony as violative of Rule 30(e)); *Ward v. Cadbury Schweppes Bottling Grp.*, No. CV0903279DMGCWX, 2011 WL 13213886 at *3 (C.D. Cal. Nov. 2, 2011) (same).

In short, "a plaintiff is not permitted to virtually rewrite portions of a deposition… simply by invoking the benefits of Rule 30(e)." *Wiley v. Brown*, 164 F.R.D. 547, 549 (D. Kan. 1996) (internal quotations omitted). "A deposition is not a 'take home examination' and an 'errata sheet' will not eradicate the import of previous testimony taken under oath." *Id*.

## IV. ARGUMENT

The Court has more than ample reason to strike the improper, material changes made to Mr. Stain's deposition testimony through the Errata and exclude their use by CBB at trial.

*First*, each of the material changes made by the Errata to Mr. Stain's deposition testimony were not made to correct any "error[s] in transcription" as contemplated by Rule 30(e). *Hambleton*, 397 F.3d at 1225. To the contrary, through the Errata, Mr. Stain has repeatedly changed the substance of his testimony wholesale, as detailed above, revising answers such as ████████

---

[1] All emphasis is added and internal citations omitted unless stated otherwise.

1  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ to boilerplate responses ▇▇▇▇▇▇▇▇▇▇▇▇▇▇
2  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
3  Owens Decl., Ex. 2 at 156:19-23, 158:17-20 and Ex. 3 at 6:20-23, 7:14-17.
4  Egregiously, while Mr. Stain plainly stated ▇▇▇▇ when asked ▇▇▇▇▇
5  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
6  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ his Errata
7  **disavowed his testimony in its entirety**—adopting the same canned response
8  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
9  ▇▇▇▇  *Id.*, Ex. 2 at 159:17-21 and Ex. 3 at 7:22-25. As another egregious
10 example, when asked at his deposition ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
11 ▇▇▇▇▇▇▇▇  Mr. Stain unequivocally stated: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
12 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  *Id.*, Ex. 2 at 149:21-24. Yet, just a few weeks later,
13 through his Errata, Mr. Stain entirely reversed his unambiguous answer, claiming
14 ignorance: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  *Id.*, Ex. 3 at 6:16-19.
15  In sum, Mr. Stain's errata changes are no different than the errata changes
16 before the Ninth Circuit in *Hambleton*, where, as here, an officer of the plaintiff
17 corporation attempted to revise his deposition testimony from direct answers like "I
18 don't know" to manufactured responses such as "Mr. Ballinger represented to me in
19 1996 or 1997 that Balkin still owned the Fruitland property. He acted as if he was
20 still involved with Balkin." 397 F.3d at 1225 n. 6. By Mr. Stain's own admission,
21 each of the Errata changes identified above were made not "[t]o correct transcription
22 errors" but, instead, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Owens Decl.,
23 Ex. 3 at 4:14-15, 5:12-15, 6:10-11, 6:16-19, 6:20-23, 7:10-13, 7:14-17 (identifying
24 reasons for revision with codes corresponding to the same). Rewriting deposition
25 testimony in such a material and contradictory manner through errata is plainly
26 improper. Those portions of the Errata should be excluded from reference or
27 admission at trial.
28

*Second*, an order striking the Errata's material changes to Mr. Stain's deposition testimony is necessary to curb abuse in discovery and gamesmanship at trial. *See Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992) ("Rule [30(e)] cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses… A deposition is not a take home examination."). If the Errata's materials changes are *not* excluded or stricken, CBB may very well attempt to improperly recast Mr. Stain's deposition testimony as being appropriately "corrected" through the Errata without any adverse impact to Mr. Stain's credibility. Even with cross-examination and corrective jury instructions, a significant and prejudicial risk of juror confusion would persist. Requiring jurors to compare and weigh Mr. Stain's trial testimony, deposition testimony, and material revisions via Errata would serve only to unnecessarily invite risk of error. Consistent with the authority above, the clear and direct means of avoiding such an undesirable result is simple—an order striking or excluding testimony referring to the Errata's material changes to Mr. Stain's deposition testimony.

*Third*, CBB's offer to allow Mission to reexamine Mr. Stain when confronted with this issue was similarly inadequate and prejudicial. Such a deposition would only have served to unilaterally benefit CBB to Mission's severe disadvantage, providing Mr. Stain further opportunity to improperly change the substance of his testimony and, thus, expand or revise CBB's nebulous and ill-defined trade secrets after the close of discovery. *See Barlow v. Esselte Pendaflex Corp., Meto Div.*, 111 F.R.D. 404, 406 (M.D.N.C. 1986) (observing that reexamination "would not further the desired aim of keeping the discovery process as efficient and inexpensive as possible" and "instead reward harassing conduct, improper purposes, or unnecessary delay and costs in litigation, which in other parts of the civil rules are explicitly condemned."). Worse still, if Mr. Stain were reexamined, as CBB has proposed, he

might very well attempt to materially change the substance of his deposition testimony *yet again*. Thus, in exchange for incurring additional cost and time in holding a second deposition, CBB would benefit from, essentially, tailoring Mr. Stain's testimony to its theories of the case while Mission would be in no different position than it is now—inappropriately disadvantaged.

## V.   CONCLUSION

For the foregoing reasons, Mission respectfully requests that the Court strike and exclude testimony referring to the improper errata changes made to the deposition transcript of Michael Stain, as specified above.

Dated: September 27, 2024    LARSON LLP

By: _____
Stephen G. Larson
Jonathan E. Phillips
Catherine S. Owens
Tyler J. Franklin
Attorneys for Defendant MISSION BANK