**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001
Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Ryan Q. Keech (SBN 280306)
ryan.keech@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
Katherine M. Ramos (SBN 351481)
katy.ramos@klgates.com

*Attorneys for Plaintiff*
*CITIZENS BUSINESS BANK*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CITIZENS BUSINESS BANK, a California banking corporation, <br><br> Plaintiff, <br><br> v. <br><br> MISSION BANK, a California corporation, *et al.*, <br><br> Defendant. | Case No.: 5:22-cv-01473-FLA-SP <br><br> [Assigned to the Hon. Fernando L. Aenlle-Rocha] <br><br> **NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO PRECLUDE ARGUMENTS, EVIDENCE, AND TESTIMONY REGARDING THE METHODOLOGIES, CONTENTS, AND RESULTS OF ANY PRE-FILING INVESTIGATION MISSION UNDERTOOK WITH RESPECT TO CBB'S ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ZACHARY T. TIMM IN SUPPORT THEREOF; [PROPOSED] ORDER** <br><br> Date:          October 25, 2024 <br> Time:         1:00 p.m. <br> Courtroom:  6B <br><br> Trial Date:    November 12, 2024 |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 2**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 25, 2024, at 1:00 p.m.], or as soon thereafter as this matter may be heard, in Courtroom 6B of the United States District Court for the Central District of California, located at First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Plaintiff Citizens Business Bank ("CBB") will, and hereby does, move *in limine* for this Court to preclude arguments, testimony, and other evidence of any pre-filing investigation conducted by Defendant Mission Bank ("Mission") with respect to CBB's allegations, and specifically any investigation undertaken following receipt of CBB's first pre-filing notice and demand letter. This Motion is based on the fact that Mission, including through counsel, has asserted it conducted a pre-filing investigation into CBB's allegations following the receipt of pre-filing correspondence from CBB. When asked about this investigation during discovery, Mission asserted that such investigation was conducted pursuant to instruction by, and in coordination with its counsel (included its counsel in this action), asserted that such information was therefore attorney work product and protected by attorney-client privilege, and declined to provide information about such investigation. Pursuant to Federal Rules of Civil Procedure 26 and 37, Mission should now be excluded from providing information about that investigation at trial that it did not already provide during discovery.

This Motion is made following a conference of counsel pursuant to Local Rule 7-3 that took place on September 20, 2024. The Parties thoroughly discussed the substance and potential resolution of the filed Motion, and Mission's counsel stated that Mission still believed its pre-filing investigation was work product and attorney-client privileged information, and that Mission did not intend to waive either by providing information about the investigation at trial. Nonetheless, the Parties were unable to reach a resolution of the issue, thus necessitating the filing of this Motion. This Motion is based upon this Notice of Motion and Motion, the below Memorandum of Points and Authorities, the

supporting declaration, the complete Court files and records in this action, and all matters that may be properly considered by the Court at the hearing on this Motion.

Dated:  September 27, 2024

**K&L GATES LLP**

By: */s/ Zachary T. Timm*
Christina N. Goodrich
Ryan Q. Keech
Zachary T. Timm
Katherine M. Ramos

*Attorneys for Plaintiff Citizens Business Bank*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Citizens Business Bank ("CBB") sought to *avoid* this litigation by contacting Defendant Mission Bank ("Defendant" or "Mission) shortly after it learned of some of the wrongful conduct alleged in the Complaint in an attempt to resolve this dispute. Specifically, CBB sent Mission and its co-conspirator Dustin Della ("Della") a letter notifying them both of CBB's allegations that Della had violated various contractual and confidentiality obligations he owed to CBB, and that he had further misappropriated CBB's trade secrets and other confidential information for potential use on Mission's behalf and had sabotaged CBB's relationships with various customers and potential customers. At that time, CBB was seeking, *inter alia*, assurances that Mission (and Della) would return all of CBB's documents and information to it, and would represent they *had* not and *would* not use any of CBB's documents and information in any way, including to solicit CBB's customers. Following this initial notice, the Parties exchanged multiple subsequent communications regarding CBB's concerns—concerns that would go unaddressed and ultimately result in the filing of this action.

During those pre-filing investigations, and during the pendency of this action, Mission has asserted—through counsel—that it engaged in a fulsome investigation into CBB's concerns and allegations. Mission has maintained that, despite this investigation, it never possessed *any* of CBB's documents or other property, had never used any such information, and had otherwise done no wrong. Through discovery in this action—both written discovery and through deposition testimony—CBB sought further information about this investigation. Mission's response has consistently been that such investigation was undertaken at the direction of, and in coordination with, its counsel, and thus was both attorney work product and protected by the attorney-client privilege. As such, Mission declined to provide information about the investigation,

1

**PLAINTIFF'S MOTION *IN LIMINE* NO. 2**

including the methodologies used, the content of the investigation, and the results of the investigation.

