**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001
Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Ryan Q. Keech (SBN 280306)
ryan.keech@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
Katherine M. Ramos (SBN 351481)
katy.ramos@klgates.com

*Attorneys for Plaintiff*
*CITIZENS BUSINESS BANK*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS BUSINESS BANK, a California banking corporation,<br><br>Plaintiff,<br><br>v.<br><br>MISSION BANK, a California corporation, *et al.*,<br><br>Defendant. | Case No.: 5:22-cv-01473-FLA-SP<br><br>[Assigned to the Hon. Fernando L. Aenlle-Rocha]<br><br>**NOTICE OF MOTION AND MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF HEARSAY TESTIMONY ABOUT WHETHER PLAINTIFF APPROVED CERTAIN LOANS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ZACHARY T. TIMM IN SUPPORT THEREOF; [PROPOSED] ORDER**<br><br>Date: October 25, 2024<br>Time: 1:00 p.m.<br>Courtroom:   6B<br><br>Trial Date:       November 12, 2024 |

1

**PLAINTIFF'S MOTION *IN LIMINE* NO. 5**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 25, 2024 at 1:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 6B of the United States District Court for the Central District of California, located at First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Plaintiff Citizens Business Bank ("CBB") will, and hereby does, move *in limine* for this Court to preclude arguments intended to prevent lay witness testimony regarding damages in this action. This Motion is based on the grounds that Defendant Mission Bank's ("Defendant" or "Mission") witnesses have previously testified that they believed CBB has declined loans which CBB had *not* actually declined. Mission's witnesses admit their sole basis for this belief are purported out-of-court statements by Mission's co-conspirator, Dustin Della, made while Mission was actively recruiting Della to leave CBB and work for Mission, and take CBB's customers and employees with him  Any argument, testimony, or other "evidence" offered at trial by Mission that CBB did in fact decline to issue certain loans would not only be based solely on hearsay, therefore, but would be incorrect. Such statements would only serve to confuse the jury and significantly prejudice CBB by creating the false impression that CBB declined certain loans that it had not. Mission cannot offer testimony offered for the truth of the matter asserted that CBB denied loans, lines of credit, or other transactions with the customers at issue in this case because they lack foundation to do so, are not competent to do so, and it is based on inadmissible hearsay.

This Motion is made following a conference of counsel pursuant to Local Rule 7-3 that took place on September 20, 2024. The Parties thoroughly discussed the substance and potential resolution of the filed Motion, but were unable to reach a resolution of the issued addressed herein. This Motion is based upon this Notice of Motion and Motion, the below Memorandum of Points and Authorities, the complete Court files and records in this action, and all matters that may be properly considered by the Court at the hearing on this Motion.

Dated: September 27, 2024

**K&L GATES LLP**

By: */s/ Christina N. Goodrich*
Christina N. Goodrich
Ryan Q. Keech
Zachary T. Timm
Connor J. Meggs
Katherine M. Ramos

*Attorneys for Plaintiff Citizens Business Bank*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Mission cannot rely on inadmissible hearsay statements to establish key parts of its defense in this case.[1] Specifically, Mission apparently intends to rely on inadmissible hearsay statements by Mission's co-conspirator (Dustin Della) to try to establish that CBB did not want the customers or transactions that it lured away from CBB. First, it is illogical that CBB would send substantial resources and years litigating this dispute over customers and transactions it did not want. Thus, on its face, this suggestion is absurd. But, from an evidentiary standpoint, any testimony by Mission or its employees that it—CBB's competitor who conspired to steal from CBB—somehow has personal knowledge and foundation to offer competent testimony as to CBB's desire for certain customers and its approval or denial of certain transactions, if offered for the truth of the matter asserted, is inadmissible hearsay and would be highly prejudicial. Thus, it must be excluded.

