Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
Jonathan E. Phillips (SBN 233965)
*jphillips@larsonllp.com*
Catherine S. Owens (SBN 307626)
*cowens@larsonllp.com*
Tyler J. Franklin (SBN 324281)
*tfranklin@larsonllp.com*
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California 90071
Telephone:(213) 436-4888
Facsimile: (213) 623-2000

Attorneys for Defendant MISSION BANK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CITIZENS BUSINESS BANK, a California banking corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MISSION BANK, a California corporation and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 5:22-cv-01473-FLA-SP<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>**DEFENDANT MISSION BANK'S PROPOSED DISPUTED JURY INSTRUCTIONS**<br><br>Trial Date:          November 12, 2024 |

Defendant Mission Bank ("Mission") hereby submits its set of Proposed Disputed Jury Instructions following efforts to meet and confer with Plaintiff Citizens Business Bank ("CBB") regarding the same.

# INDEX OF JURY INSTRUCTION

| Instruction No. | Title | Source | Page Number |
|---|---|---|---|
| 1. | Claims and Defenses | 9th Cir. 1.5 | 1 |
| 2. | Burden of Proof—Clear and Convincing Evidence | 9th Cir. 1.7 | 2 |
| 3. | Liability of Corporations—Scope of Authority Not in Issue | 9th Cir. 4.2 | 3 |
| 4. | Agent and Principal—Definition | 9th Cir. 4.4 | 4 |
| 5. | Act of Agent Is Act of Principal—Scope of Authority Not in Issue | 9th Cir. 4.8 | 5 |
| 6. | Principal Sued but Not Agent—Agency or Authority Denied | 9th Cir. 4.12 | 6 |
| 7. | Conspiracy—Essential Factual Elements | CACI 3600 | 7-8 |
| 8. | Ongoing Conspiracy | CACI 3601 | 9 |
| 9. | Misappropriation of Trade Secrets—Introduction | CACI 4400 | 10-11 |

DEFENDANT MISSION BANK'S PROPOSED DISPUTED JURY INSTRUCTIONS

LARSON
LOS ANGELES

| Instruction No. | Title | Source | Page Number |
|---|---|---|---|
| 10. | Misappropriation of Trade Secrets— Essential Factual Elements | 18 U.S.C. § 1836(b)(1); *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020) | 12 |
| 11. | Misappropriation of Trade Secrets— Trade Secret Defined | 18 U.S.C. § 1839(3); *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020) | 13 |
| 12. | Misappropriation of Trade Secrets— Reasonable Efforts to Protect Secrecy | CACI 4404 | 14-15 |
| 13. | Misappropriation of Trade Secrets— Independent Economic Value | CACI 4412 | 16 |
| 14. | Misappropriation of Trade Secrets— Independent Economic Value | CACI § 4412 | 17 |
| 15. | Misappropriation of Trade Secrets— Misappropriation by Acquisition | 18 U.S.C.§ 1839(5)(A). | 18 |
| 16. | Misappropriation of Trade Secrets— Misappropriation by Disclosure | 18 U.S.C. § 1839(5)(B) | 19 |

| Instruction No. | Title | Source | Page Number |
|---|---|---|---|
| 17. | Misappropriation of Trade Secrets— Misappropriation by Use | 18 U.S.C. § 1839(5)(B) | 20 |
| 18. | Misappropriation of Trade Secrets— Improper Means Defined | 18 U.S.C. § 1839(6) | 21 |
| 19. | Intentional Interference with Contract Between CBB and Its Customers – Essential Elements | CACI 2201*; Coast Hematology-Oncology Assocs. Med. Grp., Inc. v. Long Beach Mem'l Med. Ctr.*, 58 Cal. App. 5th 748, 767 (2020) | 22 |
| 20. | Intentional Interference with Contract Between CBB and Its Employees – Essential Elements | CACI 2201; *Coast Hematology-Oncology Assocs. Med. Grp., Inc. v. Long Beach Mem'l Med. Ctr.,* 58 Cal. App. 5th 748, 767 (2020) | 23 |
| 21. | Intentional Interference with Prospective Economic Relations— Essential Elements | CACI 2202 | 24 |
| 22. | Negligent Interference with Prospective Economic Relations— Essential Factual Elements | CACI 2204 | 25 |
| 23. | Damages—Proof | 9th Cir. 5.1 | 25-27 |

