**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001
Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Ryan Q. Keech (SBN 280306)
ryan.keech@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
Katherine M. Ramos (SBN 351481)
katy.ramos@klgates.com

*Attorneys for Plaintiff*
*CITIZENS BUSINESS BANK*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS BUSINESS BANK, a California banking corporation,<br><br>Plaintiff,<br><br>v.<br><br>MISSION BANK, a California corporation and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 5:22-cv-01473-FLA-SP<br><br>**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**<br><br>Final Pretrial Conference:    October 25, 2024<br><br>Jury Trial:    November 12, 2024 |

# INDEX OF JURY INSTRUCTION

| Instruction No. | Title | Source | Page Number |
|---|---|---|---|
| 42. | Claims and Defenses | 9th Cir. 1.4 | 1 |
| 43. | Liability of Corporations—Scope of Authority Not in Issue | 9th Cir. 4.2 | 3 |
| 44. | Agent and Principal—Definition | 9th Cir. 4.4 | 4 |
| 45. | Act of Agent is Act of Principal—Scope of Authority Not in Issue | 9th Cir. 4.8 | 5 |
| 46. | Principal Sued but Not Agent—No Issue as to Agency or Authority | 9th Cir. 4.10 | 6 |
| 47. | Allegation of Conspiracy | *KKMB, LLC v. Khader*, No. CV 18-5170-GW-JPRX, 2021 WL 3494643, at *10 (C.D. Cal. June 21, 2021) | 7 |

i

| 48. | Definition of a Conspiracy | *Kidron v. Movie Acquisition Corp.*, 40 Cal.App.4th 1571, 1581 (1995); *KKMB, LLC v. Khader*, No. CV 18-5170-GW-JPRX, 2021 WL 3494643, at *10 (C.D. Cal. June 21, 2021) | 8 |
| 49. | Conspiracy – Essential Factual Elements | CACI 3600 | 9 |
| 50. | Ongoing Conspiracy | CACI 3601 | 11 |
| 51. | Misappropriation of Trade Secrets – Introduction | CACI 4400 | 12 |
| 52. | Misappropriation of Trade Secrets – Essential Factual Elements | *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020); *Chartwell Staffing Servs. v. Atl. Sols. Grp.*, No. 819CV00642JLSJDE, 2019 WL 2177262, at *5 (C.D. Cal. May 20, 2019)18 U.S.C. § 1839(5); 18 U.S.C. § | 14 |

**INDEX OF CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

| | | | |
|---|---|---|---|
| | | 1836(b); *Creative Writer Software, LLC v. Schechter,* No. CV2302471MWFMAAX, 2024 WL 1098759, at *2 (C.D. Cal. Feb. 8, 2024) | |
| 53. | Misappropriation of Trade Secrets—Trade Secret Defined | 18 U.S.C.A. § 1839(3); *InteliClear, LLC v. ETC Glob. Holdings, Inc.,* 978 F.3d 653, 657 (9th Cir. 2020) | 15 |
| 54. | Compilations and Customer Information as Trade Secret | *Sun Distrib. Co., LLC v. Corbett*, No. 18-CV-2231-BAS-BGS, 2018 WL 4951966, at *3 (S.D. Cal. Oct. 12, 2018)*; Wanke, Indus., Com., Residential, Inc. v. Keck*, 209 Cal. App. 4th 1151, 1174 (2012), *as modified on denial of reh'g* (Oct. 29, 2012); *Chartwell Staffing Servs. Inc. v. Atl. Sols. Grp. Inc.*, No. 819CV00642JLSJDE, 2019 WL 2177262, at *5 (C.D. Cal. May 20, 2019); *MAI Sys. Corp. v. Peak* | 16 |

**INDEX OF CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

| | | | *Computer, Inc.*, 991 F.2d 511, 521 (9th Cir. 1993); *United States v. Nosal*, 844 F.3d 1024, 1043 (9th Cir. 2016); *see also, Chartwell*, 2019 WL 2177262, at *6 | |
| --- | --- | --- | --- | --- |
| 55. | Secrecy Requirement | | 18 U.S.C. § 1839(3)(A); *Xsolla (USA), Inc. v. Aghanim Inc.*, No. 2:24-CV-02116-ODW (AGRX), 2024 WL 4139615, at *8 (C.D. Cal. Sept. 10, 2024); *InfoSpan, Inc. v. Emirates NBD Bank PJSC*, No. SACV111062JVSANX, 2015 WL 13357646, at *3 (C.D. Cal. May 6, 2015) | 17 |
| 56. | Misappropriation of Trade Secrets – Reasonable Efforts to Protect Secrecy | | *InfoSpan, Inc. v. Emirates NBD Bank PJSC*, No. SACV111062JVSANX, 2015 WL 13357646, at *3 (C.D. Cal. May 6, 2015); *Xsolla (USA), Inc. v. Aghanim Inc.*, No. 2:24- | 18 |

iv

**INDEX OF CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

| | | | | |
|---|---|---|---|---|
| | | | CV-02116-ODW (AGRX), 2024 WL 4139615, at *8 (C.D. Cal. Sept. 10, 2024); *Sun Distrib. Co., LLC v. Corbett*, No. 18-CV-2231-BAS-BGS, 2018 WL 4951966, at *4 (S.D. Cal. Oct. 12, 2018); *Morlife*, 56 Cal. App. 4th at 1523; *Courtesy Temp. Serv. v. Camacho*, 222 Cal. App. 3d 1278, 1288 (1990) | |
| 57. | Misappropriation of Trade Secrets— Independent Economic Value | | *Xsolla (USA), Inc. v. Aghanim Inc.*, No. 2:24-CV-02116-ODW (AGRX), 2024 WL 4139615, at *8 (C.D. Cal. Sept. 10, 2024); *Nelson Bros. Pro. Real Est. LLC v. Jaussi*, No. SACV170158DOCJCGX, 2017 WL 8220703, at *5 (C.D. Cal. Mar. 23, 2017); *Attia v. Google LLC*, 983 F.3d 420, 425–26 (9th Cir. 2020) | 20 |