Because CBB sought information pertaining to Mission's alleged pre-filing investigation through discovery and Mission declined to provide it on the basis of privilege and work product, Mission must now be precluded from introducing any documents or other evidence about that purported investigation at trial, including testimony from any of its witnesses. Mission chose to assert this information was attorney work product and protected by the attorney-client privilege and withheld it on those grounds, and cannot now be allowed to reverse course and begin introducing information pertaining thereto.[1]

During the Parties' meet and confer on this issue, Mission's counsel confirmed they intend to continue to assert the investigation and related information is work product and protected by the attorney-client privilege, however indicated they may need to review CBB's motion prior to agreeing not to present evidence about the investigation at trial. As such, CBB has filed this Motion, which should be granted.

## II. JUDICIAL STANDARD

A party may bring a motion *in limine* to exclude the introduction of prejudicial or otherwise inadmissible evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) ("Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."). The purpose of a motion *in limine* is twofold: to streamline trials and avoid trying in vain to "unring the bell" once evidence is presented in front of the jury. *See, e.g.*, *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979), *overruled on other grounds by Luce*, 469 U.S. 38 ("Trial by ambush may produce good anecdotes for lawyers to exchange at bar contentions,

---

[1] To be clear, Mission has included minor and conclusory statements about this investigation in several pre-filing communications, as well as in discovery. CBB does not seek to exclude Mission from repeating *those exact same things*. CBB seeks, however, to exclude Mission from attempting to introduce any testimony or other evidence that goes beyond those very limited conclusory statements.

2

**PLAINTIFF'S MOTION *IN LIMINE* NO. 2**

but tends to be counter-productive in terms of judicial economy"). Indeed, as the Ninth Circuit has recognized, "[m]otions *in limine* have proven their value in litigation. They save jury time, and avoid the waste that sometimes results from haste when side-bar matters have to be urged in the court of the trial." *Cook*, 608 F.2d at 1186.

## III. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On March 25, 2022—less than two (2) weeks after Della abruptly resigned from CBB to join Mission—Mission's General Counsel sent a letter to Mission and Della notifying them of CBB's concerns. Specifically, CBB informed Mission that it believed Della had violated various contractual and confidential obligations he owed to CBB, and that he had further misappropriated CBB's trade secrets and other confidential information for potential use on Mission's behalf, as well as working to sabotage CBB's relationships with various customers and potential customers. (Timm Decl., Ex. A.)

The Parties subsequently exchanged multiple communications, with Mission (through counsel) indicating that Mission was/had undertaken an investigation into CBB's concerns and allegations. Mission further asserted that neither Della nor Mission took any of CBB's property, had not used any of CBB's property, and had not engaged in conduct to sabotage CBB's relationships with customers and potential customers. (Timm Decl., Ex. B.) Mission's counsel also represented that neither Mission nor Della possessed any of CBB's property (a representation proven false through discovery when both Della and Mission produced *substantial* amounts of CBB's trade secrets, documents, and other information). (Timm Decl., Ex. B.)

Following CBB's filing of this action, Mission's counsel sent CBB's counsel a letter confirming that they (Mission's counsel in this action) had conducted "a comprehensive internal investigation to determine if there was any merit to CBB's claims that Mission conspired with former CBB employee, Dustin Della ("Della"), to solicit CBB clients and employees using CBB's confidential information." (Timm Decl., Ex. C.) This letter provided conclusory statements asserting there was no merit to CBB's allegations, and accused CBB of "sensationalist conspiracy theories,"

3

demanding CBB "immediately cease this anti-competitive conduct and dismiss its meritless lawsuit" or else Mission would seek sanctions, including to "pursue a lawsuit for malicious prosecution, abuse of process, and any other available claims under California and federal law for the damage caused by CBB's sham complaint and its anti-competitive actions." (Timm Decl., Ex. C.)

As addressed in CBB's Opposition to Mission's Motion for Summary Judgment, and elsewhere, discovery in in this action has definitively proven Mission's statements were false. In fact, discovery has now also proved that Mission *was* in possession of CBB's documents and information (including numerous documents CBB asserts are its Trade Secrets) at the time these statements were made, and in fact Mission's executives had actually *requested* Della provide them with many of those documents. Moreover, Mission's document productions prove that Mission *is still* in possession of such information. Clearly, therefore, any alleged pre-filing investigation was deficient. But even if it were not, Mission cannot rely on that investigation as a defense in this action to show good faith or anything else because it refused (based on privilege and work product) to produce any information about the investigation, including what precisely was done, when, by whom, using what methods, and specific findings.