## II. LEGAL STANDARD

A party may bring a motion *in limine* to exclude the introduction of prejudicial or otherwise inadmissible evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) ("Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."). The purpose of a motion *in limine* is twofold: to streamline trials and avoid trying in vain to "unring the bell" once evidence is presented in front of the jury. *See, e.g.*, *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979), *overruled on other grounds by Luce*, 469 U.S. 38 ("Trial by ambush may produce good anecdotes for lawyers to exchange at bar contentions, but tends to be counter-productive in terms of judicial economy"). Indeed, as the Ninth Circuit has recognized, "[m]otions *in limine* have proven their value in litigation. They

---

[1] Defendant Mission Bank ("Defendant") or ("Mission") and Plaintiff Citizens Business Bank ("Plaintiff" or "CBB").

1

**PLAINTIFF'S MOTION *IN LIMINE* NO. 5**

save jury time, and avoid the waste that sometimes results from haste when side-bar matters have to be urged in the court of the trial." *Cook*, 608 F.2d at 1186.

### III. ARGUMENT

#### A. <u>Mission's witnesses lack personal knowledge and foundation to testify about CBB's desire for certain customers and transactions or its approval or rejection of such transactions</u>

Mission's witnesses cannot testify as to CBB's desires for certain customers or transactions, nor can they testify about the approval or rejection of CBB's transactions, if offered for its truth, because they lack personal knowledge and foundation to give such testimony. *See* Fed. R. Evid. 602. During discovery, Mission's sole basis for its assertion that CBB did not approve or did not want certain transactions was a hearsay statement from Mission's co-conspirator (and current employee), Della, which was (if made) was made in furtherance of the conspiracy and cannot be offered for its truth. But even if it could, certainly Mission's employees cannot testify to such a statement because they never worked for CBB and cannot speak to its internal decisions. *See* Fed. R. Evid. 602. Moreover, any testimony from them regarding what Della told them is inadmissible double hearsay and cannot be offered for its truth, as discussed below. *See* Fed. R. Evid. 801-803.

By way of background, Mission's Statement of Uncontroverted Facts and Conclusions of Law in Support of its Motion for Summary Judgment makes the unsupported and highly suspicious assertion that "[w]hen Dustin Della sent the Suncrest Credit Memos to Bryan Easterly and Michael Congdon, both Bryan Easterly and Michael Congdon believed that CBB had declined the loans on terms the customer wanted, and that the customer was trying to determine if it could get the loan at another bank." *See* DE 97-1 (Sealed Version of Mission's MSJ Statement of Facts) at SUF 85. Mission's support for this contention consists solely of the self-serving declarations of two of Mission's executive employees directly involved in (and spearheading) the conspiracy to steal from CBB to benefit Mission (Easterly and Congdon), and their

2

similarly self-serving respective deposition testimony. *See id.* But there is no foundation for either Easterly's or Congdon's belief, and neither explain how they came to learn or believe that the loans had been declined. *See* DE 92-3 at 11-12 (¶ 11 of Easterly Decl.) and DE 92-3 at 19 (¶ 9 of Congdon Decl.).

What the declarations avoid saying (likely for obvious evidentiary reasons) is that Congdon's and Easterly's belief CBB had declined the diverted loans is based solely on out-of-court statements their co-conspirator, Della, allegedly made to them. Congdon and Easterly testified that this was the case as to certain credit memos at their depositions. *See* Timm Decl. Ex. A (Congdon Depo. Tr.) at 134:12-135:2 (Q: "And what did you discuss with Mr. Easterly with regard to this credit memo?" A: "He told me that it was a loan that was going to be declined by CBB…" Q: "did Mr. Easterly tell you how he came to learn that CBB would not do this loan? A: "He learned it from Dustin."); *see also* Timm Decl. Ex. B (Easterly Depo. Tr.) at 313:9-21 (during line of questioning about loan opportunities sent to Mission by Della – A: "…I was operating under the impression [the loans] were declined." Q: "And that impression was based on what?" A: "Dustin telling me that they were declined."). These same paragraphs were relied upon by Mission Bank at summary judgment. *See* DE 97-1 at SUF 85  And at least one other employee (upon which Mission did not rely for this proposition during summary judgment) similarly testified. Timm Ex. C (Lori Carabay Depo. Tr.) at 163:13-164:20 (testifying that she only knew that CBB did not do the type of loans that a particular client wanted because Della told her so).  In every instance, Mission and its witnesses' foundation for the assertion that any of the diverted loans were actually declined by CBB consists of the out of court statements of Dustin Della, Mission's co-conspirator. And not only a co-conspirator, but an individual who Mission was actively recruiting to work for it *at the time he made those purported statements*. Had Mission's witnesses made any efforts to substantiate Della's statements, they would have learned they were inaccurate.