| Instruction No. | Title | Source | Page Number |
|---|---|---|---|
| 24. | Misappropriation of Trade Secrets—Remedies | CACI 4409; 18 U.S.C. § 1836(b)(3)(B)(i) | 28 |
| 25. | Misappropriation of Trade Secrets—Unjust Enrichment Defined | CACI 4410; 18 U.S.C. § 1836(b)(3)(B)(i)(II) | 29 |
| 26. | Misappropriation of Trade Secrets—Exemplary Damages | CACI 4411; 18 U.S.C. § 1836(b)(3)(C); *Mattel, Inc. v. MGA Ent., Inc.*, 801 F. Supp. 2d 950, 952-953 (C.D. Cal. 2011) | 30 |
| 27. | Punitive Damages—State Law Claims | CACI 3945 | 31-32 |
| 28. | Damages on Multiple Legal Theories | CACI 3934 | 33 |

## INSTRUCTION NO. 1

### Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case concerns a dispute between two banks, Plaintiff Citizens Business Bank, which I will refer to as "CBB", and Defendant Mission Bank, which I will refer to as "Mission."

CBB alleges that Mission, in conspiracy with Dustin Della and others, misappropriated CBB's alleged trade secrets and used them to solicit CBB's current and prospective customers and employees. CBB asserts the following claims against Mission: (1) misappropriation of trade secrets under the Federal Defend Trade Secrets Act, (2) intentional interference with contractual relations, (3) intentional interference with prospective economic advantage, and (4) negligent interference with prospective economic advantage. CBB has the burden of proving these claims by a preponderance of the evidence.

Mission denies those claims and denies that it engaged in any wrongdoing. It is Mission's position that it did not steal or use any of CBB's alleged trade secrets and it did not unlawfully solicit any of CBB's customers or employees. Mission also contends that it did not engage in any conspiracy to engage in any such misconduct and that CBB has not sustained any damages as a result of any alleged misconduct.

Mission also contends as an affirmative defense that CBB's claims are barred because CBB failed to mitigate the damages it asserts. Mission has the burden of proof on this affirmative defense of mitigation of damages.

CBB denies Mission's affirmative defense, including that it is not a proper affirmative defense, and has no merit.

**Authority**: Ninth Circuit Manual of Model Civil Jury Instructions § 1.5 (2017).

LARSON
LOS ANGELES

1

## INSTRUCTION NO. 2

### Burden of Proof—Clear and Convincing Evidence

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.  This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Authority:**  Ninth Circuit Manual of Model Civil Jury Instructions § 1.7 (2017).

DEFENDANT MISSION BANK'S PROPOSED DISPUTED JURY INSTRUCTIONS

LARSON
LOS ANGELES

# INSTRUCTION NO. 3

## Liability of Corporations—Scope of Authority Not in Issue

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**Authority**: Ninth Circuit Manual of Model Civil Jury Instructions § 4.2 (2017).

DEFENDANT MISSION BANK'S PROPOSED DISPUTED JURY INSTRUCTIONS

LARSON
LOS ANGELES

# INSTRUCTION NO. 4

## Agent and Principal—Definition

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.  The other person is called a principal.  One may be an agent without receiving compensation for services. The agency agreement may be any oral or written.


**Authority**: Ninth Circuit Manual of Model Civil Jury Instructions § 4.4 (2017).

DEFENDANT MISSION BANK'S PROPOSED DISPUTED JURY INSTRUCTIONS

# INSTRUCTION NO. 5

## Act of Agent is Act of Principal—Scope of Authority Not in Issue

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

**Authority**: Ninth Circuit Manual of Model Civil Jury Instructions § 4.8 (2017).

LARSON
LOS ANGELES

DEFENDANT MISSION BANK'S PROPOSED DISPUTED JURY INSTRUCTIONS

# INSTRUCTION NO. 6

## Principal Sued but Not Agent—Agency or Authority Denied

Mission is sued as a principal. CBB claims that Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and Gary Gostanian were acting as Mission's agents.