**INDEX OF CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

| | | | |
|---|---|---|---|
| 58. | CBB did not Consent to Mission Receiving, Disclosing, or Using CBB's Trade Secrets | | 21 |
| 59. | Misappropriation of Trade Secrets— Misappropriation by Acquisition | 18 U.S.C § 1839(5)(A) | 22 |
| 60. | Misappropriation of Trade Secrets— Misappropriation by Disclosure | 18 U.S.C. § 1839(5)(B) | 23 |
| 61. | Misappropriation of Trade Secrets— Misappropriation by Use | 18 U.S.C. § 1839(5)(B) | 24 |
| 62. | Misappropriation of Trade Secrets— Improper Means Defined | 18 U.S.C. § 1839(6) | 25 |

vi
**INDEX OF CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

| 63. | Misappropriation of Trade Secrets— Remedies | 18 U.S.C. § 1836(b)(3) | 26 |
|---|---|---|---|
| 64. | Misappropriation of Trade Secrets—Unjust Enrichment Defined | *EchoSpan, Inc. v. Medallia, Inc.*, No. 22-CV-01732-NC, 2024 WL 3463967, at *3 (N.D. Cal. Jan. 17, 2024); *see also EchoSpan, Inc. v. Medallia, Inc.*, No. 22-CV-01732-NC, Dkt. No. 385 at 16 (N.D. Cal. October 30, 2023); *Monster Energy Co. v. Vital Pharms., Inc.*, No. EDCV181882JGBSHKX, 2022 WL 17218077, at *19 (C.D. Cal. Aug. 2, 2022) | 27 |
| 65. | Misappropriation of Trade Secrets—Burden of Proof of Costs/Deductions | RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 45 cmt. f (1995); *see also* 15 U.S.C.A. § 1117 | 28 |

**INDEX OF CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

| | | | |
|---|---|---|---|
| | from Mission's Revenue | | |
| 66. | Misappropriation of Trade Secrets— Exemplary Damages For Trade Secret Misappropriation | 18 U.S.C. § 1836(b)(3)(C) | 29 |
| 67. | Award of Attorneys' Fees for Trade Secrets Misappropriation | 18 U.S.C. § 1836(b)(3)(D) | 30 |
| 68. | Willful and Malicious Defined | *SPS Techs., LLC v. Briles Aerospace, Inc.*, No. CV 18-9536-MWF (ASX), 2021 WL 5785264, at *13 (C.D. Cal. Sept. 3, 2021); *EchoSpan, Inc. v. Medallia, Inc.*, No. 22-CV-01732-NC, Dkt. No. 385 at 17 (N.D. Cal. October 30, 2023). | 31 |
| 69. | Intentional Interference with Contract Between CBB and Its | CACI § 2201 | 32 |

**INDEX OF CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

| | | | |
|---|---|---|---|
| | Customers – Essential Elements | | |
| 70. | Intentional Interference with Contract Between CBB and Its Employees – Essential Elements | CACI § 2201 | 33 |
| 71. | Intentional Interference with Contract – No Need for Actual Breach of Contract | *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1129 (1990) | 34 |
| 72. | Intentional Interference with Prospective Economic Relations— Essential Elements | CACI § 2202 | 35 |
| 73. | Prospective Economic Relation Defined | *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118 (1990)*; Roth v. Rhodes*, | 37 |

**INDEX OF CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

| | | | |
|---|---|---|---|
| | | 25 Cal.App.4th 530 (1994); *Overhill Farms, Inc. v. Lopez,* 190 Cal.App.4th 1248 (2010)*; CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099 (9th Cir. 2007) | |
| 74. | Negligent Interference with Prospective Economic Relations— Essential Factual Elements | CACI § 2204 | 38 |
| 75. | Damages—Proof | 9th Cir. 5.1 & 5.2 | 40 |
| 76. | Punitive Damages | 9th Cir. 5.5 | 44 |
| 77. | Punitive Damages—State Law Claims | *Focal Point Films, LLC v. Sandhu*, No. 19-CV-02898-JCS, 2019 WL 7020209, at *12 (N.D. Cal. Dec. 20, 2019). *See Anglo-Am. Gen. Agents v. Jackson Nat. Life Ins. Co.*, 83 F.R.D. 41, 45 (N.D. Cal. 1979); *Robi v. Five Platters, Inc.*, 918 F.2d | 46 |

**INDEX OF CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

| | | 1439, 1443 (9th Cir. 1990); Cal. Civ. Code § 3294 | |
|---|---|---|---|
| 78. | "Constructive Knowledge" Defined | | 47 |
| 79. | "Reasonable Care" Defined | | 48 |
| 80. | "Goodwill" Defined | | 49 |
| 81. | Other Damages - Disgorgement | | 50 |

**INDEX OF CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 42**

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Citizens Business Bank ("CBB") asserts that:

1. Defendant Mission Bank ("Mission")  misappropriated CBB's Trade Secrets for Mission's benefit in violation of the Federal Defend Trade Secrets Act located in Title 18 of the United States Code, beginning at section 1836;

2. Mission intentionally interfered with contractual relationships between CBB, on the one hand, and both CBB's customers and employees on the other hand;

3. Mission intentionally interfered with the prospective economic relationships between CBB and its customers and prospective customers;

4. Mission negligently interfered with the prospective economic relationships between CBB and its customers and prospective customers; and

5. Mission engaged in unlawful and unfair business practices for its own benefit, and to the detriment of CBB, in violation of California Business and Professions Code beginning at section 17200.

6. Mission engaged in a common design (also known as a "conspiracy") with one or more of Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, Stuart Annabele, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and/or Gary Gostanian.  By the nature of this conspiracy, Mission is liable to CBB for all conduct committed by any of its co-conspirators that caused harm to CBB.  Specifically, this conspiracy included:

    a. Misappropriating CBB's Trade Secrets for Mission's benefit;

    b. Intentionally interfering with CBB's contractual relationships between CBB, on the one hand, and CBB's customers and employees on the other hand;

1

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

c. Intentionally interfering with CBB's prospective economic relationships between CBB, on the one hand, and CBB's customers and prospective customers on the other hand;

d. Negligently interfering with CBB's prospective economic relationships between CBB, on the one hand, and CBB's customers and prospective customers on the other hand; and

e. Allowing and assisting in Mission's unfair and unlawful business practices and unfair competition with CBB.

CBB has the burden of proving these claims by a preponderance of the evidence. Defendant Mission denies those claims and contends that:

1. Mission did not unlawfully acquire, use, or disclose CBB's Alleged Trade Secrets;

2. CBB's Alleged Trade Secrets do not qualify as trade secrets under the Federal Defend Trade Secrets Act;

3. Mission did not intentionally interfere with contractual relationships between CBB and its customers and employees;

4. Mission did not intentionally or negligently interfere with the prospective economic relationships between CBB and its customers and prospective customers;

5. Mission did not engage in a conspiracy to engage in any such misconduct; and

6. CBB has not sustained any damages as a result of any alleged misconduct.

Mission also contends as an affirmative defense that:

7. CBB's recovery of damage is barred, in whole or in part, by its failure to mitigate its asserted damages.

Mission has the burden of proof on this affirmative defense of mitigation of damages.