Through discovery in this action, CBB sought further information about the methods, contents, and results of Mission's purported pre-filing investigation. For example, CBB served interrogatories on Mission in December 2022, including to request a description of "all investigations and/or other efforts undertaken by [MISSION] in response to being first notified by CBB that it believed DELLA had taken CBB'S DOCUMENTS and other information and was using such information on [MISSION'S] behalf." (Timm Decl., Ex. D.) In response, Mission objected on the grounds of attorney work-product doctrine and attorney-client privilege, and pointed CBB to the "letter correspondence describing these efforts." (Timm Decl., Ex. D.) At the same time, CBB served requests for production of documents, including one seeking documents that related to "any investigation YOU have conducted RELATING TO

4

PLAINTIFF'S MOTION *IN LIMINE* NO. 2

whether or not DELLA or the other FORMER CBB EMPLOYEES have taken or otherwise acquired data from CBB for YOUR use." (Timm Decl., Ex. E.) Mission's response again asserted attorney-work product and attorney-client privilege objections, and agreed to produce only non-privileged documents. Mission only produced the aforementioned pre-filing letter correspondence.

Prior to the close of written discovery, CBB once again sought information pertaining to Mission's purported pre-filing investigation when, on February 12, 2024, CBB served interrogatories that asked, *inter alia*, for a description of "efforts undertaken by YOU to investigate CBB's allegations after receiving the DEMAND LETTER and prior to or on the day of the filing of the COMPLAINT (INCLUDING efforts undertaken to search electronic systems)." (Timm Decl., Ex. F.) Once again Mission asserted work-product and attorney-client privilege objections, and stated that it had conducted an extensive internal investigation after receiving the initial March 25, 2022 letter, retained outside counsel, conducted interviews, and reviewed documents. (*Id.*) Mission's response then further stated a description of those efforts could be found within various pre-filing letter from Mission's counsel. (*Id.*) An additional interrogatory sought a description of steps Mission undertook to ensure none of CBB's Former Employees (including Della) sent, received, kept, stored, saved, communicated, transmitted, used, or otherwise put any of CBB's documents or other information onto Mission's systems or devices (including email). (*Id.*) And, again, Mission asserted work-product and attorney-client privilege objections, and cited back to those same letter correspondence. (*Id.*)

CBB's attempts to obtain information about Mission's purported pre-filing investigation were not limited to written discovery. Indeed, two of the 30(b)(6) deposition topics CBB sought testimony on were: "27. YOUR investigation of FORMER CBB EMPLOYEES taking or otherwise acquiring Data from CBB for YOUR use (INCLUDING CBB's Trade Secrets)"; and "28. Any investigations undertaken by YOU in response to notice given by CBB that it believed DELLA

violated certain confidentiality and non-solicitation obligations he owed to CBB (INCLUDING through CBB's March 25, 2022 letter attached to the Complaint as Exhibit 1)." (Timm Decl., Ex. G.) In response, Mission once again objected on the grounds that both topics sought disclosure of attorney work-product and attorney-client information, as Mission had retained legal counsel to investigate. (*Id*.) Mission designated its Chief Banking Officer, Bryan Easterly, to testify about *non-privileged* matters relating to these topics. (*Id*.) During his deposition, Easterly only testified that, upon learning about an email from CBB employee, Michael Stain, to Della, he/Mission did not start an investigation into the allegations that Della had taken information from CBB. (Timm Decl., Ex. H.)

During the parties meet and confer on their respective motions *in limine*, CBB raised Mission's pre-filing investigation, and Mission's counsel confirmed Mission *still* believes the information related thereto is attorney work-product and attorney-client privilege. Mission's counsel further indicated they did not have any intention to waive those protections. Nonetheless, Mission indicated they would need to review CBB's Motion before agreeing not discuss the investigation at trial.

## IV.   ARGUMENT

### A. Mission Refused to Produce Documents or Provide Information About Its Alleged Pre-Filing Investigation During Discovery, thus Rules 26 and 37 Mandate Exclusion of Such Information and Testimony at Trial

To the extent Mission conducted any pre-filing investigation into CBB's claims, the methods, content, and results of such investigation must be excluded because Mission refused to provide such information during discovery. As discussed above, CBB expressly asked about Mission's purported pre-filing investigation through multiple mediums, including interrogatories, requests for production, and deposition testimony. At every turn, Mission objected on the grounds of attorney-work product and attorney-client privilege—both of which are valid objections, which is why CBB did not move to compel further information. Mission has repeatedly been asked to

provide information about its purported pre-filing investigation, and has repeatedly declined.