3

**PLAINTIFF'S MOTION *IN LIMINE* NO. 5**

Mission cannot rely on the hearsay statements of its co-conspirator to testify at trial that CBB declined loans—particularly loans that *CBB did not deny*. Such testimony would not only be inadmissible, but would *substantially* prejudice CBB by confusing the jury into potentially believed that CBB did decline certain loans, despite CBB not actually declining such loans. *See* Fed. R. Evid. 403. Della should similarly be excluded from testifying that CBB *actually declined* any of the loans at issue, because he has no foundation or basis for such statements (and in fact the CBB credit memos he impermissibly sent to Mission make clear that CBB had approved the loans, or recommended the same for approval). *See* Fed. R. Evid. 602.

### B. **Della's out of court statements are inadmissible hearsay because Mission intends to use them to prove the truth of the matter asserted**

#### i. *Della's Statements are Hearsay Under Fed. R. Evid. 801 and Do Not Qualify as Non-Hearsay Under Fed. R. Evid. 801(d)*

Della's alleged statements about whether the diverted loans were declined by CBB constitute hearsay because Mission intends to use them to prove the truth of the matter asserted, and the specific categories of non-hearsay under Rule 801(d) do not apply. Hearsay is not admissible pursuant to Rule 802 unless an exception or exemption applies. *See* Fed. R. Evid. 801-803. And Rule 801(c) defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Della's (false) statements to Congdon, Easterly, or anyone else asserting that the diverted loans were declined by CBB are all statements made by Della outside of court. *See supra* Section III.A. It is clear that Mission intends to use these statements to prove the truth of the matter asserted judging by 1) the arguments made in the motion for summary judgment, 2) the statement of facts submitted in support of their motion, 3) the declarations submitted in support of their motion, and 4) its counsel's refusal to agree to not rely on Della's out of court statements at trial. *See id.*; *see also* Timm Decl. ¶ 2. Specifically, it is clear Mission intends to rely on these hearsay statements to have its

4

**PLAINTIFF'S MOTION *IN LIMINE* NO. 5**

witnesses testify to the jury that CBB *declined* certain loans.  This statement would not only be based solely on inadmissible hearsay, but it would be false and would substantially prejudice CBB by giving the jury a false impression of CBB's conduct. *See* Fed. R. Evid. 403.  Mission's witnesses would be testifying as to conduct they lack *any* personal knowledge about, and cannot be allowed to do so, as discussed above.  *See* Fed. R. Evid. 602.

Mission has no grounds to argue that Della's statements are not hearsay because Della's statements do not fit into any of the categories of non-hearsay enumerated in Fed. R. Evid. 801(d).  First, Della's statements are not a "Declarant-Witness's Prior Statement" under Rule 801(d)(1) if recited at trial by Congdon, Easterly, or any other witness besides Della because it is **Della's** out of court statements that this Motion seeks to exclude (and particularly the incorrect statement that CBB declined certain loans). Rule 801(d)(1) only applies if the out of court declarant and witness reciting the out of court statement are the same person.  *See id.*  Further, Della himself would not be able to recite his own out of court statement because it is not inconsistent with his deposition testimony under Rule 801(d)(1)(A); is not being offered to rebut a charge of recent fabrication or recent improper influence under Rule 801(d)(1)(B)(i); is not being used to rehabilitate the declarant's credibility under Rule 801(d)(1)(B)(ii); and does not relate to identifying a person as someone Della perceived earlier under Rule 801(d)(1)(C).