If you find that Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, Gary Gostanian were the agents of Mission and were acting within the scope of authority, then any act or omission of Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and Gary Gostanian was the act or omission of Mission.

If you find that Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and Gary Gostanian were not acting within the scope of authority as Mission's agents, then you must find for Mission.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions § 4.12 (2017).

## INSTRUCTION NO. 7

### Conspiracy – Essential Factual Elements

CBB claims that it was harmed by Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and/or Gary Gostanian's misappropriation of CBB's Trade Secrets, intentional interference with CBB's contractual relationships with its customers and/or employees, intentional interference with CBB's prospective economic relationships with its customers and/or prospective customers, and negligent interference with CBB's prospective economic relationships with its customers and/or prospective customers and that Mission is responsible for the harm because it was part of a conspiracy to commit these acts.  A conspiracy is an agreement by two or more persons to commit a wrongful act. Such an agreement may be made orally or in writing or may be implied by the conduct of the parties.

If you find that Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and/or Gary Gostanian misappropriated CBB's Trade Secrets, intentionally interfered with CBB's contractual relationships with its customers and/or employees, intentionally interfered with CBB's prospective economic relationships with its customers and/or prospective customers, and/or negligently interfered with CBB's prospective economic relationships with its customers and/or prospective customers, , that harmed CBB , then you must determine whether Mission is also responsible for the harm. Mission is responsible if CBB proves both of the following:

1. Mission was aware that Dustin Della and/or others identified above planned to misappropriate CBB's Alleged Trade Secrets, intentionally interfere with CBB's contractual relationships with its customers and/or employees, intentionally interfere with CBB's prospective economic relationships with its customers

and/or prospective customers, and/or negligently interfere with CBB's prospective economic relationships with its customers and/or prospective customers; and

2. That Mission agreed with Della and/or others identified above and intended that the above-described acts be committed.

Mere knowledge of a wrongful act without cooperation or an agreement to cooperate is insufficient to make Mission responsible for the harm.

A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged coconspirators. CBB is not required to prove that Mission personally committed a wrongful act or that it knew all the details of the agreement or the identities of all the other participants.

**Authority:** CACI § 3600.

**INSTRUCTION NO. 8**

**Ongoing Conspiracy**

If you decide that Mission joined the conspiracy to commit misappropriation of trade secrets, intentional interference with contract, intentional interference with prospective economic relations, and negligent interference with prospective economic relations, then Mission is responsible for all acts done as part of the conspiracy, whether the acts occurred before or after it joined the conspiracy.

**Authority:**  CACI § 3601.

LARSON
LOS ANGELES

DEFENDANT MISSION BANK'S PROPOSED DISPUTED JURY INSTRUCTIONS

**INSTRUCTION NO. 9**

**Misappropriation of Trade Secrets – Introduction**

CBB claims that it was, and is, the owner of the following alleged trade secrets:

a. Compilations of confidential customer information;

    i. The specific documents and trade secrets within this category include: pipeline data and reports (Ex. 122(DD0000537-538); Ex. 54 (MB20589-MB20590); Ex. 169 (MB51882-1885); Ex. 381 (MB134560-MB134563); Ex. 385 (MB05824-MB05825); a spreadsheet showing PPP loan list (Ex. 9 (CBB_005510-CBB_005511 )); a Promo Rate Report (Ex. 10 (CBB_005610-CBB_005611)); and other documents containing customer information (including loan rates, terms, deposit pricing, fees, banking history, special requests, key contact information), (Ex. 261 (DD000224); Ex. 155 (DD000226); Ex. 51 (DD000586); Ex. 114 (DD0006968); Ex. 334 (DD0007201); Ex. 121 (DD0007352); Ex. 116 (DD0007042); Ex. 335 (DD0007324); Ex. 336 (DD0007414); Ex. 166 (DD0007541); Ex. 337 (DD0007998); Ex. 214 (DD000175)).