CBB denies Mission's affirmative defense, including that it is not a proper affirmative defense, and has no merit.

**Authority**: 9th Circuit Model Jury Instruction No. 1.4

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

1
2

**Instruction No. 43**

**Liability of Corporations—Scope of Authority Not in Issue**

3      Under the law, a corporation is considered to be a person.  It can only act through
4 its employees, agents, directors, or officers.  Therefore, a corporation, like Mission, is
5 responsible for the acts of its employees, agents, directors, and officers performed
6 within the scope of authority.

7      Particularly, in this case, Mission is responsible for the acts of Dustin Della,
8 Bryan Easterly, Michael Congdon, A.J. Antongiovanni, Stuart Annabele, David Brett,
9 Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza,
10 Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, Gary Gostanian,
11 Diana Wolf, Christine Rice, and any of its other employees, agents, directors, or officers
12 discussed during this trial, provided those acts took place within their scope of authority
13 to act on behalf of Mission.

14

15 **Authority**: 9th Circuit Model Jury Instruction No. 4.2

16
17
18
19
20
21
22
23
24
25
26
27
28

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 44**

**Agent and Principal—Definition**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.  The other person is called a principal. One may be an agent without receiving compensation for services, and there need not be any oral or written agreement describing the agency.

In this case, each of Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, Stuart Annabele, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, Gary Gostanian, Diana Wolf, and Christine Rice were serving as agents for Mission (the principal) during the times relevant to this case.

**Authority**: 9th Circuit Model Jury Instruction No. 4.4

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 45**

**Act of Agent is Act of Principal—Scope of Authority Not in Issue**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.  As such, any act by Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, Stuart Annabele, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, Gary Gostanian, Diana Wolf, Christine Rice, and/or any of Mission's other employees, agents, directors, or officers within the scope of their authority provided by Mission should be considered an act of Mission itself.

**Authority**: 9th Circuit Model Jury Instruction No. 4.8

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

1
2

**Instruction No. 46**

**Principal Sued but Not Agent—No Issue as to Agency or Authority**

3    Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, Stuart
4    Annabele, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis
5    Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia
6    Palacios, Gary Gostanian, Diana Wolf, Christine Rice, and any of Mission's other
7    employees, agents, directors, or officers discussed during the trial were agents of
8    Mission, and, therefore, any act or omission of these individuals was the act or omission
9    of Mission.

10

11    **Authority**: 9th Circuit Model Jury Instruction 4.10

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 47**

**Allegation of Conspiracy**

CBB has alleged that Mission was engaged in common design (also known as a "conspiracy") with at least Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, Stuart Annabele, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and/or Gary Gostanian.   This conspiracy included misappropriating CBB's Trade Secrets and other information so that Mission could use such documents and information for its own benefit, including to solicit CBB's customers and prospective customers away from CBB and to Mission.  The conspiracy further involved intentionally interfering with CBB's contracts between CBB and its customers and employees, intentionally interfering with CBB's prospective economic relationships between CBB and its customers and prospective customers, and otherwise assisting Mission to unfairly and unlawfully compete with CBB.

**Authority**: *KKMB, LLC v. Khader*, No. CV 18-5170-GW-JPRX, 2021 WL 3494643, at *10 (C.D. Cal. June 21, 2021)

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 48**

**Definition of a Conspiracy**

A civil conspiracy is a common design shared by two or more parties, whereby any/all of the parties to the conspiracy may take acts in furtherance of that common design.  A civil conspiracy is not a separate claim, but rather a method for imposing liability.  A civil conspiracy requires: (1) the formation and operation of the conspiracy between Mission and at least one of the co-conspirators; (2) conduct/acts undertaken in furtherance of the conspiracy by Mission and/or at least one of the co-conspirators; and (3) damage to CBB as a result of the that conduct/acts.

**Authority**: *Kidron v. Movie Acquisition Corp.*, 40 Cal.App.4th 1571, 1581 (1995); *KKMB, LLC v. Khader*, No. CV 18-5170-GW-JPRX, 2021 WL 3494643, at *10 (C.D. Cal. June 21, 2021) ("The elements of a civil conspiracy are 'the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design.'")

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

### Instruction No. 49

### Conspiracy – Essential Factual Elements

CBB claims that it was harmed by the conspiracy between CBB, Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, Stuart Annabele, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and/or Gary Gostanian.

A conspiracy is an agreement by two or more persons to commit a wrongful act. Such an agreement may be made orally or in writing or may be implied by the conduct of the parties.

If you find that Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, Stuart Annabele, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and/or Gary Gostanian misappropriated CBB's Trade Secrets, intentionally interfered with CBB's contractual relationships with its customers and/or employees, intentionally interfered with CBB's prospective economic relationships with its customers and/or prospective customers, negligently interfered with CBB's prospective economic relationships with its customers and/or prospective customers, and/or otherwise assisted Mission in unfairly or unlawfully competing with CBB, and that CBB was harmed as a result, then you must determine whether Mission is also responsible for the harm. Mission s responsible if:

1. Mission was aware that Della and/or other co-conspirators' identified above planned to misappropriate CBB's Trade Secrets, intentionally interfere with CBB's contractual relationships with its customers and/or employees, intentionally interfere with CBB's prospective economic relationships with its customers and/or prospective customers, negligently interfere with CBB's prospective economic relationships with its customers and/or prospective

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

customers, and/or otherwise assist Mission in unfairly or unlawfully competing with CBB; and

2. That Mission agreed with Della and/or other co-conspirators' identified above and intended that the above-describe acts be committed.

Mere knowledge of a wrongful act without cooperation or an agreement to cooperate is insufficient to make Mission responsible for the harm.

A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged coconspirators. CBB is not required to prove that Mission personally committed a wrongful act (including through any of its employees, or other agents) or that it knew all the details of the agreement or the identities of all the other participants.

**Authority**: CACI 3600

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 50**

**Ongoing Conspiracy**

If you decide that Mission joined the conspiracy to commit misappropriation of trade secrets, intentional interference with contract, intentional interference with prospective economic relations, negligent interference with prospective economic relations, and/or unfair competition, then Mission is responsible for all acts done as part of the conspiracy, whether the acts occurred before or after it joined the conspiracy.