It is well established that a party must produce and disclose all information it intends to rely on during discovery. As such, "Federal Rule of Evidence 37 permits this Court to exclude evidence that was not disclosed but should have been." *Shoraka v. Bank of Am.*, N.A., No. 8:23-CV-00309-DOC, 2024 WL 3468756, at *5 (C.D. Cal. Jan. 18, 2024). "This rule 'gives teeth' to the discovery requirements 'by forbidding the use at trial of any information required to be disclosed' by the discovery rules. *Id*. (*quoting Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). Documents not disclosed or produced during discovery may also be excluded under Rule 403 as unfairly prejudicial. *Id*. Here, Mission expressly *withheld* information during discovery on the basis of privilege and work-product objections. It cannot now be allowed to rely on any of that withheld information during trial.

In addition to declining to provide information in response to discovery, Mission further failed to identify documents or testimony about any purported pre-trial investigation as part of its disclosures, thus providing additional grounds for exclusion of the same. Rule 26(a) requires a party to disclose a copy – or description by category and location – of any documents that it has in its possession, custody, or control and may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(ii). Rule 26(e) requires these disclosures—as well as any responses to interrogatories or requests for production—to be timely updated in the event that a party learns that the disclosure was incomplete or incorrect, if the correct information has not otherwise been made known to the parties. Fed. R. Civ. P. 26(e)(1)(A). Furthermore, this Court requires that any exhibits a party intends to use at trial are listed on a joint exhibit list. *See* L.R. 16-6.1.

Next, Rule 37 mandates that a party that "fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) gives

teeth to the [disclosure] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "The Advisory Committee Notes describe it as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material.'" *Id.* "Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded." *Id.* "[T]he burden of showing harmlessness or substantial justification rests squarely on [the proponent]." *Green v. Baca*, 226 F.R.D. 624, 655 (C.D. Cal. 2005).

"In determining whether an untimely disclosure is harmless or justified under Rule 37, courts may evaluate factors including: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence.'" *United States ex rel. Brown v. Celgene Corp.*, 2016 WL 6562065, at *5 (C.D. Cal. Aug. 23, 2016) (quoting *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010)); *see also Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2016 WL 1394280, at *2 (S.D. Cal. Apr. 8, 2016) (finding that courts should consider the four *Lanard Toy*s factors "in determining whether a violation of a discovery deadline is justified or harmless"). Some courts have also evaluated "the importance of the evidence" and "the non-disclosing party's explanation for its failure to disclose the evidence." *See Dey, L.P. v. Ivax Pharms., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005).

As discussed above, Mission has not disclosed the methods, content, or results of any purported pre-trial investigation—neither as part of its Rule 26 disclosures, nor in response to express discovery requests from CBB. Any disclosure or use of the same at this stage of the proceedings would be extremely prejudicial to CBB, which could not be cured. Not only that, but Mission *intentionally* withheld this information from CBB on the basis of attorney work-product and attorney-client protections throughout discovery. To do an about face during trial and begin testifying about the purported

investigation would belie those objections, and raise the prospect that such objections (which CBB had previously accepted) were made in bad faith in order to sandbag CBB at trial.

The deficiency of any pre-filing investigation notwithstanding, Mission has made its position *very clear*: Mission believes the methods, content, and results of its pre-filing investigation are attorney work-product and attorney-client privilege, and as such were not subject to discovery. Mission should be held to that position at trial and be precluded from providing any testimony or other evidence about its purported pre-trial investigation. To allow otherwise would *substantially* prejudice CBB, as it repeatedly sought such information through discovery and was repeatedly rebuffed.

## V.  CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that this Court grant this motion.

Dated:  September 27, 2024

**K&L GATES LLP**

By: */s/ Zachary T. Timm*
Christina N. Goodrich
Ryan Q. Keech
Zachary T. Timm
Connor J. Meggs
Katherine M. Ramos

*Attorneys for Plaintiff Citizens Business Bank*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Citizens Business Bank, certifies that this brief contains ### words, which complies with the word limit of L.R. 11-6.1.

Dated: September 27, 2024

**K&L GATES LLP**

By: _____
Christina N. Goodrich
Ryan Q. Keech
Zachary T. Timm
Katherine M. Ramos

*Attorneys for Plaintiff Citizens Business Bank*

**PLAINTIFF'S MOTION *IN LIMINE* NO. 1**