Next, Della's out of court statements are not an "Opposing Party's Statement" under Rule 801(d)(2) because the statement was made by Della and would be offered by Mission against CBB. And Mission cannot make the comical argument that Della's statements to Mission while he still worked for CBB (but was engaged in a conspiracy with Mission) were on behalf of CBB and thus a statement of an opposing party. Either: ***CBB*** itself would have had to make the statements (it did not) under Rule 801(d)(2)(A); ***CBB*** would have had to manifest that it adopted or believed the statements to be true (it did not) under Rule 801(d)(2)(B); Della would have had to been authorized by CBB to make the statement in question on the subject in question (he was not) under Rule

5

**PLAINTIFF'S MOTION *IN LIMINE* NO. 5**

801(d)(2)(C); Della would have had to make the statement on a matter within the scope of his relationship with CBB and while it existed (he did not, as such statement was made specifically to support a conspiracy to impermissibly move business away from CBB and to Mission) under Rule 801(d)(2)(D); or the statement would have had to been made by one of **CBB**'s coconspirators (which Della was not) under Rule 801(d)(2)(E). *See*, *e.g.,* DE 1 (CBB's Complaint alleging that Della conspired with Mission and acted outside of the scope of his job at CBB to steal CBB's trade secrets). Della never had CBB's authorization to make the statements he did to Mission, and diverting loans to competitor banks was clearly outside of the scope of his relationship with CBB. *See id.*

Thus, Mission's use of Della's statements is clearly hearsay, and the specific categories of non-hearsay under Rule 801(d) do not apply.

      i. <u>*Della's Statements Do Not Qualify as Non-Hearsay Under the Effect on the Listener Rule*</u>

Although Della's statements are clearly hearsay if used to prove their truth and do not qualify as non-hearsay under Rule 801(d), Mission may argue that the statement qualifies as non-hearsay under the "effect on the listener" rule. However, this too fails.

Generally, a statement that would otherwise be hearsay if offered for its truth may be admitted if offered for proving its effect on the listener. *See United States v. Kenney*, 911 F.2d 315, 319 (9th Cir. 1990) (out of court statement admitted to show that listener was told that certain act was illegal); *United States v. Rogers*, 321 F.3d 1226, 1229 (9th Cir. 2003) (portion of complaint was admitted to show recipient's awareness of a scheme). But here, the only potential relevance of Della's out of court statements is to prove the truth of these statements – that CBB did decline certain transactions or not want certain customers. Moreover, the statement is actually *false*. As such, any usefulness of Della's statement to Mission is in its truth (*i.e.*, hearsay), and the only listeners Mission can point to are Easterly and/or Congdon, and Mission has not articulated any "effect" on either of them that this statement would be offered to prove.

6

**PLAINTIFF'S MOTION *IN LIMINE* NO. 5**

Mission may argue that the "effect" is merely Congdon and Easterly believing that the transactions were declined. But permitting Congdon and Easterly to testify that the transactions were declined because Della said so would swallow the rule. *See Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935 (9th Cir.), opinion amended on denial of reh'g, 313 F.3d 1093 (9th Cir. 2002) ("What the archivist said to Tur would, of course, be inadmissible hearsay, for the same reasons that what the editor said during the prior phone call was inadmissible hearsay. But Tur's declaration offered no account of what the archivist said…"). Permitting recitation of hearsay under the guise of explaining a listener's belief of the truth of the matter asserted in the hearsay statement is simply an end-run around the rule excluding hearsay. As such, Mission cannot show that this statement is anything other than inadmissible hearsay.

CBB cannot preemptively anticipate each and every argument Mission may make in opposition to this Motion, including how Mission might want to use this statement for a purpose *not* for the truth of it. If, however, Mission does have an argument that this Court is inclined to agree with, then CBB would ask for a limiting instruction to the jury that the statement would only be allowed for that specific purpose and expressly not for its truth. The limiting instruction CBB would seek would also include an express statement that the jury *should not* take the statement to mean or suggest that CBB actually did decline any of the loans at issue (which, again, CBB did not).