b. Credit Memos (Ex. 12 (MB06958-MB06976); Ex. 105 (DD0000006 – DD0000023); Ex. 106 (MB54229 – MB54245); Ex. 109 (DD0000031 – DD0000063); Ex. 111 (DD0000083 – DD0000113); Ex. 112 DD0000115 – DD0000165); Ex. 136 (DD6975-6993); Ex. 137 (DD0000185-201); Ex. 138 (MB37314-37329); Ex. 153 (MB083302-083351); Ex. 156 (DD0000254-DD0000272); Ex. 213 (MB06977 – MB06995); Ex. 219 (MB37313–37329); Ex. 220 (MB54167–54175); Ex. 224 (MB083248–MB083264); Ex. 249 (MB083229-MB083245); Ex. 333 (CBB-000310 – CBB-000333)); and

LARSON
LOS ANGELES

c.  The Suncrest Bank Loan Policy (Ex. 65B (MB54483-MB54556); Ex. 158 (DD0008397-DD0008398); Ex. 239 (MB54560); and other policies and procedures (Ex. 223 (DD0003191 – 3199)).

These documents and information are collectively referred to as "CBB's Alleged Trade Secrets."  CBB claims that these materials are trade secrets and that Mission misappropriated them.

"Misappropriation" means the improper acquisition, use, or disclosure of the trade secrets.  CBB also claims that Mission's misappropriation caused CBB to be harmed and caused Mission to be further unjustly enriched.

Mission denies these allegations and also contends as an affirmative defense that CBB failed to mitigate its asserted damages.

**Authority:**  CACI § 4400.

LARSON
LOS ANGELES

# SPECIAL INSTRUCTION NO. 10

## Misappropriation of Trade Secrets – Essential Factual Elements

To succeed on its claim for misappropriation of trade secrets, CBB must prove:

1. That CBB possessed one or more of the CBB's Alleged Trade Secrets as identified and defined in the prior instruction;

2. That Mission misappropriated one or more of CBB's Trade Secrets; and

3. That Mission's misappropriation caused harm to CBB.

4.   That Mission's misappropriation was a substantial factor in causing harm to CBB.


**Authority:**   18 U.S.C. § 1836(b)(1); *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020) (To succeed on a claim for misappropriation of trade secrets under the DTSA, a plaintiff must prove: (1) that the plaintiff possessed a trade secret, (2) that the defendant misappropriated the trade secret; and (3) that the misappropriation caused or threatened damage to the plaintiff.).

DEFENDANT MISSION BANK'S PROPOSED DISPUTED JURY INSTRUCTIONS

LARSON
LOS ANGELES

# SPECIAL INSTRUCTION NO. 11

## Misappropriation of Trade Secrets—Trade Secret Defined

All forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing may qualify as a "trade secret." To prove that each of the Alleged Trade Secrets are trade secrets, CBB must prove all of the following for each Alleged Trade Secret:

(1)    That CBB has taken reasonable measures to keep the Alleged Trade Secret secret; and

(2)    That the Alleged Trade Secret derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

**Authority:**  18 U.S.C. § 1839(3); *InteliClear, LLC v. ETC Glob. Holdings, Inc.,* 978 F.3d 653, 657 (9th Cir. 2020)

**INSTRUCTION NO. 12**

**Misappropriation of Trade Secrets—Reasonable Efforts to Protect Secrecy**

To establish that the Alleged Trade Secrets are trade secrets, CBB must prove that it made reasonable efforts under the circumstances to keep them secret. "Reasonable efforts" are the efforts that would be made by a reasonable business in the same situation and having the same knowledge and resources as CBB, exercising due care to protect important information of the same kind.  This requirement applies separately to each Alleged Trade Secret.