**Authority**: CACI 3601

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 51**

**Misappropriation of Trade Secrets – Introduction**

CBB claims that it was, and is, the owner of several categories of Trade Secrets at issue in this case. This includes:

    a.  Compilations of confidential customer information;

          i.  The specific documents and trade secrets within this category include: pipeline data and reports (Ex. 122(DD0000537-538); Ex. 54 (MB20589-MB20590); Ex. 169 (MB51882-1885); Ex. 381 (MB134560-MB134563); Ex. 385 (MB05824-MB05825)); a spreadsheet showing PPP loan list (Ex. 9 (CBB_005510-CBB_005511 )); a Promo Rate Report (Ex. 10 (CBB_005610-CBB_005611)); and other documents showing compilations of customer-specific financial and personal information (including loan rates, terms, deposit pricing, fees, banking history, special requests, key contact information), excerpts of which were secretly sent by Della to Mission in emails from his personal email and in texts—all while he was still working for CBB, as reflected in documents produced by Della and Mission in this action. (Ex. 261 (DD000224); Ex. 155 (DD000226); Ex. 51 (DD000586)); Ex. 114 (DD0006968); Ex. 334 (DD0007201); Ex. 121 (DD0007352); Ex. 116 (DD0007042); Ex. 335 (DD0007324); Ex. 336 (DD0007414); Ex. 166 (DD0007541); Ex. 337 (DD0007998); Ex. 214 (DD000175)).

    b.  Credit Memos (Ex. 12 (MB06958-MB06976); Ex. 105 (DD0000006 – DD0000023); Ex. 106 (MB54229 – MB54245); Ex. 109 (DD0000031 – DD0000063); Ex. 111 (DD0000083 – DD0000113); Ex. 112 DD0000115 – DD0000165); Ex. 136 (DD6975-6993); Ex. 137 (DD0000185-201); Ex. 138 (MB37314-37329); Ex. 153 (MB083302-

12

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

083351); Ex. 156 (DD0000254-DD0000272); Ex. 213 (MB06977 –
MB06995); Ex. 219 (MB37313–37329); Ex. 220 (MB54167–54175);
Ex. 224 (MB083248–MB083264); Ex. 249 (MB083229-MB083245);
Ex. 333 (CBB-000310 – CBB-000333)); and

c. Confidential policies and procedures, including the Suncrest Bank
Loan Policy (Ex. 65B (MB54483-MB54556); Ex. 158 (DD0008397-
DD0008398); Ex. 239 (MB54560); and other policies and procedures
(Ex. 223 (DD0003191 – 3199)).

The above documents and categories are collectively referred to as "CBB's Trade
Secrets."

CBB claims that Mission misappropriated CBB's Trade Secrets, including with
assistance and coordination of Mission's co-conspirators, including Dustin Della, Bryan
Easterly, Michael Congdon, A.J. Antongiovanni, Stuart Annabele, David Brett, Lori
Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka
Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and/or Gary Gostanian..
"Misappropriation" means the improper acquisition, use, or disclosure of the trade
secrets.  CBB also claims that Mission's misappropriation caused CBB to be harmed
(both directly and indirectly) and caused Mission to be further unjustly enriched.
Mission denies these allegations.


**Authority**: CACI 4400

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 52**

**Misappropriation of Trade Secrets – Essential Factual Elements**

CBB claims that Defendant has misappropriated a trade secret, including with the assistance from, and in coordination with, Mission's co-conspirators, including Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, Stuart Annabele, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and/or Gary Gostanian. To succeed on this claim, CBB must prove by a preponderance of evidence:

1. That CBB possessed one or more of the CBB's Trade Secrets as identified and defined in the prior instruction;

2. That Mission misappropriated one or more of CBB's Trade Secrets. Such misappropriation occurred if Mission improperly acquired, used, and/or disclosed some or all of CBB's Trade Secrets; and

3. That CBB was harmed by Mission's misappropriation.

**Authority**: 18 U.S.C. § 1836(b)(1); *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020) (To succeed on a claim for misappropriation of trade secrets under the DTSA, a plaintiff must prove: (1) that the plaintiff possessed a trade secret, (2) that the defendant misappropriated the trade secret; and (3) that the misappropriation caused or threatened damage to the plaintiff.).; *Chartwell Staffing Servs. v. Atl. Sols. Grp.*, No. 819CV00642JLSJDE, 2019 WL 2177262, at *5 (C.D. Cal. May 20, 2019)18 U.S.C. § 1839(5); 18 U.S.C. § 1836(b); *Creative Writer Software, LLC v. Schechter,* No. CV2302471MWFMAAX, 2024 WL 1098759, at *2 (C.D. Cal. Feb. 8, 2024) ("To establish liability for trade secret misappropriation under the DTSA and CUTSA, the plaintiff must allege that (1) the plaintiff owned a trade secret; (2) the defendant "acquired, disclosed, or used" the plaintiff's trade secret through "improper means"; and (3) the defendant's actions damaged the plaintiff.")

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 53**

**Misappropriation of Trade Secrets—Trade Secret Defined**

All forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing may qualify as a "trade secret."

For any of these types of information to be a trade secret they must:

1. Be valuable because it is not known to other; and

2. The owner must have attempted to keep them a trade secret.

**Authority:** 18 U.S.C.A. § 1839(3); *InteliClear, LLC v. ETC Glob. Holdings, Inc.,* 978 F.3d 653, 657 (9th Cir. 2020)

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 54**

**Compilations and Customer Information as Trade Secret**

Customer lists and compilations of customer information can be trade secrets, even where the customers possesses their own confidential information.  Specifically, where an employer such as CBB has expended time and effort identifying customers with particular needs or characteristics, former employee (in this case, Della) and their new employer (in this case, Mission), are prohibited from using that information to capture a share of the market.