### C. **Misson is unable to rely on any cognizable exception to the rule against hearsay**

Although there are many exceptions to the rule against hearsay codified in Rule 803(1)-(23), none of them are applicable here. Della's statements are hearsay, and Mission will not be able to meet its burden to show that any exception to the rule against hearsay permits them to rely on Della's hearsay statements.

Preliminarily, Della's out of court verbal statements are not documents (or the absence of documents), and thus none of the exceptions codified in Rule 803(5) (Recorded Recollection); (6) (Records of a Regularly Conducted Activity); (7) (Absence

7

**PLAINTIFF'S MOTION *IN LIMINE* NO. 5**

of a Record); (8) (Public Records); (9) (Public Records of Vital Statistics); (10) (Absence of a Public Record); (11) (Records of Religious Organizations); (12) (Certificates); (13) (Family Records); (14) Records of Documents That Affect an Interest in Property; (15) (Statements in Documents That Affect an Interest in Property); (16) (Statements in Ancient Documents); (17) (Market Reports); or (18) (Treatises, Periodicals, or Pamphlets) apply.  This is particularly poignant here, as the actual documents demonstrate that CBB h*ad approved or recommended for approval* the various loans at issue.

Furthermore, most of the remaining exceptions are obviously inapplicable due to the subject matter of the hearsay statement at issue (the allegation that CBB declined certain loans).  Rule 803(19)-(21) do not apply because the statements are not recitations of a reputation concerning personal or family history, boundaries or general history, or character.  Additionally, Rule 803(22) and (23) do not apply because the statements do not relate to legal judgments.  Rule 803(4) does not apply because the statements do not relate to medical diagnosis or treatment.  And Rule 803(2) does not apply because there is no indication in the testimony of any of the witnesses that Mr. Della's explanation of loans being declined was an excited utterance relating to a startling event "made while [Della] was under the stress of the excitement that it caused."

Furthermore, Della's statements were not present sense impressions under Rule 803(1) because there is no evidence that Mr. Della told any of the Mission witnesses about the CBB loans being declined "while or immediately after [Della] perceived it." Indeed, there is no indication that Mr. Della perceived the "event" in question at all, and it is hotly disputed that any event (*i.e.*, CBB declining a loan) occurred in the first place. Furthermore, it is unclear how Mr. Della could have "perceived" the event, as he would have had to learn of the event (if it happened) second hand from another CBB employee anyways.

Finally, Della's statements cannot be excepted from the rule against hearsay by Rule 803(3), which reads as follows:

8

**PLAINTIFF'S MOTION *IN LIMINE* NO. 5**

> (3) Then-Existing Mental, Emotional, or Physical Condition. A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

Here, Della's statements did not relate to his mental, emotional, or physical condition. And while Della may have falsely represented to Mission that CBB did not want to pursue these transactions because Della planned to help Mission steal the loans, the statement itself is not about Della's motive, intent, or plan. Furthermore, even if it were a statement of Della's motive, intent, or plan, the second half of the rule precludes use of statements "of memory or belief to prove the fact remember or believed," which clearly implicates Della's statements. Mission's use of Della's hearsay statements is to prove the fact that Della remembered or believed: his memory or belief that CBB allegedly declined the loans he planned to divert to Mission. As such, FRE 803(3) does not apply.

Because Della's statements are hearsay and no exception applies, the Court must preclude Mission from eliciting testimony or introducing evidence of the statements at trial.

## IV. CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that this Court grant this motion.

Dated: September 27, 2024

**K&L GATES LLP**

By: */s/ Christina N. Goodrich*

9

**PLAINTIFF'S MOTION *IN LIMINE* NO. 5**

Christina N. Goodrich
Ryan Q. Keech
Zachary T. Timm
Connor J. Meggs
Katherine M. Ramos

*Attorneys for Plaintiff Citizens Business Bank*

10

**PLAINTIFF'S MOTION *IN LIMINE* NO. 5**