In determining whether or not CBB made reasonable efforts to keep the Alleged Trade Secrets secret, you should consider all of the facts and circumstances. Among the factors you may consider are the following:

    a.    Whether documents or computer files containing the information were marked with confidentiality warnings;

    b.    Whether CBB instructed its employees to treat the information as confidential;

    c.    Whether CBB restricted access to the information to persons who had a business reason to know the information;

    d.    Whether CBB kept the information in a restricted or secured area;

    e.    Whether CBB required employees or others with access to the information to sign confidentiality or nondisclosure agreements;

    f.    Whether  CBB took any action to protect the specific information, or whether it relied on general measures taken to protect its business information or assets;

    g.    The extent to which any general measures taken by CBB would prevent the unauthorized disclosure of the information; and

    h.    Whether there were other reasonable measures available to CBB that it did not take;

1

2       The presence or absence of any one or more of these factors is not necessarily

3 determinative.

4

5       **Authority:** CACI § 4404.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **INSTRUCTION NO. 13**

2    **Misappropriation of Trade Secrets—Independent Economic Value**

3    Information has independent economic value if it gives the owner an actual or

4    potential business advantage over others who do not know the information and who

5    could obtain economic value from its disclosure or use.

6    In determining whether information had actual or potential independent

7    economic value because it was secret, you may consider the following:

8    (a)    The extent to which CBB obtained or could obtain economic value

9    from the information in keeping it secret;

10    (b)    The extent to which others could obtain economic value from the

11    information if it was not secret;

12    (c)    The amount of time, money, or labor that CBB expended in developing

13    the information; and

14    (d)    The amount of time, money, or labor that would be saved by a

15    competitor who used the information;

16    The presence or absence of any one or more of these factors is not necessarily

17    determinative.

18

19    **Authority:**  CACI § 4412.

20

21

22

23

24

25

26

27

28

# SPECIAL INSTRUCTION NO. 14

## Misappropriation of Trade Secrets—Misappropriation by Acquisition

To prove that Mission misappropriated CBB's Alleged Trade Secrets by acquisition, CBB must prove for each of CBB's Alleged Trade Secrets that:

(1)    Mission acquired the Alleged Trade Secret; and

(2)    Mission knew or had reason to know that the Alleged Trade Secret was acquired by improper means.

**Authority:**  18 U.S.C. § 1839(5)(A).

DEFENDANT MISSION BANK'S PROPOSED DISPUTED JURY INSTRUCTIONS

LARSON
LOS ANGELES

# SPECIAL INSTRUCTION NO. 15

## Misappropriation of Trade Secrets—Misappropriation by Disclosure

To prove that Mission misappropriated CBB's Alleged Trade Secrets by disclosure, CBB must prove for each of CBB's Alleged Trade Secrets that:

(1)     Mission disclosed the Alleged Trade Secret without CBB's express or implied consent;

(2)     Mission used improper means to acquire knowledge of the Alleged Trade Secret; and

(3)     At the time of disclosure, Mission knew or had reason to know that knowledge of the Alleged Trade Secret was either:

(a)     Derived from or through a person who had used improper means to acquire the Alleged Trade Secret;

(b)     Acquired under circumstances giving rise to a duty to maintain the secrecy of the Alleged Trade Secret or limit the use of the Alleged Trade Secret; or

(c)     Derived from or through a person who owed a duty to CBB to maintain the secrecy of the Alleged Trade Secret or limit the use of the Alleged Trade Secret.

**Authority:**  18 U.S.C. § 1839(5)(B).

# SPECIAL INSTRUCTION NO. 16

## Misappropriation of Trade Secrets—Misappropriation by Use

To prove that Mission misappropriated CBB's Alleged Trade Secrets by use, CBB must prove for each of CBB's Alleged Trade Secrets that:

(1)    Mission used the Alleged Trade Secret without CBB's express or implied consent;

(2)    Mission used improper means to acquire knowledge of the Alleged Trade Secret; and

(3)    At the time of use, Mission knew or had reason to know that knowledge of the Alleged Trade Secret was either:

(a)    Derived from or through a person who had used improper means to acquire the Alleged Trade Secret;

(b)    Acquired under circumstances giving rise to a duty to maintain the secrecy of the Alleged Trade Secret or limit the use of the Alleged Trade Secret; or

(c)    Derived from or through a person who owed a duty to CBB to maintain the secrecy of the Alleged Trade Secret or limit the use of the Alleged Trade Secret.