**Authority:**  *Sun Distrib. Co., LLC v. Corbett*, No. 18-CV-2231-BAS-BGS, 2018 WL 4951966, at *3 (S.D. Cal. Oct. 12, 2018)*; Wanke, Indus., Com., Residential, Inc. v. Keck*, 209 Cal. App. 4th 1151, 1174 (2012), *as modified on denial of reh'g* (Oct. 29, 2012) ("where the employer has expended time and effort identifying customers with particular needs or characteristics, courts will prohibit former employees from using this information to capture a share of the market."); *Chartwell Staffing Servs. Inc. v. Atl. Sols. Grp. Inc*., No. 819CV00642JLSJDE, 2019 WL 2177262, at *5 (C.D. Cal. May 20, 2019) ("The Ninth Circuit has held that a customer list qualifies as a trade secret 'because it allows a competitor ... to direct its sales efforts to those potential customers that are already' doing business with the plaintiff."); *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 521 (9th Cir. 1993); *United States v. Nosal,* 844 F.3d 1024, 1043 (9th Cir. 2016); *see also, Chartwell*, 2019 WL 2177262, at *6 (protected customer list and employee information)

1

**Instruction No. 55**

2

**Misappropriation of Trade Secret–Secrecy Requirement**

3        The secrecy required to prove that something is a trade secret does not have to be

4   absolute in the sense that no one else in the world possesses the information. It may be

5   disclosed to employees involved in CBB's use of the trade secret as long as they are

6   obligated to keep the information secret. It may also be disclosed to nonemployees if

7   they are obligated to keep the information secret.

8   **Authority**: 18 U.S.C. § 1839(3)(A); Xsolla (USA), Inc. v. Aghanim Inc., No. 2:24-CV-

9   02116-ODW (AGRX), 2024 WL 4139615, at *8 (C.D. Cal. Sept. 10, 2024) ("Neither

10  federal nor state law "require[s] ... confidential information be kept completely

11  clandestine or mandate the use of non-disclosure agreements in all instances.");

12  *InfoSpan, Inc. v. Emirates NBD Bank PJSC,* No. SACV111062JVSANX, 2015 WL

13  13357646, at *3 (C.D. Cal. May 6, 2015) ("Efforts at maintaining secrecy need not be

14  extreme, just reasonable under the circumstances.")

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 56**

**Misappropriation of Trade Secrets –Reasonable Efforts to Protect Secrecy**

A document or other piece of information need not be kept under lock and key to qualify as a trade secret, and efforts to maintain secrecy need not be extreme.  Rather, CBB must have used reasonable measures under the circumstances to protect the trade secrets from the public.  Reasonable methods may include to protect trade secrets may include, but are not limited to, can be accomplished through use of security systems, password-protecting or otherwise limiting access to electronic files, advising employees of the existence of a trade secret, and/or requiring its employees to sign confidentiality agreements, employee handbooks with confidentiality provisions, and otherwise requiring employees to maintain the trade secrets confidentially.

It is a given that a customer will have access to their own information.  The fact that CBB's customers and prospective customers may have had access to their own information, therefore, does not suggest or otherwise indicate that CBB did not use reasonable measures to keep such information confidential.

**Authority**: *InfoSpan, Inc. v. Emirates NBD Bank PJSC,* No. SACV111062JVSANX, 2015 WL 13357646, at *3 (C.D. Cal. May 6, 2015) ("Efforts at maintaining secrecy need not be extreme, just reasonable under the circumstances."); *Xsolla (USA), Inc. v. Aghanim Inc*., No. 2:24-CV-02116-ODW (AGRX), 2024 WL 4139615, at *8 (C.D. Cal. Sept. 10, 2024); *Sun Distrib. Co., LLC v. Corbett*, No. 18-CV-2231-BAS-BGS, 2018 WL 4951966, at *4 (S.D. Cal. Oct. 12, 2018) ("[I]t is a given that in any case, the customers themselves will have access to their own information. The value to the customer list is in the completeness and details of the list; the fact that each individual customer has access to its own information does not make Plaintiff's list of customers worthless. Further, Plaintiff has established it used reasonable measures to protect its information from the public. Plaintiff attests it has its "employees sign employment agreements with provisions to maintain the confidentiality of Trade Secrets [and] has a security system designed to protect its proprietary, confidential, and trade secret

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

1    information.   This requirement is therefore met."); *Morlife*, 56 Cal. App. 4th at 1523

2    (customer list protectable); *Courtesy Temp. Serv. v. Camacho*, 222 Cal. App. 3d 1278,

3    1288 (1990) (same)

**Instruction No. 57**

**Misappropriation of Trade Secrets—Independent Economic Value**

CBB's Trade Secrets must have been sufficiently valuable to give CBB an actual or potential business advantage over others who did not possess them, and who could have obtained economic value from obtaining and/or using CBB's Trade Secrets. The value to CBB need not be great, and evidence of some helpfulness or usefulness is sufficient to compel a finding of independent economic value, including that a competitor such as Mission could use CBB's Trade Secrets to market itself more effectively.

**Authority**: *Xsolla (USA), Inc. v. Aghanim Inc.*, No. 2:24-CV-02116-ODW (AGRX), 2024 WL 4139615, at *8 (C.D. Cal. Sept. 10, 2024) "To have independent economic value, a trade secret must be sufficiently valuable and secret to afford an actual or potential economic advantage over others. … This pleading standard is not high."); *Nelson Bros. Pro. Real Est. LLC v. Jaussi*, No. SACV170158DOCJCGX, 2017 WL 8220703, at *5 (C.D. Cal. Mar. 23, 2017); *Attia v. Google LLC*, 983 F.3d 420, 425–26 (9th Cir. 2020) ("When we evaluate whether disclosure of information destroyed *426 its trade secret status—i.e., its "independent economic value" from being kept secret, 18 U.S.C. § 1839(3), we "most often consider the degree to which the secret information confers a competitive advantage on its owner."

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

1

**Instruction No. 58**

2

**CBB did not consent to Mission receiving, disclosing, or using CBB's Trade**

3

**Secrets**

4      CBB contends that it did not consent to Della disclosing any of its Trade Secrets

5   to Mission or any other person outside of CBB.  Nor did CBB consent to Mission

6   receiving, disclosing, or using any of CBB's Trade Secrets.

7

8   **<u>Authority</u>**:

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**Instruction No. 59**

**Misappropriation of Trade Secrets—Misappropriation by Acquisition**

3   Mission has misappropriation CBB's Trade Secrets if it, or one or more of its co-
4   conspirator (including Dustin Della, Bryan Easterly, Michael Congdon, A.J.
5   Antongiovanni, Stuart Annabele, David Brett, Lori Carabay, Angela Dempsie, Craig
6   Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia
7   Avila, Patricia Palacios, and Gary Gostanian), acquired any of CBB's Trade Secrets and
8   knew, or had reason to know, that such acquisition was through improper means.

9
10
11   **Authority:**  18 U.S.C § 1839(5)(A)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

22

1

2

**Instruction No. 60**

**Misappropriation of Trade Secrets—Misappropriation by Disclosure**

Mission has misappropriated CBB's Trade Secrets if Mission, or one or more of its co-conspirators (including Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, Stuart Annabele, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and Gary Gostanian) shared, transmitted, showed, presented, or otherwise disclosed any of CBB's Trade Secrets to another without CBB's consent.