**Authority:**  18 U.S.C. § 1839(5)(B).

# SPECIAL INSTRUCTION NO. 17

## Misappropriation of Trade Secrets—Improper Means Defined

"Improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of duty to maintain secrecy, or espionage through electronic or other means but does not include reverse engineering, independent derivation, or any other lawful means of acquisition.

**Authority:**  18 U.S.C. § 1839(6).

**INSTRUCTION NO. 18**

**Intentional Interference with Contract Between CBB and Its Customers –**
**Essential Elements**

CBB claims that Mission  intentionally interfered with the Alleged Contractual Relationships between CBB and its customers. To establish this claim, CBB must prove all of the following for each of the Alleged Contractual Relationships between CBB and its customers:

1.    That there was a contract between CBB and the specific customer;

2.    That Mission knew of the Alleged Contractual Relationship;

3.    That Mission's conduct prevented performance of the Alleged Contractual Relationship or made performance more expensive or difficult;

4.    That Mission interfered with the Alleged Contractual Relationship using wrongful means by misappropriating one or more of CBB's Alleged Trade Secrets;

5.    That Mission intended to disrupt the performance of the Alleged Contractual Relationship, or knew that disruption of performance was certain or substantially certain to occur;

6.    That CBB was harmed; and

7.    That Mission's conduct was a substantial factor in causing CBB's harm.

**Authority:**  CACI § 2201; *Coast Hematology-Oncology Assocs. Med. Grp., Inc. v. Long Beach Mem'l Med. Ctr.*, 58 Cal. App. 5th 748, 767 (2020).

# INSTRUCTION NO. 19

## Intentional Interference with Contract Between CBB and Its Employees – Essential Elements

CBB claims that Mission intentionally interfered with the Alleged Contractual Relationships between CBB and its employees.  To establish this claim, CBB must prove all of the following for each of the Alleged Contractual Relationships between CBB and its employees:

1.    That there was a contract between CBB and the specific employee;

2.    That Mission knew of the Alleged Contractual Relationship;

3.    That Mission's conduct prevented performance of the Alleged Contractual Relationship or made performance more expensive or difficult;

4.    That Mission interfered with the Alleged Contractual Relationship using wrongful means by misappropriating one or more of CBB's Alleged Trade Secrets;

5.    That Mission intended to disrupt the performance of the Alleged Contractual Relationship, or knew that disruption of performance was certain or substantially certain to occur following Mission's conduct;

6.    That CBB was harmed; and

7.    That Mission's conduct was a substantial factor in causing CBB's harm.

**Authority:**  CACI § 2201; *Coast Hematology-Oncology Assocs. Med. Grp., Inc. v. Long Beach Mem'l Med. Ctr.*, 58 Cal. App. 5th 748, 767 (2020).

# INSTRUCTION NO. 20

## Intentional Interference with Prospective Economic Relations—Essential Elements

CBB claims that intentionally interfered with the Alleged Economic Relationships between CBB and its customers and prospective customers that probably would have resulted in an economic benefit to CBB. To establish this claim, CBB must prove all of the following for each of the Alleged Economic Relationships between CBB and its customers and prospective customers:

1.      That CBB and the specific customer were in an economic relationship that probably would have resulted in an economic benefit to CBB;

2.      That Mission knew of the Alleged Economic Relationship;

3.      That Mission engaged in wrongful conduct by misappropriating one or more of CBB's Alleged Trade Secrets;

4.      That, by engaging in this wrongful conduct, Mission intended to disrupt the Alleged Economic Relationship, or knew that disruption of the Alleged Economic Relationship was certain or substantially certain to occur;

5.      That the Alleged Economic Relationship was disrupted;

6.      That CBB was harmed; and

7.      That Mission's conduct was a substantial factor in causing CBB's harm.

**Authority:** CACI § 2202.

**INSTRUCTION NO. 21**

**Negligent Interference with Prospective Economic Relations—Essential Factual Elements**

CBB claims that Mission  negligently interfered with the Alleged Economic Relationships between CBB and CBB's customers and prospective customers that probably would have resulted in an economic benefit to CBB.  To establish this claim, CBB must prove all of the following for each of the Alleged Economic Relationships between CBB and CBB's customers and prospective customers:

1.     That CBB and the specific customer were in an economic relationship that probably would have resulted in a future economic benefit to CBB;

2.     That Mission knew or should have known of the Alleged Economic Relationship;

3.     That Mission knew or should have known that the Alleged Economic Relationship would be disrupted if it failed to act with reasonable care;

4.     That Mission failed to act with reasonable care;

5.     That Mission engaged in wrongful conduct by misappropriating one or more of CBB's Alleged Trade Secrets;

6.     That the Alleged Economic Relationship was disrupted;

7.     That CBB was harmed; and

8.     That Mission's wrongful conduct was a substantial factor in causing CBB's harm.

**Authority:**  CACI § 2204.

LARSON
LOS ANGELES

**INSTRUCTION NO. 22**

**Damages—Proof**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for CBB on its claim for trade secret misappropriation, you must determine CBB's damages. CBB has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. In determining the amount of damages CBB has suffered, you should consider the following:

- Any profits CBB has lost as a result of Mission's misappropriation of the Alleged Trade Secrets; and

- Any unjust enrichment Mission has obtained as a result of Mission's misappropriation of the Alleged Trade Secrets that is not addressed in computing any lost profits.

If you find for CBB on its claim for intentional interference with contractual relationship between CBB and its customers and/or employees, you must determine CBB's damages. CBB has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. In determining the amount of damages CBB has suffered, you should consider the following:

- Any profits CBB has lost as a result of Mission's intentional interference with the Alleged Contractual Relationships between CBB and its customers and/or employees.

1

2    If you find for CBB on its claim for intentional interference with prospective

3    economic relationships between CBB and its customers and prospective customers,

4    you must determine CBB's damages.  CBB has the burden of proving damages by a

5    preponderance of the evidence.  Damages means the amount of money that will

6    reasonably and fairly compensate the plaintiff for any injury you find was caused by

7    the defendant.  In determining the amount of damages CBB has suffered, you should

8    consider the following:

9    • Any profits CBB has lost as a result of Mission's intentional

10    interference with the Alleged Economic Relationships between

11    CBB and its customers and prospective customers.

12

13    If you find for CBB on its claim for negligent interference with prospective

14    economic relationships between CBB and its customers and prospective customers,

15    you must determine CBB's damages.  CBB has the burden of proving damages by a

16    preponderance of the evidence.  Damages means the amount of money that will

17    reasonably and fairly compensate the plaintiff for any injury you find was caused by

18    the defendant.  In determining the amount of damages CBB has suffered, you should

19    consider the following:

20    • Any profits CBB has lost as a result of Mission's negligent

21    interference with the Alleged Economic Relationships between

22    CBB and its customers and prospective customers.

23

24

25    It is for you to determine what damages, if any, have been proved.

26    Your award must be based upon evidence and not upon speculation, guesswork

27    or conjecture.

28

1   **Authority:**   Ninth Circuit Manual of Model Civil Jury Instructions § 5.1

2   (2017).

# INSTRUCTION NO. 23

## Misappropriation of Trade Secrets—Remedies

If CBB proves that Mission misappropriated its trade secrets, then CBB is entitled to recover damages if the misappropriation caused CBB to suffer an actual loss or Mission to be unjustly enriched.

**Authority:**  CACI § 4409; 18 U.S.C. § 1836(b)(3)(B)(i).

1

**INSTRUCTION NO. 24**

2

**Misappropriation of Trade Secrets—Unjust Enrichment Defined**

3      Mission has been unjustly enriched by misappropriating CBB's Trade Secrets

4  if it received any benefit that it otherwise would not have achieved.

5      To decide the amount of any unjust enrichment, first determine the value of

6  Mission's benefit that would not have been achieved except for its misappropriation.

7  Then subtract from that amount of Mission's reasonable expenses. In calculating the

8  amount of any unjust enrichment, do not take into account any amount that you

9  included in determining any amount of damages for CBB's actual loss.