**Authority:** 18 U.S.C. § 1839(5)(B)

**Instruction No. 61**

**Misappropriation of Trade Secrets—Misappropriation by Use**

Mission has misappropriated CBB's Trade Secrets if it, or one or more of its co-conspirators (including Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, Stuart Annabele, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and Gary Gostanian) used any of CBB's Trade Secrets without CBB's consent after acquiring such Trade Secret through improper means.

For example, Mission's or any of its co-conspirators' review or analysis of one of CBB's Credit Memos for consideration of whether Mission would be interested in a specific loan (or indeed whether Mission would issue a specific loan) would be considered a "use."

Further, Mission's or any of its co-conspirators' review or analysis of CBB's pipeline reports or similar information, and any projections, estimates, or business plans created using such pipeline reports would also be considered a "use."

**Authority**:  18 U.S.C. § 1839(5)(B)

**Instruction No. 62**

**Misappropriation of Trade Secrets—Improper Means Defined**

"Improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of duty to maintain secrecy, or espionage through electronic or other means, including as part of a conspiracy to take information from a company and use it to compete with that company.  This includes, for example, if Mission acquired one or more of CBB's Trade Secret from one of CBB's employees or former employees who was under obligations to maintain the Trade Secrets confidentially.

<u>**Authority**</u>: 18 U.S.C. § 1839(6)

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 63**

**Misappropriation of Trade Secrets—Remedies**

If you conclude that Mission has misappropriated CBB's Trade Secrets, there are several remedies that CBB may be entitled to, which are not mutually exclusive (i.e., any one or more of these types of damages may be awarded to CBB).

1. Damages for the actual loss CBB suffered as a result of the misappropriation. This would include the profits and income CBB lost as a result of the misappropriation;

2. Damages for any unjust enrichment Mission obtained through the misappropriation. This includes the profits Mission may have obtained as a result of the misappropriation;

3. An award to CBB of a reasonable royalty for Mission's unauthorized disclosure and/or use of any of CBB's Trade Secrets; and/or

4. I may grant an injunction to prevent future misappropriation/damage to CBB.

**Authority**: 18 U.S.C. § 1836(b)(3)

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 64**

**Misappropriation of Trade Secrets—Unjust Enrichment Defined**

Mission has been unjustly enriched by misappropriating CBB's Trade Secrets if it received any value from the misappropriation.

**Authority:** 18 U.S.C. § 1836(b)(3)(B)(i)(II); *EchoSpan, Inc. v. Medallia, Inc.*, No. 22-CV-01732-NC, 2024 WL 3463967, at *3 (N.D. Cal. Jan. 17, 2024); *see also EchoSpan, Inc. v. Medallia, Inc.*, No. 22-CV-01732-NC, Dkt. No. 385 at 16 (N.D. Cal. October 30, 2023); *Monster Energy Co. v. Vital Pharms., Inc.*, No. EDCV181882JGBSHKX, 2022 WL 17218077, at *19 (C.D. Cal. Aug. 2, 2022).

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 65**

**Burden of Proof of Costs/Deductions from Mission's Revenue**

The profits CBB is entitled to recover from Mission's unjust enrichment are calculated by subtracting costs from revenue. It is Mission's burden to prove their costs that should be subtracted. You must only subtract the costs Mission has proven are applicable to the specific revenue when determining profit. If Mission has not proven specific costs, you can award the total revenue as profit.

**Authority**: RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 45 cmt. f (1995) ("[t]he plaintiff has the burden of establishing the defendant's sales; the defendant has the burden of establishing any portion of the sales not attributable to the trade secret and any expenses to be deducted in determining net profits"); *see also* 15 U.S.C.A. § 1117 (as to Lanham Act cases: "In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.").

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 66**

**Misappropriation of Trade Secrets—Exemplary Damages**

CBB has alleged a claim for trade secret misappropriation under the Federal Defend Trade Secret Act.  If you find that Mission willfully and maliciously misappropriated any of CBB's Trade Secrets you may award punitive damages in an amount not to exceed twice the amount of damages awarded for CBB's claim for trade secret misappropriation.

**Authority**: 18 U.S.C. § 1836(b)(3)(C)

**Instruction No. 67**

**Award of Attorneys' Fees for Trade Secrets Misappropriation**

CBB has alleged a claim for trade secret misappropriation under the Federal Defend Trade Secret Act.  If you find that Mission willfully and maliciously misappropriated any of CBB's Trade Secrets you may award CBB its reasonable attorneys' fees incurred in pursuing its claims.  Such award may be made even if you only award CBB with nominal damages.

<u>**Authority**</u>:  18 U.S.C. § 1836(b)(3)(D)

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 68**

**Willful and Malicious Appropriation Defined**

"Willfully" means that Mission Bank acted with a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not undertaken in good faith.

"Maliciously" means that Mission Bank acted with an intent to cause injury, or that Mission Bank's conduct was despicable and was done with a willful and knowing disregard for the rights of others.

Knowingly obtaining trade secret information in violation of a confidentiality agreement shows willfulness and malice.

**Authority**: *SPS Techs., LLC v. Briles Aerospace, Inc.*, No. CV 18-9536-MWF (ASX), *2021 WL 5785264, at *13 (C.D. Cal. Sept. 3, 2021)* ("Willful and malicious appropriation exists when an appropriator "act[s] with intent to cause injury" or in a manner that "was despicable and ... [with] a willful and knowing disregard for the rights of others. Knowingly obtaining trade secret information in violation of a confidentiality agreement shows willfulness and malice."); *EchoSpan, Inc. v. Medallia, Inc.*, No. 22-CV-01732-NC, Dkt. No. 385 at 17 (N.D. Cal. October 30, 2023).