10

11      **Authority:** CACI § 4410; 18 U.S.C. § 1836(b)(3)(B)(i)(II).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 25**

**Misappropriation of Trade Secrets—Exemplary Damages**

If you decide that Mission's misappropriation caused CBB harm, you must decide whether that conduct justifies an award of exemplary damages. The purpose of exemplary damages are to punish a wrongdoer for the conduct that harmed CBB and to discourage similar conduct in the future.

In order to recover exemplary damages, CBB must prove by clear and convincing evidence that Mission acted willfully and maliciously. You must determine whether Mission acted willfully and maliciously, but you will not be asked to determine the amount of any punitive damages. I will calculate that amount later.

"Willfully" means that Mission acted with a purpose of willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not undertaken in good faith.

"Maliciously" means that Mission acted with an intent to cause injury, or that Mission's conduct was despicable and was done with a willful and knowing disregard for the rights of others.

"Despicable conduct" is conduct so vile, base, or wretched that it would be looked down on and despised by ordinary decent people. Mission acted with knowing disregard if it was aware of the probable consequences of its conduct and deliberately failed to avoid those consequences.

**Authority:** CACI § 4411; 18 U.S.C. § 1836(b)(3)(C); *Mattel, Inc. v. MGA Ent., Inc.*, 801 F. Supp. 2d 950, 952-953 (C.D. Cal. 2011).

**INSTRUCTION NO. 26**

**Punitive Damages—State Law Claims**

If you determine that Mission intentionally interfered with CBB's Alleged Contractual Relationships with its customers or employees or Alleged Economic Relationships with its customers or prospective customers, you must decide whether that conduct justifies an award of punitive damages. The purpose of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Mission only if CBB proves that Mission engaged in that conduct with malice, oppression, or fraud. To do this, CBB must prove one of the following by clear and convincing evidence:

(1)    That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Mission, who acted on behalf of Mission;

(2)    That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Mission; or

(3)    That one or more officers, directors, or managing agents of Mission knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Mission acted with intent to cause injury or that Mission's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Mission's conduct was despicable and subjected CBB to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

LARSON
LOS ANGELES

DEFENDANT MISSION BANK'S PROPOSED DISPUTED JURY INSTRUCTIONS

"Fraud" means that Mission intentionally misrepresented or concealed a material fact and did so intending to harm CBB.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decisionmaking such that the employee's decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.  If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a)   How reprehensible was Mission's conduct?   In deciding how reprehensible Mission's conduct was, you may consider, among other factors:

1.   Whether the conduct caused physical harm;

2.   Whether Mission disregarded the health or safety of others;

3.   Whether CBB was financially weak or vulnerable and Mission knew CBB was financially weak or vulnerable and took advantage of it;

4.   Whether Mission's conduct involved a pattern or practice; and

5.   Whether Mission acted with trickery or deceit.

(b)   Is there a reasonable relationship between the amount of punitive damages and CBB's harm that Mission knew was likely to occur because of its conduct]?

(c)    In view of Mission's financial condition, what amount is necessary to punish it and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because Mission has substantial financial resources.  Any award you impose may not exceed Mission's ability to pay.


**Authority:**  CACI § 3945.

**INSTRUCTION NO. 27**

**Damages on Multiple Legal Theories**

CBB seeks damages from Mission under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Mission is liable to CBB under the following legal theories:

1.  Misappropriation of trade secrets in violation of the Federal Defend Trade Secrets Act located in Title 18 of the United States Code, beginning at section 1836;

2.  Intentional interference with contractual relationships between CBB, on the one hand, and both CBB's customers and employees, on the other hand;

3.  Intentional interference with the prospective economic relationships between CBB and its customers and prospective customers;

4.  Negligent interference with the prospective economic relationships between CBB and its customers and prospective customers;

The following items of damages are recoverable only once under all of the above legal theories:

1. Lost profits;

2. Unjust enrichment; and

2.  Punitive or exemplary damages.

**Authority:** CACI § 3934.

Dated:  October 11, 2024           LARSON LLP

By:     _/s/ Stephen G. Larson_

Stephen G. Larson
Jonathan E. Phillips
Catherine S. Owens
Tyler J. Franklin
Attorneys for Defendant MISSION BANK