**Instruction No. 69**

**Intentional Interference with Contract Between CBB and Its Customers –**

**Essential Elements**

BB claims that Mission and/or its co-conspirators (including Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, Stuart Annabele, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and/or Gary Gostanian) intentionally interfered with the contract between CBB and its customers. To establish this claim, CBB must prove all of the following:

1. That there was a contract between CBB and the specific customer;

2. That Mission knew of the contract, including that it may have had constructive knowledge of the contract through its co-conspirator, Della;

3. That Mission's conduct prevented performance or made performance more expensive or difficult;

4. That Mission intended to disrupt the performance of this contract, or knew that disruption of performance was certain or substantially certain to occur following Mission's conduct;

5. That CBB was harmed; and

6. That Mission's conduct was a substantial factor in causing CBB's harm.

**Authority:**  CACI § 2201

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 70**

**Intentional Interference with Contract Between CBB and Its Employees –**

**Essential Elements**

CBB claims that Mission and/or its co-conspirators (including Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, Stuart Annabele, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and/or Gary Gostanian) intentionally interfered with the contract between CBB and its employees. To establish this claim, CBB must prove all of the following:

1. That there was a contract between CBB and the specific employee;

2. That Mission knew of the contract, including that it may have had constructive knowledge of the contract through its co-conspirator, Della;

3. That Mission's conduct prevented performance or made performance more expensive or difficult;

4. That Mission intended to disrupt the performance of this contract, or knew that disruption of performance was certain or substantially certain to occur following Mission's conduct;

5. That CBB was harmed; and

6. That Mission's conduct was a substantial factor in causing CBB's harm.

**Authority:**  CACI § 2201

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 71**

**Intentional Interference with Contract – No Need for Actual Breach of Contract**

CBB need not allege an actual or inevitable breach of contract in order to state a claim for disruption of contractual relations.   Rather, intentional interference only requires interference with the contract, which may be seen in numerous ways, including if performance of the contract was made more difficult, costly, or burdensome by Mission's conduct.

**Authority**: *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1129 (1990) ("Plaintiff need not allege an actual or inevitable breach of contract in order to state a claim for disruption of contractual relations. We have recognized that interference with the plaintiff's performance may give rise to a claim for interference with contractual relations if plaintiff's performance is made more costly or more burdensome.")

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 72**

**Intentional Interference with Prospective Economic Relations—Essential Elements**

CBB claims that Mission and/or its co-conspirators (including Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, Stuart Annabele, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and/or Gary Gostanian) intentionally interfered with an economic relationship between CBB and its customers and prospective customers that probably would have resulted in an economic benefit to CBB. This includes that CBB had identified, and/or was in the process of evaluating and approving loans (and in some cases had approved loans) that CBB reasonably expected to close and obtain an economic benefit from. To establish this claim, CBB must prove all of the following:

1. That CBB and the specific customer were in an economic relationship that probably would have resulted in an economic benefit to CBB;

2. That Mission knew of the relationship, including that it may have had constructive knowldge of the relationship through its co-conspirator, Della;

3. That Mission engaged in wrongful conduct through violating federal and state statutes, including 18 U.S.C. § 1836, *et seq* for misappropriation of trade secrets and California Business & Professions Code § 17200, *et seq* for unfair and unlaws business practices, as well as conspiring to misappropriate, and misappropriating, CBB's Trade Secrets and other confidential information—including, specifically, financial information pertaining to the specific customer that had a prospective economic relationship with CBB—in order to interfere with the prospective economic relationships between CBB and its customers and prospective customers;

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

4. That by engaging in this conduct, Mission intended to disrupt the relationship, or knew that disruption of the relationship was certain or substantially certain to occur;

5. That the relationship was disrupted;

6. That CBB was harmed; and

7. That Mission's conduct was a substantial factor in causing CBB's harm.

**Authority:**  CACI § 2202

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 73**

**Prospective Economic Relation Defined**

For a prospective economic relationship to exist, there does not need to be a contract (whether oral or written) between CBB and any of the prospective customers. Rather, a prospective economic relationship exists where there was a relationship that was reasonably likely to provide CBB with a future economic benefit.  In this instance, this may include that CBB was in specific discussions/contemplation of issuing a specific loan to a specific customer, such that the loan would provide CBB with an economic benefit.  This may also include where a specific customer was expected to deposit funds with CBB.

**Authority**: *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118 (1990)*; Roth v. Rhodes*, 25 Cal.App.4th 530 (1994); *Overhill Farms, Inc. v. Lopez,* 190 Cal.App.4th 1248 (2010)*; CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099 (9th Cir. 2007).

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 74**

**Negligent Interference with Prospective Economic Relations – Essential Factual Elements**

CBB claims that Mission and/or its co-conspirators (including Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, Stuart Annabele, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and/or Gary Gostanian) negligently interfered with a relationship between CBB and CBB's customers and prospective customers that probably would have resulted in an economic benefit to CBB. To establish this claim, CBB must prove all of the following:

1. That CBB and its customers and prospective customers were in an economic relationship that probably would have resulted in a future economic benefit to CBB;

2. That Mission knew or should have known of these relationships, including that it may have had constructive knowledge of the relationships through its co-conspirator, Della;

3. That Mission knew or should have known that these relationships would be disrupted if it failed to act with reasonable care;

4. That Mission failed to act with reasonable care;

5. That Mission engaged in wrongful conduct through violating federal and state statutes, including 18 U.S.C. § 1836, *et seq* for misappropriation of trade secrets and California Business & Professions Code § 17200, *et seq* for unfair and unlaws business practices, as well as conspiring to misappropriate, and misappropriating, CBB's Trade Secrets and other confidential information—including, specifically, financial information pertaining to the specific customer that had a prospective economic relationship with CBB—in order to interfere with the prospective economic relationships between CBB and its customers and prospective customers;

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

6. That the relationships were disrupted;

7. That CBB was harmed; and

8. That Mission's wrongful conduct was a substantial factor in causing CBB's harm.

**Authority:**  CACI § 2204.

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 75**

**Damages—Proof**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the CBB on its claim for trade secret misappropriation, you must determine CBB's damages.    CBB has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  In determining the amount of damages CBB has suffered, you should consider the following:

- The customers and prospective customers CBB lost;
- The damage to CBB's relationships with its customers and prospective customers due to Mission's and its agents and co-conspirators' conduct;
- The loss of goodwill may have suffered as a result of Mission's and its agents and co-conspirators' conduct;
- The business opportunities CBB has lost through the present;
- The business opportunities that there is a reasonable probability CBB will lose in the future;
- Any unjust enrichment Mission has obtained; and
- Any other damages you find CBB has suffered for which they should be compensated.

If you find for the CBB on its claim for intentional interference with contractual relationship between CBB and its customers and/or employees, you must determine CBB's damages.  CBB has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

compensate the plaintiff for any injury you find was caused by the defendant. In determining the amount of damages CBB has suffered, you should consider the following:

- The customers and prospective customers CBB lost;
- The damage to CBB's relationships with its customers and employees customers due to Mission's and its agents and co-conspirators' conduct;
- The loss of goodwill may have suffered as a result of Mission's and its agents and co-conspirators' conduct;
- The business opportunities CBB has lost through the present;
- The business opportunities that there is a reasonable probability CBB will lose in the future;
- Any unjust enrichment Mission has obtained; and
- Any other damages you find CBB has suffered for which they should be compensated.

If you find for the CBB on its claim for intentional interference with prospective economic relationships between CBB and its customers and prospective customers, you must determine CBB's damages. CBB has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. In determining the amount of damages CBB has suffered, you should consider the following:

- The customers and prospective customers CBB lost;
- The damage to CBB's relationships with its customers and prospective customers due to Mission's and its agents and co-conspirators' conduct;

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

- The loss of goodwill may have suffered as a result of Mission's and its agents and co-conspirators' conduct;
- The business opportunities CBB has lost through the present;
- The business opportunities that there is a reasonable probability CBB will lose in the future;
- Any unjust enrichment Mission has obtained; and
- Any other damages you find CBB has suffered for which they should be compensated.

If you find for the CBB on its claim for negligent interference with prospective economic relationships between CBB and its customers and prospective customers, you must determine CBB's damages. CBB has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. In determining the amount of damages CBB has suffered, you should consider the following:

- The customers and prospective customers CBB lost;
- The damage to CBB's relationships with its customers and prospective customers due to Mission's and its agents and co-conspirators' conduct;
- The loss of goodwill may have suffered as a result of Mission's and its agents and co-conspirators' conduct;
- The business opportunities CBB has lost through the present;
- The business opportunities that there is a reasonable probability CBB will lose in the future;
- Any unjust enrichment Mission has obtained; and
- Any other damages you find CBB has suffered for which they should be compensated.

42

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority:** 9th Circuit Model Jury Instruction Nos. 5.1 & 5.2

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 76**

**Punitive Damages**

If you find for CBB, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

CBB has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that Mission's conduct, or the conduct of its agents and co-conspirators, that harmed CBB was malicious, oppressive or in reckless disregard of the plaintiff's rights.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring CBB.

Conduct is in reckless disregard of CBB's rights if, under the circumstances, it reflects complete indifference to CBB's safety or rights, or if the Mission's or its agents or co-conspirators' acts in the face of a perceived risk that its actions will violate CBB's rights under federal law.

An act or omission is oppressive if Mission injures or damages or otherwise violated the rights of CBB with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of CBB.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of Mission's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case, including third-party bank customers.

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

You may not, however, set the amount of any punitive damages in order to punish Mission for harm to anyone other than CBB in this case.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**Authority**: 9th Circuit Model Jury Instruction No. 5.5

## Instruction No. 77

## Punitive Damages – State Law Claims

If you determine that Mission and/or it's co-conspirators (intentional Dustin Della, Bryan Easterly, Michael Congdon, A.J. Antongiovanni, Stuart Annabele, David Brett, Lori Carabay, Angela Dempsie, Craig Howells, Dianis Pimentel, Jorge Espinoza, Ericka Melo, Virginia Hopper, Armidelia Avila, Patricia Palacios, and/or Gary Gostanian) intentionally interfered with CBB's contractual relationships with its customers or employees or prospective economic relationships with its customers or prospective customers, and that such interference was committed with malice, oppression, or fraud, you may award punitive damages.

"Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.

"Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

"Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

**Authority**: *Focal Point Films, LLC v. Sandhu*, No. 19-CV-02898-JCS, 2019 WL 7020209, at *12 (N.D. Cal. Dec. 20, 2019) ("[A] claim for intentional interference with prospective economic relations (which does allow for an award for punitive damages), Sandhu will be permitted to amend as to her request for punitive damages. *See Anglo-Am. Gen. Agents v. Jackson Nat. Life Ins. Co*., 83 F.R.D. 41, 45 (N.D. Cal. 1979) ("punitive damages may be awarded for the tort of intentional interference with economic relations.")."); *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1443 (9th Cir. 1990); Cal. Civ. Code § 3294

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 78**

**"Constructive Knowledge" Defined[1]**

**Authority:**

---

[1] The Parties have both reserved their rights to add and/or modify the jury instructions they are proposing.  Consistent with this agreement, CBB has additional jury instructions it intends to propose.  Mission has not yet had a chance to review these additional instructions, and so they are not included at this time.  Following the Parties further meet and confer efforts, CBB will submit these additional instructions to the Court either with as part of an updated Joint Agreed Upon Jury Instructions, or an updated Disputed Jury Instructions.

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

**Instruction No. 79**

**"Reasonable Care" Defined[2]**

**<u>Authority:</u>**

---

[2] The Parties have both reserved their rights to add and/or modify the jury instructions they are proposing.  Consistent with this agreement, CBB has additional jury instructions it intends to propose.  Mission has not yet had a chance to review these additional instructions, and so they are not included at this time.  Following the Parties further meet and confer efforts, CBB will submit these additional instructions to the Court either with as part of an updated Joint Agreed Upon Jury Instructions, or an updated Disputed Jury Instructions.

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

1
2

**Instruction No. 80**

**"Goodwill" Defined[3]**

3
4
**<u>Authority:</u>**

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

[3] The Parties have both reserved their rights to add and/or modify the jury instructions they are proposing. Consistent with this agreement, CBB has additional jury instructions it intends to propose. Mission has not yet had a chance to review these additional instructions, and so they are not included at this time. Following the Parties further meet and confer efforts, CBB will submit these additional instructions to the Court either with as part of an updated Joint Agreed Upon Jury Instructions, or an updated Disputed Jury Instructions.

49

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 81**

**Other Damages - Disgorgement[4]**

**<u>Authority:</u>**

---

[4] The Parties have both reserved their rights to add and/or modify the jury instructions they are proposing.  Consistent with this agreement, CBB has additional jury instructions it intends to propose.  Mission has not yet had a chance to review these additional instructions, and so they are not included at this time.  Following the Parties further meet and confer efforts, CBB will submit these additional instructions to the Court either with as part of an updated Joint Agreed Upon Jury Instructions, or an updated Disputed Jury Instructions.

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**

1

2

3

4    Dated:  October 11, 2024

**K&L GATES LLP**

5

By: */s/ Christina N. Goodrich*
Christina N. Goodrich
6    Ryan Q. Keech
Zachary T. Timm
7    Connor J. Meggs
Katherine M. Ramos

8

*Attorneys for Plaintiff Citizens Business Bank*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CBB'S PROPOSED DISPUTED JURY INSTRUCTIONS**